IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONROE L. COLEMAN, | ) |
|       Plaintiff, | ) |
|       v. | ) Case No. 1:06-cv-02255-RMC |
| HARLEY LAPPIN, Director, Federal Bureau of Prisons, et al., | ) |
|       Defendants. | ) |

### **DEFENDANT ELIZABETH HERMAN'S MOTION TO DISMISS**

Defendant Elizabeth Herman, Deputy Bar Counsel, Office of Bar Counsel, District of Columbia Bar[1] (hereinafter, "Defendant Herman"), through undersigned counsel, moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's Complaint against her. The grounds for this motion are fully set forth below.

### **BACKGROUND**

Plaintiff Monroe L. Coleman, a federal prisoner incarcerated in the United States Penitentiary in Terre Haute, Indiana, filed this action *pro se* under the federal Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, on December 29, 2006. Mr. Coleman seeks records related to a former Bureau of Prisons employee, as well as records pertaining to Mr. Michael Lasley and Ms. Natalie M. Combs, one of whom apparently served as his counsel in previous criminal proceedings against him in the Superior Court of the District of Columbia, and the other of whom served as his prosecutor. *See* Complaint at 1-4. Mr. Coleman has named three

---

[1] In the Complaint, Plaintiff incorrectly listed Ms. Herman's title as "Supervisor, Office of Bar Counsel."

Defendants in this lawsuit: Harley Lappin, Director of the Federal Bureau of Prisons; Defendant Herman; and the "Freedom of Information Act Office," United States Department of Justice.

Defendant Herman, who is being sued in her official capacity as an employee of the Office of Bar Counsel, is not a proper defendant in this action, and Mr. Coleman's complaint against her should be dismissed for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). First, the Office of Bar Counsel of the District of Columbia Bar ("D.C. Bar"), an arm of the District of Columbia Court of Appeals, is not a federal agency and is therefore not subject to the requirements of the federal FOIA. Second, even were the Court to liberally construe Mr. Coleman's complaint as incorporating a supplemental claim under the District of Columbia Freedom of Information Act ("D.C. FOIA"), D.C. Code § 2-531 *et seq*. (2006), such a claim would fail because the D.C. Bar is not subject to the D.C. FOIA either (it is not a "public body" within the meaning of that statute). Third, had such a supplemental claim been stated and even assuming *arguendo* that the D.C. FOIA does apply to the Office of Bar Counsel, the Rules of the District of Columbia Court of Appeals that establish the D.C. Bar expressly prohibit the public disclosure of the types of attorney disciplinary records which Mr. Coleman has requested. Finally, Ms. Herman was improperly named as a defendant in this lawsuit, and she is expressly immune from suit under the Rules of the District of Columbia Court of Appeals that establish the D.C. Bar.

## ARGUMENT

**I.    Legal Standard**

A motion to dismiss under Rule 12(b)(6) should be granted if the plaintiff "can prove no set of facts in support of [his] claim which would entitle [him] to relief." *Kowal v. MCI Commc'ns Corp*., 16 F.3d 1271, 1276 (D.C. Cir. 1994); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); Fed. R. Civ. P. 12(b)(6). Although the Court construes the complaint liberally in the

plaintiff's favor, it need not accept inferences that are unsupported by the facts set out in the complaint, nor must it accept legal conclusions cast in the form of factual allegations. *Kowal*, 16 F.3d at 1276, *citing Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979); *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In deciding a Rule 12(b)(6) motion, the court "may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Braude & Margulies, P.C. v. Fireman's Fund Ins. Co.*, No. 05-649 (RMC), 2007 WL 34794, at *3 (D.D.C. Jan. 7, 2007) (citation omitted).

## II.     The District of Columbia Bar Is Not Subject to FOIA Because It Is Not a Federal Agency

Mr. Coleman brings this lawsuit under the federal FOIA, 5 U.S.C. § 552. Complaint at 1. Generally, FOIA requires each "agency" to "make available to the public" several different types of information, unless such information is exempted under the statute. 5 U.S.C. § 552(a) (1996). Here, Defendant Herman is sued in her official capacity as an employee of the Office of Bar Counsel, to which Mr. Coleman has directed requests for "all records and/or data" in the organization's files concerning his former attorney and prosecutor, Michael Lasley and Natalie M. Combs. *See* Complaint at 2-5 and attached correspondence with the Office of Bar Counsel dated July 15, 2006. Mr. Coleman's complaint against Defendant Herman should be dismissed because the D.C. Bar is not a federal "agency" subject to the requirements of FOIA.

The D.C. Bar is an "arm of the [District of Columbia] Court [of Appeals]" created under the inherent power of that Court. *See* District of Columbia Court of Appeals Rules, District of Columbia Bar Rules, at Preamble (2007) (hereinafter, "Bar Rules").[2] The statutory

---

[2] *Available at* http://www.dcbar.org/inside_the_bar/structure/bar_rules/index.cfm. The Bar Rules create the bar and provide for its organization and administration. In particular, the Rules create a Board of Governors ("BOG") to govern the administrative function of the D.C. Bar

3

definition of "agency," for purposes of the federal FOIA, specifically *excludes* "the government of the District of Columbia." 5 U.S.C. § 551 (1996). Thus, even assuming the D.C. Bar is a governmental agency, as an adjunct of the District of Columbia courts it is excluded from coverage under the federal FOIA. Mr. Coleman's complaint against Ms. Herman should thus be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### III. The District of Columbia Bar Is Not Subject to the Requirements of the D.C. FOIA, Either

Mr. Coleman brought his complaint under the federal FOIA only, and did not allege any supplemental claim under the D.C. FOIA, D.C. Code § 2-531 *et seq*. (2006). *See* Complaint at 1. Nonetheless, should this Court construe his complaint as implicitly incorporating such a claim, it would still not entitle him to relief from Defendant Herman. The Office of Bar Counsel, by definition, is not subject to the requirements of the D.C. FOIA.

The D.C. FOIA entitles "all persons . . . to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees." D.C. Code § 2-531 (2006). This access is characterized as applying to "any public record of a *public body* . . . ." *Id*. § 2-532(a) (emphasis added). The D.C. FOIA provides no definition of a "public body" but rather incorporates by reference the definition of "public record" found in the D.C Administrative Procedure Act at D.C. Code § 2-502, which in turn references and then defines the term "public body" as: "the Mayor, an agency, or the Council of the District of Columbia." *Id*. §§ 2-539; 2-502(18); 2-502(18A).

The term "agency," which is also defined for purposes of the D.C. FOIA by reference to § 2-502, is split into "subordinate agency" and "independent agency." *Id*. §§ 2-539;

---

generally and a Board of Professional Responsibility and Office of Bar Counsel to govern the disciplinary function. *See id.* Bar Rules IV and XI, Section 4.

2-502(3). A "subordinate agency" is any "office, department, division, board, commission, or other agency of the government of the district, other than an independent agency . . . required by law or by the Mayor or the Council to administer any law or any rule adopted under the authority of a law." *Id*. § 2-502(4). An "independent agency" is "any agency of the government of the District with respect to which the Mayor and the Council are not authorized by law . . . to establish administrative procedures, *but does not include the several courts of the District . . . .*" *Id*. § 2-502(5) (emphasis added).

Assuming the D.C. Bar is a governmental agency at all, it is not a subordinate agency, *see generally* D.C. Code, Division I, Government of District (2006) (establishing several boards, commissions, districts, and authorities, all of which are subordinate executive agencies), and the D.C. Administrative Procedure Act specifically *excludes* the "courts of the District" from the definition of an independent agency. D.C. Code § 2-502(5) (2006). Because the D.C. Bar exists under the authority of the District of Columbia Court of Appeals to "make such rules as it deems proper respecting the examination, qualification, and admission of persons to membership in its bar, and their censure, suspension, and expulsion," *id*. § 11-2501, it cannot be an independent agency either.

In sum, because the D.C. Bar cannot be an "agency," and therefore a "public body," within the meaning of the D.C. FOIA, it is not subject to the requirements of that statute. Mr. Coleman is therefore not entitled to relief from Defendant Herman in her official capacity under the D.C. FOIA.

**IV.    The Rules of the District of Columbia Bar Expressly Prohibit the Public Dissemination of Disciplinary Records**

The information that Mr. Coleman seeks from Defendant Herman is wide-ranging. He seeks, *inter alia*, the following types of records regarding two individuals who

5

apparently served as his attorney and prosecutor in past proceedings in the D.C. Superior Court: "*whether grievance(s) were filed by them or against them as they worked in their individual and official capacities, [and] whether they have been under investigation(s).*" Complaint at 2 (emphasis added). Even assuming, *arguendo*, that Mr. Coleman had stated a cognizable claim and the D.C. FOIA did apply, the Bar Rules would specifically prohibit the disclosure of the type of disciplinary records encompassed by Mr. Coleman's request. In particular, Bar Rule XI, Section 17(a), provides as follows:

> Disciplinary Proceedings. Except as otherwise provided in this rule or as the Court may otherwise order, *all proceedings involving allegations of misconduct by an attorney shall be kept confidential until either a petition has been filed under section 8(c) or an informal admonition has been issued.* All proceedings before the Hearing Committee and the Board shall be open to the public, and the petition, together with any exhibits introduced into evidence, shall be available for public inspection. If an informal admonition is issued, the correspondence from Bar Counsel informing the attorney of the grounds for the admonition shall be available for public inspection. *Bar Counsel's files and records, however, shall not be available for public inspection except to the extent that portions thereof are introduced into evidence in a proceeding before the Hearing Committee.*

(emphasis added). Thus, Defendant Herman is prohibited by the Bar Rules from responding to Mr. Coleman's request.

## V. Defendant Herman is Not a Proper Defendant in this Action and Is Immune from Suit Under the Bar Rules

Defendant Herman is the Deputy Bar Counsel in the D.C. Bar's Office of Bar Counsel. She is not a proper defendant in this lawsuit. The Bar Rules expressly provide that the D.C. Bar itself can sue and be sued, so there is no need, based on sovereign immunity or otherwise, for Mr. Coleman to name any individual Bar counsel in this action. *See* Bar Rule I, Section 1 ("The Bar may, for the purpose of carrying out the purposes for which it is organized,

sue and be sued, enter into contracts, acquire, hold, encumber and dispose of real and personal property.").

Moreover, the Bar Rules further provide that bar counsel, such as Defendant Herman, are expressly immune from suit:

> <u>Immunity</u>.  Complaints submitted to the Board or Bar Counsel shall be absolutely privileged, and no claim or action predicated thereon may be instituted or maintained. Members of the Board, its employees, members of Hearing Committees, *Bar Counsel, and all assistants and employees of Bar Counsel shall be immune from disciplinary complaint under this rule and from suit for any conduct in the course of their official duties.*

Bar Rule XI, Section 19(a) (emphasis added).  Thus, irrespective of the merits of Mr. Coleman's legal arguments, Defendant Herman is not appropriately named as a defendant in this lawsuit.

## CONCLUSION

For all the foregoing reasons, Defendant Herman respectfully requests that Plaintiff's complaint against her be dismissed.

Dated: February 16, 2007

Respectfully submitted,

/s/ *Timothy K. Webster*
Timothy K. Webster (D.C. Bar No. 441297)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Counsel for Defendant Elizabeth Herman, Office of Bar Counsel

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the following individual to be served via first class mail, postage prepaid, on February 16, 2007:

Monroe L. Coleman
Reg. No. 01723-016
Terre Haute United States Penitentiary
P.O. Box 12015
Terre Haute, IN 47801

And the following individual to be served through the Court's electronic case filing system:

Alexander D. Shoaibi
Assistant United States Attorney
555 4th St., N.W. Room E4218
Washington, DC 20530

/s/ *Timothy K. Webster*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONROE L. COLEMAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) |
| | ) Case No. 1:06-cv-02255-RMC |
| HARLEY LAPPIN, Director, Federal Bureau of Prisons, et al., | ) |
| | ) |
|     Defendants. | ) |
| | ) |

## ORDER

Upon consideration of Defendant Elizabeth Herman's Motion to Dismiss, and any opposition thereto, it is hereby

ORDERED that Defendant Elizabeth Herman's Motion to Dismiss is GRANTED.

**SIGNED** this \_\_\_\_ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE

2

**NAMES OF PERSONS TO BE SERVED WITH PROPOSED ORDER UPON ENTRY**

Pursuant to LCvR 7(k), listed below are the names and addresses of all individuals entitled to be notified of the proposed order's entry.

Monroe L. Coleman
*Pro se*
Reg. No. 01723-016
Terre Haute United States Penitentiary
P.O. Box 12015
Terre Haute, IN 47801


Alexander D. Shoaibi (registered with the Court's electronic case filing system)
Assistant United States Attorney
555 4th St., N.W. Room E4218
Washington, DC 20530