UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONROE L. COLEMAN,
     Plaintiff,

    v.                            Civil Action No. 06-2255(RMC)

HARLEY LAPPINS,
Director, Bureau of Prisons, et al.
     Defendants.

### PLAINTIFF'S OPPOSITION ALONG WITH OPPOSING THE FEDERAL DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME

COMES NOW Monroe L. Coleman, pro se, requesting this Honorable
Court to reject by denying the defendants' an unnecessary extended
of time due to the defendants having in their possession information
long sought by plaintiff concerning the firing of former bureau
of prisons employee Mrs. Kimberly Moore due to her unprofessional
misconduct that led to her removal as a bureau of prisons employee.

    Plaintiff challenges here and now the defendants' dispositive
lmotion that will be fictitious and unable to conceal the **retalia-
tory acts committed** by prison officials.  Furthermore, the defendants
of the bureau of prisons namely Harley Lappins is and was aware
that Mrs. Kimberly Moore was under investigation by the bureau
of prisons officials known as "SIS" (Special Investigative Service)
prior to plaintiff calling Mrs. Kimberly Moore an adulteress for

RECEIVED

MAR 0 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

her involvement with another bureau of prisons employee named
Mr. Burke.

Thus, it was no secret to prison officials of her wrongfully
involvement with Mr. Burke while on the job.  And once plaintiff
became aware and witnessed those wrongful acts of Mrs. Kimberly
Moore due to plaintiff not wanting to be harassed and labelled
as a "snitch" he kept his mouth shut but once Mrs. Kimberly Moore
knew that plaintiff knew of her misbehavior with Mr. Burke she
then retaliated against plaintiff by intentionally and persuadingly
sexually pat searching plaintiff which he refused to accept her
reason.  That is when she retaliated against plaintiff by filing
a bogus disciplinary report which prison officials were aware
of the inappropriate acts committed by Mrs. Moore but allowed
the disciplinary report to stand against plaintiff for reasons
which he believe due to him calling a white woman an adulteress,
plaintiff is dark hue, a prisoner, and without rights under their
authority.  The disciplinary report was erroneous and based on
a clear cover-up of retaliation.

Therefore, plaintiff wishes this Honorable Court will accept
this pro se motion as a cry for justice by denying the defendants'
extension of time motion as well as the dispositive motion.  But
first, plaintiff requests that this Honorable Court order the
same above named defendant to provide the court with any and all

-2-

information concerning Mrs. Kimberly Moore especially information that is not limited but included for reviewing under 5 U.S.C. Sections 552 and 552. Thereafter, this Honorable Court can make a summary decision whether the disclosure information is relevant from plaintiff support his claim to have the disciplinary report expunged from his institutional jacket.

Also, enclosed is a copy of plaintiff's position alleging retaliation, harassment, and sexual harassment claims as to why the Freedom of Information request is being made.

Respectfully submitted,

Monroe L. Coleman-Bey, Pro Se
#01723-016

## CERTIFICATE OF SERVICE

I, Monroe L. Coleman-Bey, hereby states that a true copy of the foregoing motion has been mailed to the AUSA's Office of Alexander D. Shoaibi, at 501 Third Street, N.W., Rm E-4218, Washington, D.C 20530, on this 23rd day of February, 2007.

Respectfully submitted,

Monroe L. Coleman-Bey, Pro Se
#01723-016    U.S. Penitentiary
P.O. Box 12015
Terre Haute, IN 47801

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONROE L. COLEMAN,
        Plaintiff,

        v.                              Civil Action No. 06-2255(RMC)

HARLEY LAPPINS,
Director, Bureau of Prisons, et al.
        Defendants.

ORDER

Upon the motion of the Plaintiff, and the Court being sufficient-
ly advised,

IT IS HEREBY ORDERED that the Plaintiff's motion for Opposition
and Opposing the Federal Defendants' Motion For Enlargement of
Time is GRANTED.  The Plaintiff, for purposes of his defense efforts
herein, may have the Freedom of Information disclosed to him due
to this Court's reviewing of the information which it has determine
that the relevancy of Kimberly Moore's investigative results be
used to help support plaintiff's allegations of retaliation committed
by bureau of prisons officials who knew of Kimberly Moore's inappro-
priate misconduct with another bureau of prisons employee during
BOP working hours which is prohibited on the job.

Any and all relevant information, documents and records
of or pertaining to Kimberly Moore, which would otherwise be covered
by the provision of 5 USC Freedom of Information Section 552 or

any other federal, state, local or other law and regulation.

This the _____ day of February, 2007.


_____
UNITED STATES DISTRICT JUDGE



Monroe L. Coleman, Plaintiff
#01723-016
U.S. Penitentiary
P.O. Box 12015
Terre Haute, IN 47801


Alexander D. Shoaibi, AUSA
555 4th Street, N.W.
Room #4218
Washington, D.C. 20530

-2-

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

Civil Action No.

Monroe L. Coleman,

Petitioner,

v.

Mark Bezy, Warden.

---

**PETITION FOR WRIT OF HABEAS CORPUS**
**PURSUANT TO 28 USC SECTION 2241(a)(1) and (3)**

---

**NOW COMES** the petitioner, Monroe L. Coleman, in pro se, pursuant to Title 28 USC Section 2241(a)(1) and (3), and hereby respectfully move for this Honorable Court to issue a writ of habeas corpus. In support thereof, petitioner states as follows:

**JURISDICTION**

1. This court has jurisdiction to entertain the instant petition pursuant to Title 28 USC Section 2241(a)(1) and (3).

Specifically, section 2241(a)(1) and (3) provides in relevant part:

"**§ 2241.        Power to grant writ**
**(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.**

**1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof;**

**(3) He is in custody in violation of the Constitution or laws or treaties of the United States ...**

See generally, Cervantes De Hernandez v. Chertoff, 368 F. Supp. 2d 896, 905 (7th Cir. 2005).**

**STATEMENT OF THE CASE**

2. Petitioner is currently serving a 44 to life sentence based on a judgment order of the District of Columbia Superior Court entered in approximately 1987. The sentence resulted in a jury finding of guilt on the following criminal charges: Aiding and Abetting First Degree Felony Murder; Armed Robbery; Assault With Intent Rob While Armed, and Attempted Arm Robbery.

3. Petitioner has been in continuous custody of Attorney General since sentencing in 1987.

4. On or about June 14, 2005, Kimberly Moore, FWS, an employee of the Federal Bureau of Prisons ("BOP"), at the United States Penitentiary Big Sandy, Kentucky, wrote an Incident Report against petitioner alleging the following:

*"On 06-14-05 at approximately 3:15 while conducting pat searches in UNICOR, I instructed Inmate Coleman...to turn around so that I could conduct a pat search. He hesitated and walked towards Foreman Tacket to be pat searched. I than gave Inmate Coleman a direct*
*order to come over so that I could perform the pat search. He stated that he did not want me to put my hands on him. At that point, I escorted Inmate Coleman to the office to counsel him on pat down procedures. Inmate Coleman stated in a threatening tone that he did not want my adulteress hands to be placed on him. He also stated that my hands were to dirty to touch him. He proceeded to say that he knew that Mr. Burke and myself were seeing each other. As leaving the office he stated in front of several inmates and staff the {comment} about not wanting my adultress hands on him. Prior to this particular event, I had {already} counseled Inmate Coleman for refusing pat down procedures"*

*Id., Exhibit A hereto (emphasis in original).*

5. On June 15, 2005, @ approximately 10:08 AM, G. Waher, an employee of the BOP at the United State Penitentiary Big Sandy, Kentucky delivered a copy of the Incident in question to petitioner. id.

6. On or about June 18, 2005, petitioner was seen by the Unit Disciplinary committee ("UDC") and said UDC members made the following findings:

*"Inmate admitted to making the statement to Ms. Moore...Inmate's own admission and the information provided in the body of the incident report...Committee action:Change of Jobs; 30 days loss of commissary; 30 days loss of phone privileges to start 6/18/2005 end 7/17/2005"*

*id.*

7. On various dates, petitioner fully exhausted his available administrative remedies challenging the disciplinary actions taken against him resulting in the incident report mentioned supra., which included sexual harrassment, retaliation and violations of his First Amendment Rights.

*See, Exhibits 1 Thru 52.*

8. Each and all administrative remedies were categorically denied.

## CLAIMS FOR RELIEF

9. The charges that were logged against petitioner were a direct result of BOP employee Kimberly Moore's sexuel harrassment and retaliation against petitioner. Furthermore, said disciplinary action violated petitioner's right to Freedom of Speech in violation of the First Amendment of the United States Constitution.

## REQUESTED RELIEF

10. That this Honorable Court enter an order directing that the BOP expunge the violative disciplinary reports from petitioner's institutional disciplinary record forthwith or show cause why such relief should not be granted.

# ARGUMENT

### "FREEDOM OF SPEECH MAYBE CONSIDERED LIBERTY OF SPEECH"

The First Amendment embraces two concepts:  Freedom to believe and Freedom to act.  The First is absolute, but in the nature of things, the second cannot be absolute, since conduct remains subject to regulation for the protection of society.

Petitioner use of the word "adulterous"" was not said for present danger but due to Mrs. Kimberly Moore fondling with Mr. Burke's genitals on several occasions in view of petitioner and others.

E.G., on free speech as well as liberty of speech-hypothetically, if petitioner saw to people of the same sex making out with each other then decides to say "you're a homosexual." Does petitioner has a First Amendment Right to say that when he had witnessed the wrongful act committed by those two people?

When the effect of a statute, [Bureau of Prisons Regulation], or ordinance upon which an employee violates either, the exercise of First Amendement freedom of speech appears to have been violated (if mentioning those actions) and the public interest to be protected is substantial, a rigid test requiring a showing of imminent danger to the security of the nation is an absurdity.

When particular conduct as that of Mrs. Kimbely Moore violates any employment integrity standards that are governed by Bureau of Prisons Policy 3420.09, the interest of public order may be adhered but when the actions of an employee shows disgrace not only indulging with staff but with prisoner(s) to whom she was employed to protect, the regulation then becomes abridgement of free speech, and the duty of the courts is to determine which of these two conflicting interests demands the greater protection under the particular circumstances presented.

Wherefore, all premises considered, petitioner prays that the relief requested herein-above is granted.

Respectfully submitted this 27 day of July, 2006, at United States Penitentiary, Terre Haute, Indiana.

_____

Monroe L. Coleman, Petitioner

September 5th, 2006

Indiana Legal Services, Inc.
Curry Building, 2nd Floor
242 West Seventh Street
Bloomington, Indiana 47404

     Re:  Drug Offence without Quantity
            Spelled out in the Indictment

Dear Indiana Legal Services, Incorporation:


    In the District of Columbia during 1983, the enclosed indict-
ment shows that the quantity was not mentioned as in Apprendi
analysis on the theory tht the dramatically tiered sentences for
increasing quantities of illegal drugs -- did not amount to the
level to enhance the "core" statutory maximum, which the District
of Columbia used Section 33-541(a)(1)(1988) for indicting purpose
but en hanced the sentence under D.C. Code Section 23-104a.

    Questions:  1) Was the quantity required under that old law
statute to be mentioned in the indictment?  2) Under that old
law, was there a required amount to establish possession to be
charged with intent to distribute in the District of Columbia?
And 3) whether the enclosed indictment apprise the defendants
on how to prepare his defense?

    Now, it is not clear whether Apprendi would apply in this
particular case when the sentence was enhanced due to prior con-
victions which the jury was not informed that the sentence will
be enhanced.  In United States v. Pease, 240 F.3d 938,943 (11th
Cir. 2001), that court agreed that Pease had established plain
error review because the statute maximum was twenty years, and
that drug quantity is an element of the offense and must be charged
in the indictment and proven to a jury beyond a reasonable doubt.

    Since the old law legal material isn't available here, see
what your research can find on whether §33-541(a)(1) establish
a certain quantity to be placed in the indictment?

    Please note, the same trial counsel mentioned in the habeas
petition in the other matter received by you represented this
trial, which he refused to preserve the entire sentencing pro-
ceeding for appellate review.  See Coleman v. United States, 628
A.2d 1005 (D.C. App. 1993).  I.e., challenging the sufficiency
of the indictment or its proof of quantity especially before and

cont'd page 2.

and after testing the drug for trial.

The sentencing court used two prior armed robberies; no prior drug offense existed.  Therefore, it might be possible to have the sentence revised by raising an Apprendi problem.  See United States v. Meshack, 225 F.3d 556,578 (5th Cir. 2000).  A decision in that same court held that the "implicit" rationale for vacating and remanding sentences in light of Apprendi was the fatal omission of the quantity of drugs, now an element of the drug trafficking crime, from the indictment.  Gonzalez, 259 F.3d 355 (5th Cir. 2001); where the indictment omitted the element of drug quantity, for such a situation must invariably result in reversible error in the sentence.  See United States v. Cabrera-Teran, 168 F.3d 141,143 (5th Cir. 1999).  In McCoy v. United States, 266 F.3d 1245,1249 (11th Cir. 2000), indictment failed to alleged specific drug quantity * * *.

While Gonzalez may have properly interpreted the court's attachment to precision in indictments, Apprendi expressly declined to deal with the constitutional implication of the sufficiency of the indictment.  120 S. Ct. at 2356, n.3.

I am uncertain whether to file and attack these issues but will carefully read your researched information on that particular matter.  Also, afterward, the sentencing statute has changed to a lesser penalty.  However, as said before, I am uncertain whether to contest such an issue as a Pro Se litigant, but you may send me the exact criminal form (cut & paste) to file in the District of Columbia Superior Court.  And bear in mind, there will be no mistakes mentioned on behalf of you for any assistance you render unto these matters.

Finally, the legal problems or legal assistance for researching requires an investigator which you do not offer, but if you will go on-line to see whether Legal Pro Bono Investigators are available, or investigators that can be hired on a contingent fee, please mailed to me the necessary information.

Once more, your time and support in these matters are truly appreciated and well honored.  Thank you!

Sincerely yours,

Monroe LaVelle Coleman
#01723-016, USP Terre Haute
P.O. Box 12015
Terre Haute, IN 47801

SUPERIOR COURT

OF THE

DISTRICT OF COLUMBIA

CLERK OF
SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA
FELONY BRANCH

OCT 12  5 06 PM '83

Holding a Criminal Term

FILED

Grand Jury Sworn in on August 19, 1983

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | : | Criminal No: *F-55 75 83* |
| v. | : | Violation: 33 D.C. Code 541(a)(1) |
| JAMES DIXON, JR.<br>MONROE L. COLEMAN<br>LAWRENCE W. ANDERSON<br>WILLIAM E. MONTGOMERY | : | (Unlawful Possession with Intent<br>to Distribute a Controlled<br>Substance) |

The Grand Jury charges:

On or about September 28, 1983, within the District of Columbia,

James Dixon, Jr., Monroe L. Coleman, Lawrence W. Anderson and William E.

Montgomery did unlawfully, knowingly, and intentionally possess with

intent to distribute a quantity of diacetylated morphine, that is,

heroin, a Schedule I narcotic controlled substance.  (Unlawful Possession

with Intent to Distribute a Controlled Substance, in violation of 33

D.C. Code, Section 541(a)(1))

*Stanley S. Harris /RT*
Attorney of the United States in
and for the District of Columbia

A TRUE BILL:

*Diane L. Douglas*
Foreman.

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

Civil Action No.

Monroe L. Coleman,

Petitioner,

v.

Mark Bezy, Warden.

---

## PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 USC SECTION 2241(a)(1) and (3)

---

**NOW COMES** the petitioner, Monroe L. Coleman, in pro se, pursuant to Title 28 USC Section 2241(a)(1) and (3), and hereby respectfully move for this Honorable Court to issue a writ of habeas corpus. In support thereof, petitioner states as follows:

### JURISDICTION

1. This court has jurisdiction to entertain the instant petition pursuant to Title 28 USC Section 2241(a)(1) and (3).

Specifically, section 2241(a)(1) and (3) provides in relevant part:

"**§ 2241.        Power to grant writ**
**(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.**

**1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof;**

**(3) He is in custody in violation of the Constitution or laws or treaties of the United States ...**

**See generally, Cervantes De Hernandez v. Chertoff, 368 F. Supp. 2d 896, 905 (7th Cir. 2005).**

### STATEMENT OF THE CASE

2. Petitioner is currently serving a 44 to life sentence based on a judgment order of the District of Columbia Superior Court entered in approximately 1987. The sentence resulted in a jury finding of guilt on the following criminal charges: Aiding and Abetting First Degree Felony Murder; Armed Robbery; Assault With Intent Rob While Armed, and Attempted Arm Robbery.

3. Petitioner has been in continuous custody of Attorney General since sentencing in 1987.

4. On or about June 14, 2005, Kimberly Moore, FWS, an employee of the Federal Bureau of Prisons ("BOP"), at the United States Penitentiary Big Sandy, Kentucky, wrote an Incident Report against petitioner alleging the following:

*"On 06-14-05 at approximately 3:15 while conducting pat searches in UNICOR, I instructed Inmate Coleman...to turn around so that I could conduct a pat search. He hesitated and walked towards Foreman Tacket to be pat searched. I than gave Inmate Coleman a direct*
*order to come over so that I could perform the pat search. He stated that he did not want me to put my hands on him. At that point, I escorted Inmate Coleman to the office to counsel him on pat down procedures. Inmate Coleman stated in a threatening tone that he did not want my adulteress hands to be placed on him. He also stated that my hands were to dirty to touch him. He proceeded to say that he knew that Mr. Burke and myself were seeing each other. As leaving the office he stated in front of several inmates and staff the {comment} about not wanting my adultress hands on him. Prior to this particular event, I had {already} counseled Inmate Coleman for refusing pat down procedures"*

*id., Exhibit A hereto (emphasis in original).*

5. On June 15, 2005, @ approximately 10:08 AM, G. Waher, an employee of the BOP at the United State Penitentiary Big Sandy, Kentucky delivered a copy of the Incident in question to petitioner. id.

6. On or about June 18, 2005, petitioner was seen by the Unit Disciplinary committee ("UDC") and said UDC members made the following findings:

*"Inmate admitted to making the statement to Ms. Moore...Inmate's own admission and the information provided in the body of the incident report...Committee action:Change of Jobs; 30 days loss of commissary; 30 days loss of phone privileges to start 6/18/2005 end 7/17/2005"*

*id.*

7. On various dates, petitioner fully exhausted his available administrative remedies challenging the disciplinary actions taken against him resulting in the incident report mentioned supra., which included sexual harrassment, retaliation and violations of his First Amendment Rights.

*See, Exhibits 1 Thru 52.*

8. Each and all administrative remedies were categorically denied.

## CLAIMS FOR RELIEF

9. The charges that were logged against petitioner were a direct result of BOP employee Kimberly Moore's sexual harrassment and retaliation against petitioner. Furthermore, said disciplinary action violated petitioner's right to Freedom of Speech in violation of the First Amendment of the United States Constitution.

## REQUESTED RELIEF

10. That this Honorable Court enter an order directing that the BOP expunge the violative disciplinary reports from petitioner's institutional disciplinary record forthwith or show cause why such relief should not be granted.

# ARGUMENT

**"FREEDOM OF SPEECH MAYBE CONSIDERED LIBERTY OF SPEECH"**

The First Amendment embraces two concepts:  Freedom to believe and Freedom to act.  The First is absolute, but in the nature of things, the second cannot be absolute, since conduct remains subject to regulation for the protection of society.

Petitioner use of the word "adulterous"" was not said for present danger but due to Mrs. Kimberly Moore fondling with Mr. Burke's genitals on several occasions in view of petitioner and others.

E.G., on free speech as well as liberty of speech-hypothetical, if petitioner saw to people of the same sex making out with each other then decides to say "you're a homosexual." Does petitioner has a First Amendment Right to say that when he had witnessed the wrongful act committed by those two people?

When the effect of a statute, [Bureau of Prisons Regulation], or ordinance upon which an employee violates either, the exercise of First Amenadement freedom of speech appears to have been violated (if mentioning those actions) and the public interest to be protected is substantial, a rigid test requiring a showing of imminent danger to the security of the nation is an absurdity.

When particular conduct as that of Mrs. Kimbely Moore violates any employment integrity standards that are governed by Bureau of Prisons Policy 3420.09, the interest of public order may be adhered but when the actions of an employee shows disgrace not only indulging with staff but with prisoner(s) to whom she was employed to protect, the regulation then becomes abridgement of free speech, and the duty of the courts is to determine which of these two conflicting interests demands the greater protection under the particular circumstances presented.

   *Wherefore, all premises considered, petitioner prays that the relief requested herein-above is granted.*

   *Respectfully submitted this 27 day of July, 2006, at United States Penitentiary, Terre Haute, Indiana.*

                                        _____
                                        **Monroe L. Coleman, Petitioner**

September 17, 2006

Richard W. Schott
Regional Counsel
U.S. Government
Federal Bureau of Prisons
Federal Medical Center
3301 Leestown Road
Lexington, Kentucky 40511-8799

      Re:   Administrative Tort Claim Number TRT-MXR-2005-04397
             Amending Tort Claim Amount From $248.90 to $20,000.00

Dear Counsel:


    This letter is to inform your office that the undersign is re-
questing and filing a new Tort Claim amount in the above Administra-
tive Claim matter or your office may submit the enclosed Tort form
as an initial complaint or amended complaint number and amount.

    Therefore, the Federal Court will have jurisdiction to entertain
the civil complaint based on jurisdiction.  So, please send to the
undersign your immediate response.  Thank you for your time and assis-
tance in this matter.



Sincerely yours,

Monroe LaVelle Coleman
Reg. No. 01723-016
US Penitentiary
P.O. Box 12015
Terre Haute, IN 47801

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| RICHARD W. SCHOTT<br>REGIONAL COUNSEL-F.B.O.Ps.<br>FEDERAL MEDICAL CENTER<br>3301 LEESTOWN ROAD, LEXINGTON,KY<br>40511-8799 | MONROE LAVELLE COLEMAN,#01723-016<br>P.O. BOX 12015-USP TERRE HAUTE<br>TERRE HAUTE, IN 47801 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. or P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☐ CIVILIAN | 12-29-56 | DIVORCE | 6/14/05 - 6/15/05 * * * | 3:15pm |

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

PRISONER SUBJECTED TO SEXUAL HARASSMENT, RETALIATION, DEPRIVATION OF FIRST AMENDMENT/LIMITED FIRST AMENDMENT RIGHT FREE SPEECH, ARE ACTS WRONGFULLY COMMITTED BY BUREAU OF PRISONS OFFICIALS AND FORMER EMPLOYEE KIMBERLY MOORE. ALL OCCURRING ON OR DURING 2005 - 2006.

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

n/a

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

n/a

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

CONSTITUTIONAL RIGHT VIOLATION, DEPRIVATION OF CONST. RIGHT; RETALIATION, AND SEXUAL HARASSMENT

**11. WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| PRISON UNICOR CAMERA, MR. ABBOTT, MRS. STACY, MR. MORGAN, INMATES,INVST'N RPTR. | U.S. Penitentiary - Big Sandy<br>P.O. Box 2068<br>Inez, Kentucky 41224 |

**12.** (See instructions on reverse) **AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
|  | $20,000.00 |  | 0.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
|  | n/a | 9/17/06 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

September 17, 2006

Richard W. Schott
Regional Counsel
U.S. Government
Federal Bureau of Prisons
Federal Medical Center
3301 Leestown Road
Lexington, Kentucky 40511-8799

     Re:   Administrative Tort Claim Number TRT-MXR-2005-04397
           Amending Tort Claim Amount From $248.90 to $20,000.00

Dear Counsel:


   This letter is to inform your office that the undersign is re-
questing and filing a new Tort Claim amount in the above Administra-
tive Claim matter or your office may submit the enclosed Tort form
as an initial complaint or amended complaint number and amount.

   Therefore, the Federal Court will have jurisdiction to entertain
the civil complaint based on jurisdiction.  So, please send to the
undersign your immediate response.  Thank you for your time and assis-
tance in this matter.



Sincerely yours,

Monroe LaVelle Coleman
Reg. No. 01723-016
US Penitentiary
P.O. Box 12015
Terre Haute, IN 47801

Exhibits

1—50

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**

*surgen I for and*
*for respone !  (sal)*
*6/10/05*

**FEDERAL BUREAU OF PRIS**

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| Wisseland. S. R. Hastings | 6-10-05 USP 277-0 |
| FROM: Colemson Bey, M. | REGISTER NO.: 01723-016 |
| WORK ASSIGNMENT: Unicor | UNIT: B1  II 510 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action be
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

Why are BP 8 OR 8.5 (Administra-
tive Remedy complaint) is not
Answered nor copies of such com-
plaint is given to the inmate?
Without the reply from the informan
complaint, may slow the processing
of the administrative complaint.
Therefore, it is Requested that
a copy be provided to the inmate
when there is no Reply given from
prison officials.
CC: Inmate File              CC: Ct File

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
| B. Faithro Arline Wadins Secretary | 7-26-05 |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 8

BP-S288.052 INCIDENT REPORT FRM
MAY 1994
U.S. DEPARTMENT OF JUSTICE

135170 ew
1351770

FEDERAL BUREAU OF PRISONS

**Part I - Incident Report**

| 1. Name Of Institution: | | | |
|---|---|---|---|
| 2. Name Of Inmate<br>Monroe L. Coleman | 3. Register Number<br>01723-016 | 4. Date Of Incident<br>06/14/05 | 5. Time<br>03:15 P.M. |
| 6. Place Of Incident<br>UNICOR FACTORY | 7. Assignment<br>UNICOR ORDLY | 8. Unit<br>B-1 | |

9. Incident: Insolence toward staff member (312)

11. Description Of Incident (Date: 06/15/05 Time: 03:15 P.M. Staff become aware of incident)

On 06-14 05 at approximately 3:15 while conducting pat searches in UNICOR, I instructed Inmate Coleman, Registration # 01723-016, to turn around so that I could conduct a pat search. He hesitated and walked towards Foreman Tacket to be pat searched. I then gave Inmate Coleman a direct order to come over so that I could perform the pat search. He stated that he didn't want me to put my hands on him. At that point, I escorted Inmate Coleman to the office to counsel him on pat down procedures. Inmate Coleman stated in a threatening tone that he did not want my adulteress hands to be placed on him. He also stated that my hands were to dirty to touch him. He proceeded to say that he knew that Mr. Burke and myself were seeing each other. As leaving the office he stated in front of several inmates and staff the commit about not wanting my adulteress hands on him. Prior to this particular event, I had all ready counseled Inmate Coleman for refusing pat down procedures.

| 12. Signature Of Reporting Employee<br>*Kimberly Moore* | Date And Time<br>06/15/05<br>06:45 a.m | 13. Name And Title (Printed)<br>Kimberly Moore, FWS |
|---|---|---|
| 14. Incident Report Delivered To Above Inmate By<br>G.WAHER | 15. Date Incident<br>Report Delivered<br>6-15-05 | 16. time Incident<br>Report Delivered<br>1008Am |

**Part II - Committee Action**

17. Comments Of Inmate To Committee Regarding Above Incident

Inmate admitted to making the statement to Ms. Moore.

18. A. It Is The Finding Of The Committee That You: _____ Committed The Following Prohibited Act.

_____ Did Not Commit A Prohibited Act.

B. _____ The Committee Is Referring The Charge(s) To The DHO For Further Hearing.
C. _✓_ The Committee Advised The Inmate Of Its Finding And Of The Right To File An Appeal Within ~~15~~ 20 Calendar Days.

19. Committee Decision Is Based On The Following Information

Inmate's own Admission And the information provided IN the body of the Incident Report

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act) Change of Jobs

30 days Loss of comm. 30 days Loss of Phone privileges to ~~Star~~ Start 6/18/2005 End 7/17/05

This is the copy from Mr._____ 7-12-05

21. Date And Time Of Action _____ (The UDC Chairman's Signature Next To
His Name Certifies Who Sat On The UDC And That The Completed Report Accurately Reflects
The UDC Proceedings.)

*M. Roberts /M. Roberts*                    *M.D. Clian*

Chairman (Typed Name/signature)    Member (Typed Name)    Member (Typed Name)

Record Copy - Cent      File Record;  Copy - DHO;  Copy - Inmate After UDC Action;  Copy -
Inmate Within 24 H     s Of Part I Preparation
(This Form Ma  Be      licated Via WP)                    Replaces BP-288(52) Of Jan 88

| Pa  t I]  Investigation | 22. Date And Time Investigation Began<br>6-15-2005/1008am |
|---|---|

23. Inmate Advis    Right To Remain Silent: You Are Advised Of Your Right To Remain
Silent At All Stag  s Of The Disciplinary Process But Are Informed That Your Silence May
Be Used To Draw An Adverse Inference Against You At Any Stage Of The Institutional
Disciplinary Process.  You Are Also Informed That Your Silence Alone May Not Be Used To
Support A Finding That You Have Committed A Prohibited Act.

The Inmate Was Advised Of The Above Right By Gary Waher, Jr. At (Date/time) 6-15-2005/1008

24. Inmate Statement And Attitude: Inmate had a good attitude. Inmate stated "Mrs.
Moore's hands were filthy and he asked her if Mr. Tacker could shake me down. I didn't
mean no disrespect, and I did not say nothing about her and Mr. Burke."

25. Other Facts Al   it The Incident, Statements Of Those Persons Present At Scene,
Disposition of Ev    nce, Etc.

26. Investigstor    omments And Conclusions
     Based on t    ritten report and inmates statement I am referring this incident
report to UDC

27. Action Taken

Forward report to UDC for sanctions

Date And Time Investigation Completed    6-15-2005/1020am

Printed Name/signature Of Investigator Gary Waher, Jr.

Signatur                              Activities Lieutenant
                                      Title

BP 9                          Request For Adm. Remedy

U.S. Dept of Justice

**3**

Fr: <u>Coleman-Bey, M.</u>        <u>01723-016</u>    <u>B1</u>    <u>BSy</u>
   Last Name, Middle Initial        Reg. No.        Unit    Unit

Appeal                                  July 6, 2005

   I Have a First Amendment Right. to
Freedom of Speech and Religious practice.
According to my religious belief and
practice of the Holy Bible (Sirach 23: 22-
27) those words of "you are an adult-
erous" are not violative to be considered
insolence as charged in the disciplinary
report that I was charged with, especial-
ly when I witnessed Mrs Moore
fraternizing with Mr Burke on the
stairway.
   In Sirach 23: states in the first
place she has broken the laws of the

Cont'd Page 2.

High. In the second place she has
wrong her husband. And in the
third place she has made a   *   of
herself by committing an adultry....

BP-229(13)
July 2005

Respectfully,

MONROE L. Coleman Bey
01723-016

Affidavit/Declaration

I, MONROE L. Coleman-Bey did witness
MRS. Moore and Mr. Burke on the
stairway of Unicor fraternizing, on,
around, or during the month of June,
2005.
I, MONROE L. Coleman-Bey, swear the
above is true and correct to my know-
ledge.                        Respectfully,



U.S. Department of Justice
Federal Bureau of Prisons

*United States Penitentiary - Big Sandy*



---

Office of the Warden

P.O. Box 2067
Inez, Kentucky 41224

July 18, 2005


**MEMORANDUM FOR COLEMAN, MONROE**
                **REG. NO. 01723-016 - B/1 UNIT**

**FROM:**              Suzanne R. Hastings, Warden

**SUBJECT:**      Inmate Request to Staff Response


This is in response to your Inmate Request to Staff dated
June 10, 2005 in which you request to know why your complaint was
not answered and why you are not allowed to receive a copy of the
BP-8 Informal Resolution response.

Program Statement 1330.13, <u>Administrative Remedy Program</u>, Section
7 (a) Informal Resolution, provides that each Warden shall
establish procedures to allow for the informal resolution of
inmate complaints.  It also states that an inmate should present
an issue of concern informally to staff first and staff should
attempt to informally resolve the issue before an inmate submits
a Request for Administrative Remedy.  Additionally, Section 8 (b)
of this Program Statement provides that staff should counsel the
inmate that informal resolution is ordinarily required; however,
the inmate may by-pass informal resolution for valid reasons.
Policy does not dictate a form for use in the informal resolution
process. However, to ensure that these steps take place, we
utilize the Attempt at Informal Resolution form (known as a BP-
8). This form is to document staff's attempts to informally
resolve your issue and ensure that staff indicate your reasons
for non-resolution of your complaint.  You will receive a copy of
this form with your completed BP-9 response if you do not
informally resolve your complaint.  If you do informally resolve
your complaint, then you will receive a copy of the form after
you sign it.  You do not get a copy of the form until the
completion of the Administrative Remedy Process.

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

**From:** Coleman Bey, Monroe L.   01723-016   B1   Big Sandy
          LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.      UNIT      INSTITUTION

**Part A– INMATE REQUEST** Appeal   I Have A 1st Amendment Right to Freedom of Speech And Religious practice. According to my religious belief and practice of the Holy Bible (Sirach 23: 22-27) those words of "You are an adulterous" are not violative to be considered insolence as charged in the disciplinary report that I was charged with, especially when I witnessed Mrs Moore fratenizing with Mr Burke on the stairway. In Sirach 23: states in the first place she has the laws of the High. In the second place she Has wrong her Husband. And in the third place she has made a _____ of Herself by comm[itt]ing an Adultry.... (Due to just coming out of SHU when counselor or case manager wasn't available).

7-20-05
DATE

C. Bey, al.
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____
DATE

_____
WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**

CASE NUMBER: 385189-F1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____
DATE

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**

**FEDERAL BUREAU OF PRIS** 

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| MS Greene ~ Case Manager | 7-21-05 |
| FROM: Coleman Bey, M. | REGISTER NO.: 01723-016 |
| WORK ASSIGNMENT: Orderly | UNIT: B1   # 114 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action be
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

Ms. Greene, you were given on 7-20-05
the copy of the disciplinary Report filed
against me. I am Requesting that copy
back to see whether it has been
altered. If you desire to interfere
with this administrative Remedy complaint
then ~~stop~~ the court will be notified. See
Bradley v. Hall, 64 F3d 1276 (C.A.9 (Or.) 1995).
Also, I've Never Received from the Warden's
office stating the previous Appeal was unacceptable,
meaning its due date is Near. 8-5-05 or 8-10-05
CC: Handwritten copy

(Do not write below this line)

DISPOSITION:

---

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRIS**

| TO:(Name and Title of Staff Member) | DATE: |
| Ms Greene – Case Manager | 7-21-05 |
| FROM: Coleman Bey, M. | REGISTER NO.: 01723-016 |
| WORK ASSIGNMENT: Orderly | UNIT: B1    #114 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action be
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

Ms. Greene, You were given on 7-20-05
the copy of the disciplinary Report filed
against me. I am Requesting that copy back
to see whether it has been altered. If
you desire to interfere with this administrative
remedy complaint then the court will be
Notified. See Bradley v Hall, 64 F3d 1276
(C.A. 9 (Or.) 1995). Also, I've never received
from the Warden's office stating the previous
appeal was unacceptable. meaning its due date
is Near... **8-5-05 or 8-10-05**
CC: Handwritten copy / Inmate's File

                    (Do not write below this line)

DISPOSITION:

Inmate given copy on
7/22/05

| Signature Staff Member 7/22/05 | Date E Greene |

Record Copy - File; Copy - Inmate

LEAVENWORTH, KANSAS

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

**From:** COLEMAN, MONROE L.    01723-016    131    USP BSY
　　　　LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A– INMATE REQUEST**

Retaliation: After being let out of Seg UNDER-sign (udsn) learned Ofc Jackson has been telling inmates udsn told him about Mrs K. Moore; several pieces of property missing & his shower shoes were intentionally not placed in his property; An extra day was added to the DiR penalty; 7-20-05, Case Mngr Ms Greene was given udsn copy of the DiR. to make a copy which she intentionally Refused & denied to give back. She then called Case Mngr Rogers to the unit, udsn repeatedly was refused that copy back; 7-22-05, udsn served Ms Greene an instl Request regarding after Altering evidence (see enclosure). This DiR. is not the very same DiR. given to her; 7-21-05, udsn mail was given to him at or around 11:24 pm though he received mail at mail call; ~~ ~~

7-23-05
　DATE

Coleman Monroe
　SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____    _____
DATE    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE    CASE NUMBER: _____

_____    CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
　　　　LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: ____

```
  BSY15           *          INMATE DISCIPLINE DATA           *      07-27-2005
PAGE 001 OF 001 *    CHRONOLOGICAL DISCIPLINARY RECORD         *      08:55:04

REGISTER NO: 01723-016 NAME..: COLEMAN, MONROE L
FUNCTION...: DIS          FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 07-27-2005
                          RSP OF: BSY-BIG SANDY USP

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
REPORT NUMBER/STATUS.: 1351770 - SANCTIONED INCIDENT DATE/TIME: 06-14-2005 151!
UDC HEARING DATE/TIME: 06-17-2005 1130
FACL/UDC/CHAIRPERSON.: BSY/B1/2/ROBERTS
REPORT REMARKS.......: INMATE ADMITTED TO MAKING THE STATEMENT TO MS. MOORE
    312  BEING INSOLENT TO STAFF MEMBER - FREQ: 1
         LP COMM    / 30 DAYS / CS
         COMP:    LAW:
         LP PHONE   / 30 DAYS / CS
         COMP:    LAW:




G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```



UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS



**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Coleman Bey, Monroe C.  |  01723-06  |  B1  |  Big Sandy
LAST NAME, FIRST, MIDDLE INITIAL  |  REG. NO.  |  UNIT  |  INSTITUTION

**Part A– INMATE REQUEST**    (Sexual Harassment against K. Moore)

On the 22nd of July, 2005 Case Manager Ms
Greene was given by undersign an Admini-
strative BP 8.5 concerning Ms Moore for "Ha-
rassment - Sexual Harassment." Since the filing
of complaint against Ms Moore Ms Greene
has intentionally interfered with undersign's
right to address the court. Ms Moore would con-
tinuously annoy undersign which he was afraid
to complaint because of unnecessary like today.

8-1-05          (See Disciplinary Rpt)                    ~~signature~~
DATE                                         SIGNATURE OF REQUESTER

**Part B– RESPONSE**

10

---

DATE                                         WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

---

**Part C– RECEIPT**                           CASE NUMBER: _____




BSY-1330.13
July 18 2003
ATTACHMENT A

## ATTEMPT AT INFORMAL RESOLUTION
### (Request for Administrative Remedy)

Federal Bureau of Prisons Program Statement 1330.13, Administrative Remedy Program, dated August 13, 2002, Provides that inmates have a responsibility to use the Administrative Remedy process in good faith. An inmate shall first present an issue of concern informally to staff and shall attempt to informal resolve the issue before an inmate submits a request for Administrative Remedy. The deadline for completion of informal resolve and submission of formal request (BP-9) is 20 Calendar days following the occurrent issue or concern.

**TO BE COMPLETED BY INMATE**

INMATE'S NAME: Coleman Bey, M.   REG. NO.: 01723-016   UNIT: B1 114   DATE: 8-8-05

1. Nature of problem and efforts have been made to resolve the problems. (List staff you have spoke with include copies of cop out responses)
   On a few occasions the named subject felt embarrassed when and during Ms K Moore pat search. This subject believed her intent was of a sexual harrassment nature (See Disciplinary Rpt)

2. State what action or resolution expected. Be Specific: Not to return to Unicor, but any other relief possible.

**TO BE COMPLETED BY STAFF**

3. Summary of investigation: (indicate staff you spoke with and their responses) Include any resolution offered to inmate)
   Staff unaware of sexual harrasment.
   ✱ Misplaced original BP 8 Issued a new one. 8/8/05

4. Explanation for non-resolution: ( State what Resolution was offered and Inmate's reason for not accepting Resolution)
   Issued a BP 9

On_____ **Inmate Refused Offered Resolution.**

_____
Staff

Date & Time Issued: BP-8: 8/8/05 9 45a      Correctional Counselor: _____
Date & Time Inmate Returned: 8/8/05         Correctional Counselor: _____

Date & Time Investigation Completed and BP-9 issued: _____
_____
Staff issuing BP-9

Indicates review and agreement that Informal Resolution attempts has been exhausted.

Unit Manager's Signature/Date: _____

On _____, this issue was informally resolved.

_____      _____
Inmate Signature              Date

Peggy E. Patterson
U.S. Magistrate Judge
U.S. District Court
Eastern District of Kentucky
Ste 203- Federal Bldg.
110 Main Street
Pikeville, Kentucky 41501-1144

Dated: 8-9-05

12

RE: Acts of Retaliation
      Committed by BOP Officials

Dear Hon. Judge Patterson:

Since petitioner has filed claims against
the Bureau of Prisons, he is being un-
lawfully harassed for exercising a
constitutional right of Freedom of
Speech.

On June 15, 2005, he exercised his
Freedom of Speech under the First
Amendment by stating to a Bureau
of Prisons foreman, "You're an Adul-

teress" because petitioner witnessed
Mrs. Kimberly Moore and foreman
Mr. Burke secretly kissing and
holding themselves on a stairway.
Petitioner made the information known
to Unicor Supervisor Mr. Abbott in
the presence of Mrs. Moore. For
doing such I was placed segreagation,
receive commissary and telephone re-
striction, lost of employment, pay wage,
transfer to a Spiritual Program at
Petersburg, Virginia, and label by his
peers and some staff as a snitch. And
informing it will probably make it worst
for petitioner.
Petitioner would use the Unicor
for filing fee to courts, stamps, copies,
hygiene products, commissary items, and
for phone calls without putting unneces-
sary pressure on his elderly retired

Mother,

Petitioner has enclosed information concerning this mistreatment and deprivation of a Constitutional Right; a right to Freedom of Speech and practice. Had not petitioner witnessed such illegal act then he would had been disrespectful. It is not requested that this court acts on this matter which petitioner believes it does not have jurisdiction to do so, but he need to make the court aware of the retaliation and mistreatment he is experiencing from BOP officials. But petitioner do ask this court for an address he can write to regarding the tamperring and altering of the enclosed disciplinary by BOP staff. Petitioner thanks your for its time and concern. Also, Petitioner makes known to the court

he will submit a copy of the foregoing letter along with its additional information to the Re-presentatives in Civil Action No. 05-158-DCR or 05-158-PEP: To

Cheryl D. Morgan, Asst. U.S. Atty, at 110 W. Vine St. Ste 400, Lexington, KY 40507-1671 and

Margaret J. Chriss, Asst. U.S. Atty, at 555 Fourth Street, N.W., Special Proceedings Section (10th Floor), Washington, D.C. 20530, on this 9th day of August, 2005.

Respectfully submitted,

Monroe L. Coleman-Bey,

Monroe L. Coleman-Bey
#01723-016 USP BSY
P.O. Box 2068
Inez, KY 41224

# Certificate of Service

I, Monroe L. Coleman-Bey, pro se, states that a copy of the foregoing Institutional Grievance Complaint has been mail to:

U.S. Atty Assistance Cheryl D. Morgan at 110 W. Vine St., Ste 400 Lexington, Kentucky 40507-1671 and Margaret J. Chriss U.S. Atty Assistance at 555 Fourth St., N.W., Special Proceedings Section (10th Floor), Washington, D.C. 20530 on this 17th day of August, 2005.

Civil Action #05-158-DCR

Respectfully submitted,

Monroe L. Coleman-Bey
USP BSY #01723-016
P.O. Box 2068
Inez, KY 41224

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: AUGUST 11, 2005


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BIG SANDY USP

TO  : MONROE L COLEMAN, 01723-016
      BIG SANDY USP      UNT: B UNIT      QTR: B01-114L
      P.O. BOX 2067
      INEZ,  KY 41224


FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID        : 385189-F1       ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED    : AUGUST 11, 2005
SUBJECT 1        : UDC ACTION
SUBJECT 2        :
INCIDENT RPT NO: 1351770

REJECT REASON 1: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
                 (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
                 ABOUT.

REMARKS          : HAD UNTIL 7/7/05 TO FILE - SUBMITTED BP-9 ON 7/20/05


*13*

RECEIPT - ADMINISTRATIVE REMEDY

DATE: AUGUST 11, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BIG SANDY USP

TO  : MONROE L COLEMAN, 01723-016
      BIG SANDY USP     UNT: B UNIT     QTR: B01-114L

THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID        : 385218-F1
DATE RECEIVED    : AUGUST 11, 2005
RESPONSE DUE     : AUGUST 31, 2005
SUBJECT 1        : PERSONAL PROPERTY - INCL. CONFISCATION OR DESTRUCTION
SUBJECT 2        :
INCIDENT RPT NO:

14

RECEIPT - ADMINISTRATIVE REMEDY

DATE: AUGUST 15, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BIG SANDY USP

TO  : MONROE L COLEMAN, 01723-016
      BIG SANDY USP    UNT: B UNIT    QTR: B01-114L

THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID      : 385436-F1
DATE RECEIVED  : AUGUST 12, 2005
RESPONSE DUE   : SEPTEMBER 1, 2005
SUBJECT 1      : OTHER COMPLAINT AGAINST STAFF
SUBJECT 2      :
INCIDENT RPT NO:



**U.S. Department of Justice**

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: COLEMAN-BEY, MONROE    01733-016    D1    USP BSY
         LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL** "Sexual Harrassment based on Retaliation" subject Had previous civil cases pending against respondent Hastings which His First Amendment right has been violated as well as stripped by use of A smoke screen. To allow a rule to apply when the subject exercised His Freedom of speech makes the rule an exaggerated response. Therefore the validity of the "Insolence" rule as applied to His statement is challenged under the const'l right and religious belief due to His observation of employees kissing and Holding each other on the job in violation of BOP policy. Mrs Moore Never denied Her involvement....

8-17-05
DATE                                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

16

DATE                                       REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY              CASE NUMBER: _____

**Part C - RECEIPT**

                                      CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.      UNIT      INSTITUTION
SUBJECT: _____

DATE

*17*

This subject addresses three specific issues in this complaint for constitutional reasons: 1) Does he has a constitutional right to Freedom of Speech when he witnessed unlawful acts committed by Bureau of Prisons (BOP)staff or foremen; 2) Does he has a constitutional right to exercise his religious belief without breaching security of the prison; 3) Does he has a right to be free from retaliatory acts committed by BOP officials, staff, foremen, and officers because he was exercising his right in U.S. Federal Court and the warden is the respondent?

A petitioner or plaintiff shall exercise his constitutional right whenever a matter arose concerning his rights being violated by prison officials, staff, foremen, or officers. To deny any protection that is afforded a prisoner may and will result in legal action being resolved by a U.S. Federal Court Judge or Magistrate. Furthermore, a prisoner shall be free from any acts of retaliation of BOP officials and staff. **See Clark v. Stalder**, 121 F3d 222,230(5ᵗʰ Cir. 1997). See the enclosed Exhibits ( 1-   ).

**COMES NOW,** Petitioner, Maurce L. Coleman-Bey, protected by the First and Fourteenth Amendments which BOP officials have unconstitutionally infringed on his rights by use of its regulation, policy, or rule that abridge on his Freedom of Speech, religious belief, without harmed being doe for exercising such right(s).    Therefore, the First Amendment and the relevant prison regulation are not co-terminous. *The precise contour of the First Amendment need to be determined whether protection of a prisoner right is secure.*

Courts have determined that incarceration does not divest prisoner of all constitutional protections. Inmates retain, for example, the right to be free from racial discrimination, **Lee v. Washington**, *** the right to due process, **Wolff v. McDonnell**, *** and, as relevant here, certain protections of the First Amendment **Turner**, ***. Also, the courts have maintained that the constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individual in society at large.  In the First Amendment context, For instance, some rights are simply inconsistent with the status of a prisoner or "with the legitimate penological objectives of corrections system, **"Pell v. Procunier** ***.

While **Turner**, the court adopted a unitary, deferential standard for reviewing prisoners' constitutional claims; "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *** According to this standard, four factors are relevant.  First and foremost, "there must be a 'valid, rational connection' between the prison regulation and the legitimate [And neutral] governmental interest put forward to justify it." *** If the connection between the regulation and the asserted goal is "arbitrary or irrational," then the regulation fails, irrespective of whether the other factors tilt in favor. *** In addition, courts should consider three other factors:  the existence of alternative means of exercising the right" available to inmates; "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally;" and "the absence of ready alternatives: available to the prison for achieving the governmental objectives ***

This subject request a test to determine and evaluate whether prisoner's First Amendment challenges, the protection to use **"Adulteress"** when he had witnessed a female and male [not marry to each other] by kissing and rubbing on one another secretly during working hours for the BOP."

Subject argues that the BOP rule, regulation, or policy that governs disciplinary proceedings does not state or make clear what remarks are violatiive of BOP disciplinary status.  When subject made that remark ["you're an adulteress"] it was innocent where there are no guidelines for determining what remarks are unwarranted.  In fact, however, the rule employs the term "clearly intrusive" to modify "unwarranted and uncalled for remarks," and requires that such a remark be made is violation.  BOP disciplinary proceedings forbade, inter alia, cursing or insulting an employee, making derogatory comments, or using "intrusive verbal behavior."  However, to allow such punish to go unsolved means that the punishment is a backdoor tool for punishing the subject.  This forms an act of retaliation in this manner is unacceptable as a result of unconstitutional application of the rule, regulation, or policy.

Petitioner states the purpose for penological interest rules are required but inappropriate if or when they steps on a prisoner First and Fourteenth Amendments rights.  Subject has not done anything wrong.  Frat-

enizing is prohibited on a BOP job especially when the two parties are not marriage to each other. For exercising his **Freedom of Speech** and making known that the Holy Bible forbidden adultery, and when he said those words mention above it was not an act of "**disrespect**" because he witnessed the kissing and other acts committed by those foremen.

## RETALIATORY ACTS

The court has held that a section 1983 claim may stand when the false charges are allegedly brought in retaliation for an inmate exercise of his substantive constitutional rights, See Franco v. Kelly, 854 F2d 584,589-90(2d Cir 1988); See also, Thornburgh v. Abbott, 490 U.S. 401,407, 104 l. Ed. 2d 459, 109 S. Ct. 1874(1989), "the fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the **First Amendment**, which are implicit in incarceration." Union, Inc., 433 U.S. 119, 125, s53 L. Ed. 2d 629, 97 S. Ct. 2532(1977).

A prisoner retains those First Amendment rights that are not inconsistent with is status as a prisoner or with the legitimate penological objectives of the corrections system. The discriminatory enforcement, poses greater concerns with respect to the freedom of speech protected by the Federal Constitution's of civil procedure.

### AFFIDAVIT
s

I, Monroe CJ Cjemani Bey, state that he is the affiant in this matter which is being presented to this agency

On Monday, August 15, 2005, Unit Manager Fazenbaker asked this affiant to "work with him."

Meaning resolving the grievance filed. "You came out of the Shu (segregation housing unit), I got you a job in the unit, a single cell, and you want to go to that program in Leavenworth. You want a pack of batteries?" Such statement or words from the unit manager was coercing and mild threatening. Mr. Fazenbaker did give the subject a pack of institutional/commissary batteries.

I, Monroe Coleman Bey, do swear that the above information herein is true to the best of my knowledge on this ____ day of ____ August ____, 2005.

Respectfully submitted,

_____

Regional Dir.'s Office
Mid-Atlantic Region
10010 Junction Dr. Ste 100N
Annapolis Junction, MD 20701

RE: Administrative Remedy Com-
plaint Based on Constitution-
al Rights Violation


Dear Regional Director:

This letter comes to your atten-
tion due to Sexual Harassment,
Retaliation Acts, and impediment
of this subject's access to the
court.

the subject states he had
(3) previous pending legal matters

before the Eastern District Court which Bureau of Prisons officials namely Ms. Greene and Mr. Dillian have intentionally impeded and tried to hinder his opportunity to address the court on these New claims herein. See attachments — Therefore, such claims are constitutional Regardless whether BOP, Regulation, Rule, or policy support said conclusion that his constitutional Rights outweigh the lateness used by Grievance Coordinator. Thus, the subject ask that he be pardoned for delay which mostly due to BOP interference, unavailable

stamps and copying because of insufficient funds.

The Relief sought is removal of disciplinary report and earned monetary damages based on UNICOR pay to the present day.

P.s.

The subject is unable to get the enclosed Affidavit notarized due to conflict with staff (MS. Greene). BOP 40.7 (b) or (c).

Respectfully,

Coleman.

Date: 8-24-05

MONROE L. Coleman-Bey
USP BIG SANDY #01733-016
P.O. Box 2068
INEZ, KY 41224

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: AUGUST 30, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MID-ATLANTIC REGIONAL OFFICE

TO :  MONROE L COLEMAN, 01723-016
      BIG SANDY USP     UNT: B UNIT    QTR: B01-114L
      P.O. BOX 2067
      INEZ, KY 41224


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID        : 385189-R1       REGIONAL APPEAL
DATE RECEIVED    : AUGUST 29, 2005
SUBJECT 1        : UDC ACTION
SUBJECT 2        :
INCIDENT RPT NO:

REJECT REASON 1: YOU RAISE MORE THAN ONE ISSUE/RELATED ISSUE OR APPEAL MORE
                 THAN ONE INCIDENT REPORT (INCIDENT NUMBER).   YOU MUST
                 FILE A SEPARATE REQUEST/APPEAL FOR EACH UNRELATED ISSUE
                 OR INCIDENT REPORT YOU WANT ADDRESSED.

REJECT REASON 2: YOU MAY ONLY SUBMIT ONE CONTINUATION PAGE, EQUIV. OF ONE
                 LETTER-SIZE (8.5 X 11) PAPER.   TEXT ON ONE SIDE.   THE
                 TEXT MUST BE LEGIBLE.

REMARKS          : YOU HAVE ATTACHED THREE DIFFERENT REMEDY NUMBERS.
                   YOU ARE UNTIMELY ON YOUR UDC APPEAL.



REQUEST FOR ADMINISTRATIVE REMEDY
PART B - RESPONSE

Remedy No. 385436-F1

This is in response to your Request for Administrative Remedy
receipted August 12, 2005 in which you allege harassment by your
Case Manager and sexual harassment by a UNICOR staff member.

Allegations of this nature are taken very seriously at USP Big
Sandy and will be forwarded to the appropriate department for
investigation.  You will not be notified of the outcome.

Based on the above information, your Request for Administrative
Remedy is neither granted nor denied, but is provided for
informational purposes only.

If you are dissatisfied with this response, you may appeal to the
Regional Director, Mid-Atlantic Region, 10010 Junction Drive,
Suite 100-N, Annapolis Junction, Maryland 20701 within 20
calendar days of the date of this response.


_____          _____
Suzanne R. Hastings, Warden                        Date

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 7, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
       MID-ATLANTIC REGIONAL OFFICE

TO   : MONROE L COLEMAN, 01723-016
       BIG SANDY USP    UNT: B UNIT    QTR: B01-114L
       P.O. BOX 2067
       INEZ,  KY 41224


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 385189-R2        REGIONAL APPEAL
DATE RECEIVED  : SEPTEMBER 1, 2005
SUBJECT 1      : UDC ACTION
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: THE ISSUE YOU RAISED IS NOT SENSITIVE. HOWEVER,
                 WE RETAINED YOUR REQUEST/APPEAL ACCORDING TO
                 POLICY.   YOU SHOULD FILE A REQUEST OR APPEAL AT
                 THE APPROPRIATE LEVEL VIA REGULAR PROCEDURES.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

U. ___ ment of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: COLEMAN BEY, MONROE    01723-016    BSI    USP BSY
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** Sensitive Adm. Remedy (Appeal) This writer was released from SHU July 6th, 2005, which he had three days to file the disciplinary Appeal there was no BP9s administrative forms available Nor Ms Greene and Mr Dillian working to assist him. Mr Feazenbaker refused to give this writer a form stating, "Wait until Dillian return on Sunday" (July 10th, 05). Therefore, this writer made out a form and placed it in the legal mailbox to Warden Hastings which the result from that office stated, "Untimely".

5

9-8-05
DATE

C. Szy, bu.
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

22

RECEIVED

SEP 16 2005

BUREAU OF PRISONS
MARO REGIONAL COUNSEL

_____        _____
DATE                       REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE        CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: 385189-R3

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____                _____
DATE                               SIGNATURE, RECIPIENT OF REGIONAL APPEAL

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 12, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BIG SANDY USP

TO  : MONROE L COLEMAN, 01723-016
      BIG SANDY USP    UNT: B UNIT    QTR: B01-114L

ADDITIONAL TIME IS NEEDED TO RESPOND TO THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID       : 385436-F1
DATE RECEIVED   : AUGUST 12, 2005
RESPONSE DUE    : SEPTEMBER 21, 2005
SUBJECT 1       : OTHER COMPLAINT AGAINST STAFF
SUBJECT 2       :
INCIDENT RPT NO:

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 20, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MID-ATLANTIC REGIONAL OFFICE

TO  : MONROE L COLEMAN, 01723-016
      BIG SANDY USP    UNT: B UNIT    QTR: B01-114L
      P.O. BOX 2067
      INEZ,  KY 41224


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID        : 389167-R1       REGIONAL APPEAL
DATE RECEIVED    : SEPTEMBER 16, 2005
SUBJECT 1        : OTHER COMPLAINT AGAINST STAFF
SUBJECT 2        :
INCIDENT RPT NO:

REJECT REASON 1: THE ISSUE YOU RAISED IS NOT SENSITIVE. HOWEVER,
                 WE RETAINED YOUR REQUEST/APPEAL ACCORDING TO
                 POLICY.  YOU SHOULD FILE A REQUEST OR APPEAL AT
                 THE APPROPRIATE LEVEL VIA REGULAR PROCEDURES.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.



REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 20, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MID-ATLANTIC REGIONAL OFFICE

TO  : MONROE L COLEMAN, 01723-016
      BIG SANDY USP      UNT: B UNIT      QTR: B01-114L
      P.O. BOX 2067
      INEZ,  KY 41224


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 389168-R1        REGIONAL APPEAL
DATE RECEIVED   : SEPTEMBER 16, 2005
SUBJECT 1       : OTHER COMPLAINT AGAINST STAFF
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: THE ISSUE YOU RAISED IS NOT SENSITIVE. HOWEVER,
                 WE RETAINED YOUR REQUEST/APPEAL ACCORDING TO
                 POLICY.  YOU SHOULD FILE A REQUEST OR APPEAL AT
                 THE APPROPRIATE LEVEL VIA REGULAR PROCEDURES.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.



-2-

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 20, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MID-ATLANTIC REGIONAL OFFICE

TO  : MONROE L COLEMAN, 01723-016
      BIG SANDY USP    UNT: B UNIT    QTR: B01-114L
      P.O. BOX 2067
      INEZ,  KY 41224


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 389169-R1       REGIONAL APPEAL
DATE RECEIVED   : SEPTEMBER 16, 2005
SUBJECT 1       : OTHER COMPLAINT AGAINST STAFF
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: THE ISSUE YOU RAISED IS NOT SENSITIVE. HOWEVER,
                 WE RETAINED YOUR REQUEST/APPEAL ACCORDING TO
                 POLICY.  YOU SHOULD FILE A REQUEST OR APPEAL AT
                 THE APPROPRIATE LEVEL VIA REGULAR PROCEDURES.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.



- 3 -

REJECTION NOTICE – ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 20, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MID-ATLANTIC REGIONAL OFFICE

TO  : MONROE L COLEMAN, 01723-016
      BIG SANDY USP      UNT: B UNIT      QTR: B01-114L
      P.O. BOX 2067
      INEZ,  KY 41224


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 389170-R1        REGIONAL APPEAL
DATE RECEIVED   : SEPTEMBER 16, 2005
SUBJECT 1       : OTHER COMPLAINT AGAINST STAFF
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: THE ISSUE YOU RAISED IS NOT SENSITIVE. HOWEVER,
                 WE RETAINED YOUR REQUEST/APPEAL ACCORDING TO
                 POLICY.  YOU SHOULD FILE A REQUEST OR APPEAL AT
                 THE APPROPRIATE LEVEL VIA REGULAR PROCEDURES.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.


27


— 4 —

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 20, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MID-ATLANTIC REGIONAL OFFICE

TO    MONROE L COLEMAN, 01723-016
      BIG SANDY USP     UNT: B UNIT     QTR: B01-114L
      P.O. BOX 2067
      INEZ,  KY 41224

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID        : 385189-R3        REGIONAL APPEAL
DATE RECEIVED    : SEPTEMBER 16, 2005
SUBJECT 1        : UDC ACTION
SUBJECT 2        :
INCIDENT RPT NO: 1351770

REJECT REASON 1: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
                 (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
                 ABOUT.

REMARKS          : WE ARE UPHOLDING THE INSTITUTION'S REJECTION.



U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Admini[...]ative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: ______ LAST NAME, FIRST, MIDDLE INITIAL ______ REG. NO. ______ UNIT ______ INSTITUTION

**Part A - REASON FOR APPEAL**

[illegible]

______ DATE ______ SIGNATURE OF REQUESTER

**Part B - RESPONSE**

29

______ DATE ______ GENERAL COUNSEL

FIRST COPY: WASHINGTON FILE COPY

CASE NUMBER: ______

**Part C - RECEIPT**

CASE NUMBER: ______

Return to: ______ LAST NAME, FIRST, MIDDLE INITIAL ______ REG. NO. ______ UNIT ______ INSTITUTION

SUBJECT: ______

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: OCTOBER 4, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BOP CENTRAL OFFICE

TO  : MONROE L COLEMAN, 01723-016
      BIG SANDY USP    UNT: B UNIT      QTR: B01-114L
      P.O. BOX 2067
      INEZ, KY 41224

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 390573-A1       CENTRAL OFFICE APPEAL
DATE RECEIVED   : OCTOBER 3, 2005
SUBJECT 1       : UNPROFESSIONAL, INAPPROPRIATE CONDUCT OR MISCONDUCT BY STAFF
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: THE ISSUE YOU RAISED IS NOT SENSITIVE. HOWEVER,
                 WE RETAINED YOUR REQUEST/APPEAL ACCORDING TO
                 POLICY.  YOU SHOULD FILE A REQUEST OR APPEAL AT
                 THE APPROPRIATE LEVEL VIA REGULAR PROCEDURES.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.



REJECTION NOTICE – ADMINISTRATIVE REMEDY

DATE: OCTOBER 4, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BOP CENTRAL OFFICE

TO  : MONROE L COLEMAN, 01723-016
      BIG SANDY USP    UNT: B UNIT    QTR: B01-114L
      P.O. BOX 2067
      INEZ,  KY 41224


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID        : 390574-A1        CENTRAL OFFICE APPEAL
DATE RECEIVED    : OCTOBER 3, 2005
SUBJECT 1        : UNPROFESSIONAL, INAPPROPRIATE CONDUCT OR MISCONDUCT BY STAFF
SUBJECT 2        : ADMINISTRATIVE REMEDY PROCEDURES
INCIDENT RPT NO:

REJECT REASON 1: THE ISSUE YOU RAISED IS NOT SENSITIVE. HOWEVER,
                 WE RETAINED YOUR REQUEST/APPEAL ACCORDING TO
                 POLICY.  YOU SHOULD FILE A REQUEST OR APPEAL AT
                 THE APPROPRIATE LEVEL VIA REGULAR PROCEDURES.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.


*3 /*

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: OCTOBER 4, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BOP CENTRAL OFFICE

TO  : MONROE L COLEMAN, 01723-016
      BIG SANDY USP    UNT: B UNIT    QTR: B01-114L
      P.O. BOX 2067
      INEZ, KY 41224

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 389167-A1       CENTRAL OFFICE APPEAL
DATE RECEIVED   : OCTOBER 3, 2005
SUBJECT 1       : OTHER COMPLAINT AGAINST STAFF
SUBJECT 2       :
INCIDENT RPT NO :

REJECT REASON 1: THE ISSUE YOU RAISED IS NOT SENSITIVE. HOWEVER,
                 WE RETAINED YOUR REQUEST/APPEAL ACCORDING TO
                 POLICY.  YOU SHOULD FILE A REQUEST OR APPEAL AT
                 THE APPROPRIATE LEVEL VIA REGULAR PROCEDURES.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

REMARKS         : WE CONCUR WITH THE REGIONAL OFFICE.

3 2

—1—

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: OCTOBER 4, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BOP CENTRAL OFFICE

TO  : MONROE L COLEMAN, 01723-016
      BIG SANDY USP     UNT: B UNIT     QTR: B01-114L
      P.O. BOX 2067
      INEZ,  KY 41224


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID        : 389168-A1        CENTRAL OFFICE APPEAL
DATE RECEIVED    : OCTOBER 3, 2005
SUBJECT 1        : OTHER COMPLAINT AGAINST STAFF
SUBJECT 2        :
INCIDENT RPT NO:

REJECT REASON 1: THE ISSUE YOU RAISED IS NOT SENSITIVE. HOWEVER,
                 WE RETAINED YOUR REQUEST/APPEAL ACCORDING TO
                 POLICY.  YOU SHOULD FILE A REQUEST OR APPEAL AT
                 THE APPROPRIATE LEVEL VIA REGULAR PROCEDURES.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

REMARKS          : WE CONCUR WITH THE REGIONAL OFFICE.




33


— VA —

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: OCTOBER 4, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BOP CENTRAL OFFICE

TO  : MONROE L COLEMAN, 01723-006
      BIG SANDY USP    UNT: B UNIT    QTR: B01-114L
      P.O. BOX 2067
      INEZ,  KY 41224


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 389170-A1        CENTRAL OFFICE APPEAL
DATE RECEIVED   : OCTOBER 3, 2005
SUBJECT 1       : OTHER COMPLAINT AGAINST STAFF
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: THE ISSUE YOU RAISED IS NOT SENSITIVE. HOWEVER,
                 WE RETAINED YOUR REQUEST/APPEAL ACCORDING TO
                 POLICY.  YOU SHOULD FILE A REQUEST OR APPEAL AT
                 THE APPROPRIATE LEVEL VIA REGULAR PROCEDURES.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

REMARKS         : WE CONCUR WITH THE REGIONAL OFFICE.




34

REJECTION NOTICE – ADMINISTRATIVE REMEDY

DATE: OCTOBER 4, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BOP CENTRAL OFFICE

TO  : MONROE L COLEMAN, 01723-016
      BIG SANDY USP    UNT: B UNIT        QTR: B01-114L
      P.O. BOX 2067
      INEZ,  KY 41224


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 385189-A1        CENTRAL OFFICE APPEAL
DATE RECEIVED   : OCTOBER 3, 2005
SUBJECT 1       : UDC ACTION
SUBJECT 2       :
INCIDENT RPT NO: 1351770

REJECT REASON 1: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
                 (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
                 ABOUT.

REMARKS         : WE CONCUR WITH THE REGIONAL OFFICE'S & INSTITUTION'S
                  RATIONALE FOR REJECTING YOUR APPEAL.


35

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: OCTOBER 21, 2005


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO   : MONROE L COLEMAN, 01723-016
       BIG SANDY USP     UNT: B UNIT     QTR: B01-114L
       P.O. BOX 2067
       INEZ,   KY 41224


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 389169-A1        CENTRAL OFFICE APPEAL
DATE RECEIVED   : OCTOBER 3, 2005
SUBJECT 1       : OTHER COMPLAINT AGAINST STAFF
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: THE ISSUE YOU RAISED IS NOT SENSITIVE. HOWEVER,
                 WE RETAINED YOUR REQUEST/APPEAL ACCORDING TO
                 POLICY.  YOU SHOULD FILE A REQUEST OR APPEAL AT
                 THE APPROPRIATE LEVEL VIA REGULAR PROCEDURES.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

REMARKS         : WE CONCUR WITH THE REGION.



3 6


Rec. 11/10/05

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**

*Suppose to God for response! (S.H) Judge*

**FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) Warden, S. Hastings | DATE: 1-20-06 USP-79-06 |
|---|---|
| FROM: Coleman-Bey, M. | REGISTER NO.: 01723-016 |
| WORK ASSIGNMENT: Orderly | UNIT: TDI II 114 |

**SUBJECT:** (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Remedy No. 385436-F1

In Response to my B.P. 9, concerning C/O Kimberly Moore, you said an investigation would take place and that my grievance was neither granted or denied. My rights were violated and I am seeking to be reimbursed for lost wages, and a return to my former job status, along with having the entire disciplinary, in this matter expunged from all record. Would you please inform me of your position, in the above-Request. Thank you

cc: Inmate's File (Do not write below this line)

**DISPOSITION:**

37

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

REQUEST FOR ADMINISTRATIVE REMEDY
PART B - RESPONSE

Remedy No. 385436-F1


This is in response to your Request for Administrative Remedy receipted August 12, 2005 in which you allege harassment by your Case Manager and sexual harassment by a UNICOR staff member.

Allegations of this nature are taken very seriously at USP Big Sandy and will be forwarded to the appropriate department for investigation.  You will not be notified of the outcome.

Based on the above information, your Request for Administrative Remedy is neither granted nor denied, but is provided for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, Mid-Atlantic Region, 10010 Junction Drive, Suite 100-N, Annapolis Junction, Maryland 20701 within 20 calendar days of the date of this response.


_____          _____
Suzanne R. Hastings, Warden        Date






U.S. Department of Justice
Federal Bureau of Prisons

United States Penitentiary, Big Sandy

---

*Office of the Warden*                          *P.O. Box 2067*
                                                *Inez, KY 41224*


February 3, 2006


**MEMORANDUM FOR COLEMAN, MONROE**
**REG. NO.  01723-016, UNIT B1**


**FROM:**        Suzanne R. Hastings, Warden

**SUBJECT:**    Inmate Request to Staff Response


This is in response to your Inmate Request to Staff dated January 20, 2006,  in which you state that your civil rights were violated, and you request to be returned to your former job status and have all disciplinary matters expunged. As stated in your original Administrative Remedy response, all allegations were forwarded to the appropriate department for investigation. You will not be notified of the outcome of the investigation.

As for your disciplinary inquiries, your incident report went through the appropriate disciplinary process. If you feel that the sanctions were inappropriate, you were provided all necessary instructions on how to appeal the decision reached by the UDC.

If you are dissatisfied with the response from your original Administrative Remedy response, you were provided all necessary instructions on how to appeal the decision to the Regional Director.

I trust this has addressed your concerns.



BP-S148.055 INMATE REQUEST TO STAFF CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE

**39**

FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) <br> F. Torrero-Leibel, HSA | DATE: 2-7-06 |
|---|---|
| FROM: Coleman-Bey Monroe | REGISTER NO.: 01723-016 |
| WORK ASSIGNMENT: Orderly | UNIT: B1 #114 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

Ms. Leibel, last June (05) I Had tried
to commit suicide due to my confinement
to the segregation unit. The institu-
tional belt snapped due to my weight.
However, the stiffness of my neck
seem to resurface again and again
which I am requesting an X-Ray especial-
ly whenever the pain or throbbing occurs,
Because it would be unfair to constant-
ly and continuously come to sick-call
and be forced to pay $2.00 for every visit
especially if the soreness is not available at this
(Do not write below this line)                  specific time.

DISPOSITION:

You have been scheduled for an x-Ray of
your neck (cervical spine). We don't have the
facility to have walk-ins, when After the
x-Ray result is in, you can make sick call
for the results and physical assessment

| Signature Staff Member <br> F. Torrero-Leibel HSA | Date <br> 2-9-06 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94



Department of the Interior
Office for Equal Opportunity
1849 C Street, N.W., Mail Stop 1442
Washington, D.C. 20240


RE:  Prison Grievance Complaint(s)
     Remedy No. 385436-F1


Dear Dept of the Interior:                        Feb. 8, 2006


     On June 14th, 2005, this writer revealed a secret relation or
love affair going on between Unicor Foremen Mrs. Kimberly Moore and
Mr. Burke.  For blowing the whistle on these two white bureau of pri-
sons employees, which it was preplanned to strip him of his prison
job for meddling into white folks business.
     The 1st, 7th, and 14th amendments of the Constitution did not
stop at the prison gate denying this writer the same equal justice
as his other counterparts in any workplace.  Furthermore, this writer
refused Mrs. Kimberly Moore approaches:  (1) Because she was married,
(2) her involvement with Mr. Burke, and (3) retaliation was possible
as done to Emmett Tills.
     This retaliation, disparity treatment, and discriminatory prac-
tices committed by bureau of prisons officials are of a constitutional
violation that infringed upon the rights of this person.  Mr. Coleman-
Bey hasn't done anything wrong which fratenizing is prohibited on
Bureau of Prisons federal government jobs especially when the parties
are not married to each other.  Because of this writer exercising
his freedom of speech and whistleblowing he received five sanctions:
placed in segregation, job terminated, commissary and telephone re-
strictions, and lost of pay.
     Thereafter, it is alleged that Mrs. Kimberly Moore got sexually
involved with another black inmate which it is believed drugs and
her personal garment were given to that inmate.  However, she was
placed under investigation by prison officials which the matter has

page 2 of 2.


been referred to the FBI for further investigation into her involve-
ment with that inmate.  After learning of this new and similar matter
this writer wrote to the Warden, Ms. Suzanne Hastings inquiring into
his matter, which he'd learned that the Remedy No. 385436-F1 has not
been granted or denied but nothing has been done to correct the wrong
committed to him.  During January, 2006, this writer was told indirect-
ly threatened by a prison official not to press his complaint which
can cause you more than it's worth; which probably meant segregation,
or transfer denied.  This writer only want to be reassigned to his
job, recompensated for time lost from the job, and the disciplinary
report removed from his institutional jacket.

    I thank you for your time and for any and all assistance you
may render unto this matter. Thanks!




                                    Respectfully,

                                    Monroe LaVelle Coleman-Bey
                                    #01723-016
                                    USP-BSY
                                    P.O. BOX 2068
                                    Inez, Kentucky 41224

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) Warden, S. Hastings | DATE: 2-12-06 |
|---|---|
| FROM: Coleman-Bey, Monroe | REGISTER NO.: 01723-016 |
| WORK ASSIGNMENT: Orderly | UNIT: B1  # 114 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary.  Your failure to be specific may result in no action being taken.  If necessary, you will be interviewed in order to successfully respond to your request.)

In Response to your memo dated: 2-3-06 (# 385436 F1). Warden, Hastings, it seems to be strange that you stated in your response that this writer will not be notified of the outcome of the investigation regarding Mrs Kimberly Moore's wrongful acts. However, since this notice wasn't given promptly to this writer on 9-6-05 whether to appeal your decision in the above remedy Number, it is requested that permission be given to appeal your administrative decision to the Atlantic Region which no relief has been given....

(Do not write below this line)

DISPOSITION:

41

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

Regional Direct's Office                    6-12-06
North Central Region
4th & State Avenue
Gateway Two II 8th Floor                    **42**
Kansas City, Kansas 66101

R.e:    A FOIA Complaint, See
        Adm. Remedy #385436-F1
        5 USCS §552, N. 863


Dear Director:


U.S. Congress in USCS §552
(A)(4)(B) has allowed for sep-
arate complaint filed under
Freedom of Information Act

before a federal court obtains jurisdiction to enjoin withholding of official information, since to hold to contrary would give undue precedence to Freedom of Information Act requests in aid of discovery over all other requests under this Act. Burrell v. Rodgers (1977, WD Okla) 438 F. Sup 25, 23 FR Surv 2d 1130. What is requested from your office: (1) the release of any and all VBOP's' informa-

tion regarding former bureau
of prisons officer Mrs Kimberly Moore who worked
for USP Big Sandy, Inez,
Kentucky; and (2) removal
of disciplinary report-files by
Mrs Kimberly Moore.
Based on proven facts by
USP Big Sandy's staff, the
accusation made by this
writer confirms the inappropriate and improper acts of
Mrs Kimberly Moore in violation of PS 3420.09 basically

in its entirety. However, Since the filing of the above No. 385436-FI, Mrs Moore has been terminated from her position due to those wrong-ful acts. Therefore, this re-quest for disciplinary removal should be granted. Thank you.

Respectfully,

Howard L. Coleman
USP Terre Haute
Reg No. 01723-016
P. O. Box 12015
Terre Haute, IN
47801

Federal Bureau of Prisons
U.S. Justice Department
301 First Street, N.W.
Washington, D.C. 2005



RE:  Freedom of Information Act
     (U.S.C. 552), Privacy Act
     (5 U.S.C. 552(6)(C)(B)(7),
     General (U.S.C. 552 A(J)(2) or
     Specific (U.S.C. 552a(K)(2) Not
     Applicable to This Request

Identification Of Requestor:

Name       :  Monroe LaVelle Coleman
D.O.B.     :  12-29-56
F.B.I.     :
Soc. Sec. #  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

This letter will serve as undersign request pursuant to the provi-
sions of the Freedom of Information Act (5 U.S.C. 552) and the
Privacy Act (5 U.S.C. 552a (d)(1), and the applicable state statutes
governing Freedom of Information Requests if state agency request,
for full disclosure and release of all records and/or data contained
in the files regarding BOP former worker Kimberly Moore, including
disciplinary report filed against Monroe LaVelle Coleman by Mrs.
Kimberly Moore who was terminated for indulging in wrongful acts
as a BOP worker during 2005 or 2006, which it requested that any
and all investigations on the named party Mrs Kimberly Moore be
released to requester.  This disciplinary report and the requested
investigation(s) took place at Big Sandy USP which is located in
Inez, Kentucky during the year of 2005 and/or 2006.

This undersign is in need of the investigation reports and any
and/or all information, data, or reports not otherwise exempt by
statute (5 U.S.C. (66)(c)(b)(7), (5 U.S.C. a(j)(2), (k)(2), or
law; Tarlton v. Saxbe, 507 F. 2d 1116, 165 U.S. App. D.C. 293(1974);
162 U.S. App. D.C. 284(1974); Sullivan v. Murphy, 478 F. 2d 938,

156 U.S. App. 28(1973).  Your agency is advised that the investiga-
tion reports in toto are no longer accorded exempt status unless
under the specific exemption noted, and only with reference to
specific citation of authority, Paton v. LaPrade, 524 F. 2d 862,
868-69(CA 3 2975).

It is further requested that your agency provides the undersign
with a copy of specific regulations of your Department as provided
by statute (5 U.S.C 552), so that compiance with such regulations
is adhered to except as otherwise provided by law (5 U.S.C. 701
et. seq.).

Pursuant to title 5 U.S.C. (6)(1), it is noted that your agency
has ten (10) working days following receipt of this request to
provide the information and material sought.  Should any delay
occur, it is requested that your agency inform the undersign of
this delay as provided by agency regulations, and the date as to
when your agency will be able to act upon this request.

Finally, please note also that the undersign will agree to pay
any reasonable costs, or file In Forma Pauperis if he is indigent,
provided by statute or regulation of your agency for search and
copy of material requested.

Respectfully submitted,

s/ _____

Date: 6-21-06



**U.S. Department of Justice**

Federal Bureau of Prisons

*North Central Regional Office*

---

*400 State Avenue*
*Tower II, Suite 800*
*Kansas City, KS 66101*

June 21, 2006

Monroe Coleman
Register No.  01723-016
United States Penitentiary
Terre Haute, IN   47801-2015

Re:  Your Information Request

Dear Requestor:

This is in regard to your above-referenced information request recently received in this office.

You should be aware that, in accordance with 28 C.F.R. 513.60, a request for information directed to the Federal Bureau of Prisons is not deemed properly filed until received by the component at the address specified in Appendix I, Title 28 C.F.R. Additionally, once the component receives a request for records, a review of the request is conducted by the Central Office FOI/PA Section to determine whether the required elements of a request under the applicable information access statutes and regulations have been met.

We are returning your request and all enclosures for your submission to the  Director, Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, Attention: FOI/PA Section, pursuant to Title 28 Code of Federal Regulations, Part 16.3.

Sincerely,

Daryl Kosiak
Regional Counsel

Dated:   June 25, 2006

Freedom of Information Act Request

Monroe LaVelle Coleman
Reg. No. #01723-016
USP Terre Haute
P.O. Box 12015
Terre Haute, IN 47801



RE:  F.O.I.A. §552

The foregoing shall serve as the undersign's request for disclosure of the information set out infra., pursuant to the Freedom of Information Act, 5 U.S.C. Section 441.

Specifically, the undersign requests copies of the following information:

1)  Provide the reason why the Unicor Supervisor was not allowed to resolve and testify on behalf of the undersign at the disciplinary hearing which the supervisor could had made known to prison's officials before the disciplinary report was written that he and other Unicor staff members were fully aware of Mrs. Kimberly Moore's wrongful, degrading, and improper acts with Mr. Burke prior to Coleman's disciplinary report;  2)  Provide under-sign with any and all investigation information, data, reports, memorandums, or any other writting concerning Mrs. Kimberly Moore while working at USP Big Sandy located in Inez, Kentucky; 3) Provide the results or conclusions of each investigation informa-tion, data, reports, memorandums, or any other writting concerning Mrs. Kimberly Moore while working at USP Big Sandy; 4)  Provide the reason why Mrs. Kimberly Moore was changed from one job posi-

<u>cont'd page 2</u>.

tion then assigned to the Unicor job position; 5) Provide the reason why Mrs. Kimberly Moore was not placed on leave for wrongful acts while working for the BOP when she had committed violation acts of the Bureau of Prisons policies, and/or regulations with Mr. Burke at the conclusion of the first investigation; and 6) Provide the results of the investigation why Mrs. Kimberly Moore was terminated from the Bureau of Prisons, along with dates of each investigative reports, memorandums, data, or any and all written reports done by Bureau of Prisons staff.

Finally, in the event, the Bureau of Prisons is willing to discuss options available to avoid litigation, the undersign will be interested before initiating a lawsuit in the federal court within 7 working days after receipt of this letter to your office, and if possible a Lien may be filed with the Indiana's County Recorder's Office.

The undersign thanks you for your time and for any and all assistance you may render unto the above matter.

Respectfully submitted,

Monroe LaVelle Coleman
#01723-016
USP Terre Haute
P.O. Box 12015
Terre Haute, IN 47801



Regional Director's Office                    Dated: 6-25-06
Dept. of Justice-Bureau of Prisons
320 First Street, N.W.
Washington, D.C. 20001

RE:  Administrative Remedies:    385436-F1, 385189-R2, 389169-A1,
                                 358189-F1, 389167-A1, 389168-R1,
                                 389169-R1, 389170-R1, 389168-A1,
                                 389170-A1, 390573-A1, & 390574-A1.

The foregoing shall serve as my request for informal resolution
of the following issues, as required under Bureau of Prisons Program
Statement #1330.13.


ISSUES PRESENTED FOR REVIEW


USP Big Sandy located in Inez, Kentucky is where undersign
filed an institutional complaint regarding Sexual Harassment com-
mitted by former BOP worker Mrs. Kimberly Moore; 2) Retaliation
committed by BOP officers and officials against the undersign
for calling a white woman who is Kimberly Moore an "Adulturess";
aand 3) BOP officials, disciplinary hearing officers, along with
Kimberly Moore violated undersign Constitutional Rights under
the language of Freedom of Speech.

Specifically, the BOP officials have refused and denied to
remove the "Insolence" disciplinary report from the Cenral Files
of the undersign as well as making such a request which the disci-
plinary should had not had lefted the institution when officials
knew she had or was under previous investigation by BOP staff.
And Kimberly Moore was later terminated for her involvement in

cont'd page 2.


in further wrongful acts namely with inmate(s).  See U.S. Dept.
of Justice Directive: 3420.09.  See Attachments.

Therefore, the undersign is attempted through further admini-
strative remedy to resolve this matter with Bureau of Prisons
officials before addressing the United States District Court in
the State of Indiana.


RELIEF SOUGHT


Removal of Insolence Disciplinary report and replacement
of loss wages from Unicor job of $1,200.00.  If no relief is granted
then the undersign will file to Small Claims or under the Bivens
Act seeking monetary and compensatory damages, and attorney fee
totalling $6,000.00 - $10,000.00.


Respectfully submitted,

Monroe LaVelle Coleman
#01723-016
U.S.P. Terre Haute
P.O. Box 12015
Terre Haute, Indiana 47801

July 11, 06

**47**

Harley Lappins
Dir., Bureau of Prisons
Dept of Justice
320 First St., N.W.,
Washington, D.C. 20530

RE: U.S. District Court Complaint

Dear Sir:

On or about June 25th 2006, this writer placed in the hand of Bureau of Prisons staff/officer at the mailroom two F.O.I.C. Complaints which the undersign has not received a response yet as of this 11th day of July from your office in compliance to such Request for information as well as

Removal of that erroneous disciplinary
Report.

Well, the undersign is preparing
two legal complaints for filing
to both federal courts, within five
working days if a reply is yet
to be answered.

Thank you.

Sincerely,

Coleman, Moreno

July 23, 2006

Agency Head of Freedom of Information Act
Office of Information and Privacy Act
United States Department of Justice
1425 New York Avenue, N.W.
Suite 11050
Washington, D.C. 20530-0001



Re:  Freedom of Information Act Appeal

Dear Freedom of Information Act Appeal Officer:


    This is an appeal under the Freedom of Information Act.
    During or around the month of mid-June or early July, 2006,
I requested documents under the Freedom of Information Act.
My requet was assigned the following identification number:
2006-07999.
    On July 19, 2006, I receive a response to my request in
a letter signed by Richard W. Schott.  I appeal the denial of
my request.
    The documents that were withheld must be disclosed under
the FOIA because of 5 U.S.C. §55a and Privacy Act, 5 U.S.C. §552a
which the information requested was for personal use and not
for commericial use.  Also, the requester is challenging the
disciplinary report written by Mrs. Kimberly Moore who wrongfully
deprived the requester of his First Amendment right to "Freedom
of Speech".  Thereafter, Mrs. Kimberly Moore was placed under
another investigation for wrongful acts which caused her to be
terminated from her job as a bureau of prisons employee.
    Disclosure of the documents I requested is in the public
interest because the information is likely to contribute signifi-
cantly to public understanding of the operations or activities
of the government and is not primarily in my commericial interest.

<u>cont'd page 2</u>.


    Requester is only trying to prove that Mrs. Kimberly Moore improper, inappropriate, and wrongful acts not only violated the Bureau of Prisons regulations/policies but also infringed on requester constitutional rights for calling her an "adulteress".

    I appeal the decision to require to pay review costs or to receive the requested information, records, investigation report(s), and documents signed by bureau of prisons employee terminating Mrs. Kimberly Moore and why. I am not seeking the documents for commercial use. The requested is only seeking for the removal of that disciplinary report filed by Mrs. Kimberly Moore against requester on or about June 14, 2005.

    Thank you for your consideration of this appeal.


Sincerely,


Monroe LaVelle Coleman
Reg. No. 01723-016
USP Terre Haute
P.O. Box 12015
Terre Haute, Indiana 47801

## Relief Sought 

Removal of "Disciplinary Report and Unicor pay for days falsely terminated from work.

Coleman, M.