IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONROE L. COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:06-cv-02255-RMC |
| HARLEY LAPPIN, Director, Federal Bureau of Prisons, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANT ELIZABETH HERMAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUBSTITUTION OF DEFENDANT

Defendant Elizabeth Herman, Deputy Bar Counsel, Office of Bar Counsel, District of Columbia Bar (hereinafter, "Defendant Herman"), through undersigned counsel, respectively files this response to Plaintiff's Motion for Substitution of Defendants Or, In the Alternative, Amended Complaint (Docket No. 12). For the reasons set forth below, Defendant Herman requests that Plaintiff's motion to substitute the Office of Bar Counsel, District of Columbia Bar for her be denied as futile and that her motion to dismiss filed on February 16, 2007 be granted.

### PROCEDURAL HISTORY

Plaintiff Monroe Coleman filed this action *pro se* under the federal Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, on December 29, 2006. Mr. Coleman named three defendants in his complaint: Harley Lappin, Director of the Federal Bureau of Prisons; Defendant Herman; and the "Freedom of Information Act Office," United States Department of Justice. Defendant Herman was sued in her official capacity as an employee of the Office of Bar

Counsel. *See* Complaint at 5. Mr. Coleman seeks a wide range of records from the Office of Bar Counsel concerning Mr. Michael Lasley and Ms. Natalie M. Combs, who apparently served as Mr. Coleman's attorney and prosecutor, respectively, in previous criminal proceedings against him in the Superior Court of the District of Columbia. *See id.* at 1-4.

On February 16, 2007, Defendant Herman filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that Mr. Coleman's complaint against her fails to state a claim upon which relief can be granted, for several reasons – chiefly, because the District of Columbia Bar ("D.C. Bar") is not a federal agency subject to the requirements of FOIA and neither is it subject to the District of Columbia's similar statute. *See* Defendant Herman's Motion to Dismiss at 3-6 (Docket No. 10); *see also Sweetland v. Walters*, 60 F.3d 852, 855 (D.C. Cir. 1995) (FOIA suit against Chief Usher of the Executive Residence of the President was properly dismissed under Rule 12(b)(6) for failure to state a claim, because staff of the Executive Residence is not an "agency" as defined in FOIA and therefore not subject to FOIA's reporting requirements). Ms. Herman also asserted in her motion to dismiss that she was improperly named as a defendant in this lawsuit, noting that the D.C. Bar is capable of being sued and that she herself is expressly immune from suit under the Rules of the District of Columbia Court of Appeals that establish the D.C. Bar. *Id.* at 7.

On March 1, 2007, Mr. Coleman filed a "Motion for Substitution of Defendants Or, In the Alternative, Amended Complaint" (hereinafter, "Motion for Substitution"). By his motion, Mr. Coleman seeks, *inter alia*, to remove Ms. Herman as a defendant in this action and substitute in her place the Office of Bar Counsel of the District of Columbia Bar. Motion for Substitution at 1. The motion references an amended complaint, but no such amendment was attached.

2

While Defendant Herman is not a proper defendant in this action, the Office of Bar Counsel, District of Columbia Bar is not an appropriate defendant either, and Mr. Coleman's motion to substitute the Office of Bar Counsel as a defendant in place of Defendant Herman should be denied on grounds of futility as discussed below.

## LEGAL STANDARD

To the extent it applies to Defendant Herman, Mr. Coleman's Motion to Substitute Defendants is properly construed as a motion to amend his complaint under Rule 15 of the Federal Rules of Civil Procedure.[1]  Although leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), the court has discretion to deny a motion to amend on grounds of futility where the proposed pleading would not survive a motion to dismiss.  *Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 945 (D.C. Cir. 2004); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## ARGUMENT

Whether Defendant Herman or the Office of Bar Counsel, District of Columbia Bar is named as a defendant in this action, to the extent Mr. Coleman's lawsuit seeks records from the Office of Bar Counsel, it must be dismissed, and thus a substitution of parties would be

---

[1] Alternatively, the Court might construe Mr. Coleman's motion as arising under Fed. R. Civ. P. 25(c).  Fed. R. Civ. P. 25, "Substitution of Parties," applies in situations where a party has died or become incompetent or where there has been a "transfer of interest," none of which have occurred here.  However, this Court, in *Peralta v. U.S. Attorney's Office*, 69 F. Supp. 2d 21 (D.D.C. 1999), considered a motion by the U.S. Attorney's Office for the Central District of California to substitute the U.S. Department of Justice for itself as a defendant in a FOIA action as arising under Rule 25(c) ("transfer of interest"), where the Central District had referred the plaintiff's FOIA request to the FBI, another DOJ component agency.  The Central District argued that the proper defendant in a FOIA suit is the "agency" and that only the Department of Justice, and not its components, constitutes an "agency" under FOIA.  69 F. Supp. 2d at 25-26.  The Court disagreed and denied the motion, finding the purposes of FOIA to be better served by maintaining individual DOJ component agencies as defendants in the lawsuit, and finding that the Central District had not relinquished its FOIA responsibilities by the referral of the plaintiff's request to the FBI.  *Id*. at 26-27.

futile.[2]  All of the arguments contained in Defendant Herman's Motion to Dismiss of February 16, 2007, save the argument that Defendant Herman was improperly named, apply with equal force whether the named defendant is Defendant Herman or the Office of Bar Counsel.  Those arguments, which are hereby incorporated by reference, can briefly be summarized as follows:

- The Office of Bar Counsel of the District of Columbia Bar, an arm of the District of Columbia Court of Appeals, is not a federal agency and is therefore not subject to the requirements of the federal FOIA.  *See* Defendant Herman's Motion to Dismiss at 3-4.

- Mr. Coleman's original complaint did not include a claim under the D.C. FOIA, but he alleges in his Motion for Substitution that the substitution of the Office of Bar Counsel in place of Defendant Herman is "allowable" under the D.C. FOIA, D.C. Code § 2-531.  To the extent this Court were to construe his complaint, or any amended complaint, as incorporating a claim under the D.C. FOIA, such a claim would fail because the Office of Bar Counsel is not subject to the D.C. FOIA either (because the D.C. Bar is not a "public body" within the meaning of that statute).  *See id*. at 4-5.

- Even assuming *arguendo* that the D.C. FOIA does apply to the Office of Bar Counsel, the Rules of the District of Columbia Court of Appeals that establish the D.C. Bar expressly prohibit the public disclosure of the types of attorney disciplinary records which Mr. Coleman has requested.  *See id*. at 5-6.

---

[2] Mr. Coleman did not attach to his motion an "original of his proposed [complaint] as amended," as is required by Local Civil Rule 7(i) governing motions to amend pleadings. Nonetheless, it is apparent from the text of his motion that his amended complaint would seek the same records from the Office of Bar Counsel that the original complaint seeks from Defendant Herman.

Thus, Mr. Coleman's motion to amend his complaint by substituting the Office of Bar Counsel of the D.C. Bar in place of Defendant Herman should be dismissed as futile.[3]  See *Nat'l Wrestling Coaches* Ass'n, 366 F.3d at 945 (upholding district court's denial of appellants' request for leave to amend complaint, where none of the allegations in the proffered second amended complaint supplied missing elements of appellants' standing).  Regardless of who the named defendant is, Mr. Coleman's effort to secure records from the D.C. Bar under the federal FOIA or the D.C. FOIA cannot proceed.

## CONCLUSION

For all the foregoing reasons, Defendant Herman respectfully requests that Plaintiff's "Motion for Substitution of Defendants Or, In the Alternative, Amended Complaint" be denied as futile, and that for the reasons set forth in Defendant Herman's motion to dismiss, Mr. Coleman's complaint against her be dismissed.

DATED:  March 9, 2007

Respectfully submitted,

/s/ *Timothy K. Webster*
Timothy K. Webster (D.C. Bar No. 441297)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Counsel for Defendant Elizabeth Herman,
Office of Bar Counsel

---

[3] Alternatively, should this Court construe Mr. Coleman's motion as arising under Fed. R. Civ. P. 25(c), the Court should exercise its sound discretion by denying the motion for the same reasons set forth above.  *See Peralta*, 69 F. Supp. 2d at 25-26 (observing that district court has discretion to refuse to allow motion for substitution under Rule 25(c), *citing E.I. du Pont de Nemours & Co. v. Lyles & Lang Constr. Co.*, 219 F.2d 328, 332 (4th Cir. 1955); *McComb v. Row River Lumber Co.,* 177 F.2d 129, 130 (9th Cir. 1949)).

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2007, I caused the following individual to be served via first class mail, postage prepaid:

Monroe L. Coleman
Reg. No. 01723-016
Terre Haute United States Penitentiary
P.O. Box 12015
Terre Haute, IN 47801

And the following individual to be served through the Court's electronic case filing system:

Alexander D. Shoaibi
Assistant United States Attorney
555 4th St., N.W. Room E4218
Washington, DC 20530

                                                                           /s/ *Timothy K. Webster*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONROE L. COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:06-cv-02255-RMC |
| HARLEY LAPPIN, Director, Federal Bureau of Prisons, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **ORDER**

Upon consideration of Plaintiff Monroe Coleman's Motion for Substitution of Defendants Or, In the Alternative, Amended Complaint, and the response of Defendant Elizabeth Herman thereto, it is hereby

ORDERED that Plaintiff's motion to remove Defendant Elizabeth Herman as a defendant in this lawsuit and to substitute the Office of Bar Counsel of the District of Columbia Bar in her place is DENIED.

**SIGNED** this ____ day of _____, 2007.

_____
U.S. DISTRICT JUDGE

2

**NAMES OF PERSONS TO BE SERVED WITH PROPOSED ORDER UPON ENTRY**

Pursuant to LCvR 7(k), listed below are the names and addresses of all individuals entitled to be notified of the proposed order's entry.

Monroe L. Coleman
*Pro se*
Reg. No. 01723-016
Terre Haute United States Penitentiary
P.O. Box 12015
Terre Haute, IN 47801

Alexander D. Shoaibi (registered with the Court's electronic case filing system)
Assistant United States Attorney
555 4th St., N.W. Room E4218
Washington, DC 20530