IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONROE L. COLEMAN,
    Plaintiff,

    v.                  Case No. 06-cv-2255(RMC)

HARLEY LAPPIN, Director,
Federal Bureau of Prisons, et al.,
    Defendants.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
[D.C. BAR COUNSEL]
ELIZABETH HERMAN'S MOTION TO DISMISS

COMES NOW Monroe L. Coleman, pro se, first informing this Honorable Court that his legal mail from the court or/and defendants do not reach him promptly. E.g., plaintiff received on February 21, 2007, defendant Herman's Motion To Dismiss which was dated: February 16, 2007. Plaintiff received an Order from the same court on February 28, 2007, said Order was dated February 16, 2007. Therefore, plaintiff believes his legal mail is intentionally being withheld by agents of the defendants who are authorized to open all mail that is not marked "Legal, open only in the presence of the inmate." If the court will probe into this matter it will be helpful for plaintiff to receive and prepare any and all motions promptly when addressing this court and defendants.

       Now, turning to plaintiff's actual complaint. Those claims mentioned the withholding of information: Defense counsel Michael Lasley -- 1) Educational grade while in college, 2)

**RECEIVED**

MAR 1 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

when admitted to the D.C. Bar Association date, 3) any complaints filed against counsel, and 4) counsel's employer who paid his check during the months and years of 1985-1986.

Plaintiff only wants *** inspection of [D.C.] state bar records of whether complaints against or investigations of attorney(s) Michael Lasley exist. 83 ALR 3d 777. The term 'record' has the same meaning as the same meaning as the term 'record' under section 552(f)(2) of title 5, United States Code.

There is no statute, regulation, executive order *** that prohibits the release of counsel Michael Lasley's information in possession of D.C. Bar Counsel: School record of college, the grades while in college, disciplinary reports if any, and what agency or government paid his salary during the months of 1985-1986.

It is requested that this Court review what materials in possession of the D.C. Bar Counsel to determine whether exempt from disclosure applies under Privacy Acts exemption of "investigation material" contained in 5 USCS §552(a)(K)(5). 55 ALR Fed 903. And if the court will under 5 USCS §552(a)(4)(B) review or examine those agencies records in camera to determine propriety of the withholding records by each named agency. 60 ALR Fed 416.

## PROCEDURAL REQUIREMENTS

The Freedom of Information Act applies to "records" maintained by "agencies" within the executive branch of the federal

-2-

government, including the executive Office of the President and independent regulatory agencies.  The Supreme Court has articulated a basic, two-part test for determining what constitutes an "agency record" under the FOIA:  "Agency records" are documents which are 1) either created or obtained by an agency, and 2) under agency control at the time of the FOIA request.

Each federal agency is required to publish in the Federal Register its procedural regulations governing access to its records under the FOIA 5 U.S.C. §552(a)(3),(4)(A).  These regulations **must inform the public of where and how to address requests; of what types of records are maintained by these agencies; of its schedule of fees of search, review and duplication; of its fee waiver criteria; and of its administrative appeal procedures.** See, e.g., 28 C.F.R. pt. 16(A)(1975)(Dep't of Justice FOIA regulations). This fact of what types of records are maintained by the agencies of D.C. Bar Counsel, Bureau of Prisons, Freedom of Information, and Dep't of Justice have intentionally failed at that obligation.

Although an agency may occasionally waive some aspect of its published procedures for reasons of public interest, speed, or simplicity, all agencies should be mindful that any "unnecessary bureaucratic hurdle has no place in [the Act's] implementation "President's Memorandum for Heads of Dep'ts and Agencies regarding the Freedom of Information Act, 29 Weekly Comp. Pres. Doc. 1999 (Oct. 4, 1993); see, e.g., FOIA Update, Summer 1994, at 6 (cautioning

-3-

against practices that would cause unwarranted disadvantages to requesters in reord-referral processes), and that no requirement may be imposed on a requester beyond those prescribed in an agency's regulations. See Zemansky v. EPA, 767 F.2d 569,574(9th Cir. 1985); see also FOIA Update, Summer 1989, at 5 (addressing submission of FOIA requests by "fax" in absence of contrary agency regulation).

      FOIA requests can be made for any reason whatsoever, with no showing of relevancy required; because the purpose for which records are sought "has no bearing" upon the merits of the request, FOIA requesters do not have to explain or justify their requests. United States Dep't of Justice v. Reporters Comm. for Fareedom of the Press, 489 U.S. 749,771(1989); see North v. Walsh, 881 F.2d 1088,1096(D.C. Cir. 1989)(requester's identity and intended use not proper factors in determining access rights under FOIA); Durns v. Bureau of Prisons, 804 F.2d 701,706(D.C. Cir. 1986)("Congress granted the scholar and the scoundrel equal rights of access to agency records."), cert. granted, judgment vacated on other grounds and remanded, 486 U.S. 1029(1988); Forsham v. Califano, 587 F.2d 1128, 1134(D.C. 1987) while factors such as need, interest or public interest may bear on agency's determination of order of processing, they have no bearing on individuals' rights of access under FOIA); see also FOIA Update, Spring 1989, at 5; FOIA Update, Summer 1985, at 5.

      However, an agency "must be careful not to read [a]

-4-

request so strictly that the requester is denied information the agency well knows exists in its files, albeit in a different form from that anticipated by the requester." In applying this standard, agencies should heed President Clinton's admonition to "handle requests for information in a custom friendly manner [in order to] ensure compliance with both the letter and spirit of the Act. President Clinton's FOIA Memorandum, reprinted in FOIA Update, Summer/Fall 1993, at 3; see also Attorney General's Memorandum for Heads of Departments and Agencies regarding the Freedom of Information Act (Oct. 4, 1993), *** reprinted in FOIA Update, Summer/Fall 1993, at 4-5; FOIA Update, Summer 1994, at 6 (describing National Performance Review FOIA activities at Justice Department).

The fact that a FOIA request is very broad or "burdensome" in its magnitude does not, in and of itself, entitle an agency to deny that request on the ground that it does not "reasonably describe" the records sought. See, e.g., Ruotolo v. Dep't of Justice, 53 F.3d at 10; see also FOIA Update, Summer 1983, at 5.

The key factor is the ability of an agency's staff to reasonably ascertain and locate exactly which records are being requested, see Van Strum v. EPA, No. 91-3504, slip op. at 3 (9th Cir. Aug. 17, 1992)(agency justified in denying or seeking clarification of overly broad requests which would place inordinate search burden on agency resources); American Fed'n of Gov't Employees

v. United States Dep't of Commerce, 907 F.2d 203,209(D.C. Cir.
1990) holding request which would require agency "to locate, review,
redact, and arrange for inspection a vast quantity of material"
to be "so broad as to impose an unreasonable burden upon the agency"
(citing Goland v. CIA, 607 F.2d at 353); "[I]f the locations to
be searched are not plain from the face of the request, the govern-
ment agency...need not imply additional locations into search."
Canning v. United States Dep't of the Treasury, No. 91-2324, slip
op. at 8 (D.D.C. April 28, 1993.

   More than one court has recently ruled, though, that
agencies may be required to perform relatively simple computer
searches to locate requested records or demonstrate why such searches
are unreasonable in a given case.  See Thompson Publishing Group,
Inc. v. Health care Fin. Admin., No. 92-2431, slip op. at 3-4
(D.D.C. March 15, 1994.

   The information sought by plaintiff from defendant D.C.
Bar Counsel does or should exists within that agency.  The adequacy
of an agency's search under the FOIA is determined by a test of
"areasonableness," which may vary from case to case.  See Ruotolo,
supra, 53 F.3d at 9.  In other words, search inadequate where
agency did not produce records required to be maintained and where
plaintiff was able to produce documents obtained by other FOIA
requesters which demonstrate that agency possesses files which
may contain responsive records.  Kronberg v. United States Dep't

-6-

of Justice, 875 F. Supp. 861,870-71(D.D.C. 1995).

As a general rule, an agency must undertake a search that is "reasonably calculated" to locate the requested records. Oglesby v. United States Dep't of the Army, 920 F.2d 57,68(D.C. Cir. 1990) agency may not limit search to one record system if others are likely to contain responsive records; search li/mited to only some boxes of relevant files held inadequate, and, if challenged were in court, must be able to show "what records were searched, by whom, and through what process. Steinberg v. United States Dep't of Justice, 548 F.3d 348,552(D.C. Cir. 1994), remanding issue of adequacy of search where agency did not "describe in any detail" what records were searched, by whom, and through what process.

Agency personnel conducting a search must also apply reasonable search standards; e.g., one  court has held that a search was inadequate where agency employees were not properly instructed on how to distinguish "personal records from agency records." Ethyl Corp. v. EPA, 25 F.3d at 1241.
Agencies should strive to follow not only the letter of the Act, but "its underlying spirit as well. FOIA Update, Summer/Fall 1993, at 9; accord President Clinton's FOIA Memorandum, reprinted in FOIA Update, Summer/Fall 1993, at 4 (likewise stressing "both the letter and the spirit" of FOIA); see also id. at 5 (followup Attorney General memorandum calling for "new spirit of government

openness" and new institutional attitude toward FOIA administration";
FOIA Update, Spring 1994, at 1 (emphasizing importance of "better
and more efficient communication with FOIA requesters."

Once an agency is in receipt of a proper FOIA request,
it is required to inform the requester of its decision to grant
or deny access to the requested records within ten working days.
5 U.S.C. §552(a)(6)(A)(i); see also FOIA Update, Summer 1992,
at 5 (merely acknowledging request within 10-day period is simply
insufficient); cf. Judicial Watch, Inc. v. Clinton, 880 F. Supp.
at 10 (rejecting requester's claim that response in less than
10 working days is evidence of "bad faith").

Agencies are not necessarily required to release records
within the ten days, but access to releasable records should be
granted promptly thereafter. 5 U.S.C. §552(a)(6)(C); see Larson
v. IRS, No. 85-3076, slip op. at 2-3(D.D.C. Dec. 11, 1985).

All agencies should remember, however, that even after
they make such record referrals in response to FOIA requests,
they retain the responsibility of defending any agency action
taken with respect to those records if the matter proceeds to
litigation. See, e.g., Williams v. FBI No. 92-5176, slip op.
at 2 (D.C. Cir. May 7, 1993 (illustrating that, in litigation,
referring agency is nevertheless required to justify withholding
of record that was referred to another agency. See also FOIA
Update, Summer 1994, at 6 (advising on referrals of records to

-8-

other agencies); cf. Grove v. Dep't of Justice, 802 F. Supp. 506,518
(D.D.C. 1992)(agency may not use "'consulation' as its reason
for a deletion, without asserting a valid exemption".

It also has been held without contradiction by the courts
that the agency, not the requester, can choose the format of disclo-
sure, where the agency chooses reasonably under the circumstances
presented--but agencies should be sure to exercise sound discretion
in complying with FOIA requests without "unnecessary bureaucratic
hurdles" in this regard.  President Clinton's FOIA Memorandum,
reprinted in FOIA Update, Summer/Fall 1993, at 3.

OPPOSITION DENIAL OF MOTION TO DISMISS

The need to protect classified information may be outweigh-
ed by the public interest in disclosure of the information, and
in these cases the information should be declassified.  If it
appears that the public interest in disclosure of the information
may outweigh the need to protect the information, the declassifica-
tion reviewing  official shall refer the case with a recommendation
for decision to the DRC.  The Bar Counsel shall review the case
and make a recommendation to the Attorney General on whether the
public interest in disclosure outweighs the to National Security
that might reasonably be expected from disclosure.  The Attorney
General shall decide whether to declassify the information.  The
decision of the Attorney General shall be final.  This provision
does not amplify or modify the substantive criteria or procedures

-9-

for classification or create any substantive or procedural rights subject to judicial review. Such attorney information from Bar Counsel Agency should not be exempt from disclosure.

FOIA requires government agencies to make public virtually all information that is not specifically exempted from disclosure under the Act. See United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 57 U.S.L.W. 4925,4929, 106 L. Ed. 2d 112, 109 S. Ct. 2841(1981); accord EPA v. Mink, 410 U.S. 73,79, 35 L. Ed. 2d 119, 93 S. Ct. 827(1973).

A party seeking disclosure of information that is not already available to the public under FOIA sections 552(a)(1) and (2) must first request that information from the agency. 5 U.S.C. § 552(a)(3). If the agency refuses the request and denies the requester's administrative appeal, id. §552(a)(6)(ii), section 552(a)(4)(B) authorizes district courts, "on complaint,...to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." (Emphasis added).

"The FOIA sole concern is with what must be made public or not made public. United States Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 109 S. Ct. 1468,1481, 103 L. Ed. 2d 774(1989)(citation omitted); see NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214,242 n. 23, 57 L. Ed. 2d 159, 98 S. Ct. 2311(1978) stating that person's rights under FOIA are

-10-

neither diminished nor exhanced by his "litigation-generated need"
for agency documents; aacord NLRB v. Sears, Roebuck & Co., 421
U.S. 132,143 n. 10, 44 L. Ed. 2d 29, 95 S. Ct. 1504(1975); see
also United States v. Buckley, 586 F.2d 498,506(5th Cir. 1978)
stating that "FOIA provides an independent basis for obtaining
information potentially useful in a criminal trial", cert. denied,
440 U.S. 982, 60 L. Ed. 2d 242, 99 S. Ct. 1792(1979).

A supporting fact to consider on behalf of plaintiff
against either defendant namely Bar Counsel Agency and Freedom
of Information Agency, "a record need not be within a system of
records to bring a claim under §552(e)(7). Albright v. United
States, 203 U.S. App. D.C. 333, 631 F.2d 915,916-17(D.C. Cir.
1980); Clarkson v. IRS, 678 F.2d 1368,1375-76(11th Cir. 1982).

Bureau of Prisons Agency should disclose information
of Kimberly Moore that is not a security threat such as:  discipli-
nary areport, investigation results, beginning and ending of investi-
gations, and beginning employment date and terminated date.

Finally, plaintiff requested from Dep't of Justice Agency
the information concerning those government witnesses in plaintiff's
criminal case in D.C. Superior Court Case #F1258-85, 1)  who were
placed in the same holding cells of Superior Court with plaintiff
before, during, and after trial in case #F1258-85, 2)  placed
in the same living unit at the D.C. Detention Center before or
during trial, 3)  plaintiff be allowed to review the subpoena

-11-

issued to government witness Walter Gray, and 4) that the Dep't of Justice Agency inform the court and plaintiff how and why Walter Gray was able to appear, enter or go to the same courtroom plaintiff was in trial [F5575-83] that specific day.

Nothing happens by accident, law governs all events. It is believed that the United States Attorney's Office, along with the Dep't of Justice agency defendant's in this civil matter, and attorney Michael Lasley were involved in a conspiracy allowing these illegal confrontations and show-ups to occur with any true challenging on behalf of Michael Lasley.

The freedom of information litigation is to show a conspiracy against plaintiff did exist before, during, and after either trial in Criminal Case Numbers F5575-83 and F1258-85. Therefore, it is requested that this Court conduct at least an In Camera Inspection 5 U.S.C. §552(a)(4)(B)(1994) to determine whether the above information sought should be considered for exemption.

## CONCLUSION

As the court is aware plaintiff is proceeding pro se, and plaintiff submit he possess very limited knowledge of federal law and procedure, and for such reason, request that this Honorable Court holds his pleadings to less stringent than those held upon trained lawyers. See Haines v. Kerner, 404 U.S. 519(1972). Plaintiff also asks that this Court allow the instant Motion To Dismiss

-12-

be the grounds for all defendants in the above caption case number.

## CERTIFICATE OF SERVICE

I, Monroe L. Coleman, pro se, hereby states a true copy of the foregoing motion has been mailed to the followings:

Timothy K. Webster, Esq.
Sidley Austin, LLP
1501 K Street, N.W.
Washington, D.C. 20005

Alexander D. Shoaibi, AUSA
555 4th Street, N.W.
Room E4218
Washington, D.C. 20530

Mailed on this 10th day of March, 2007.

Respectfully submitted,

Monroe L. Coleman, pro se
#01723-016
U.S. Penitentiary
P.O. Box 12015
Terre Haute, IN 47801

March 8, 2007

Indiana University School of Law-Bloomington
Inmate Legal Assistance Project
Bloomington, Indiana 47405

RE:  Civil Action 06-cv-2255(RMC)
     Freedom of Information Claim

Dear Mr. M. Butcher:


     This letter comes to your attention informing you that I
have yet to hear from the Sixth Circuit Court of Appeals regarding
the Jurisdictional issue, but there are two other claims I have
pending in the courts.

     First, I would like to receive assistance for presenting
to the United States Supreme Court a writ of certorari concerning
the Bureau of Prisons withholding of good time credits.  See the
enclosed order.

     Second, I have a claim pending in the District of Columbia
United States District Court concerning Freedom of Information.
The defendants are U.S. Dep't of Justice Agency, Bureau of Prisons
Agency, Freedom of Information Agency, and D.C. Bar Counsel Agency
for withholding information that is not protected under 5 U.S.C.
§552.

     Well, I'll end this letter with hope of hearing from you
soon, and also, I'd never received that letter we spoke about.
And give my regards to * her.  Thank you for your time and support.


                              Sincerely yours,

                              Monroe L. Coleman
                              #01723-016
                              U.S. Penitentiary
                              P.O. Box 12015
                              Terre Haute, IN 47801

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONROE L. COLEMAN,
     Plaintiff,

    v.                         Case No. 06-cv-2255(RMC)

HARLEY LAPPIN, Director,
Federal Bureau of Prisons, et al.,
     Defendant.

### ORDER

     Upon consideration of Plaintiff's Opposition To Defendant's Elizabeth Herman's Motion To Dismiss, not excluding other defendants' Motion To Dismiss, this court will hold plaintiff's Opposition Motion To Dismiss in abeyance for other defendants who may file same title thereto, it is hereby

     ORDERED that Plaintiff's Opposition Motion To Dismiss be held in abeyance for all defendants or if the court sees other reasons for Plaintiff to file such motion to other defendants' Motion To Dismiss is GRANTED.

Signed this _____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE