## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MONROE COLEMAN** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civ. No. 06-2255 (RMC)** |
| | ) | |
| **HARLEY LAPPINS,** | ) | |
| **Director, Federal Bureau of Prisons, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANTS' MOTION TO DISMISS OR,
## IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 12(b)(6), Federal Defendants Harley Lappins, Director Bureau of Prisons, and John/Jane Doe, Director Freedom of Information Office, by counsel, respectfully move this Court to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted, and to enter Summary Judgment on the grounds that the disclosable portions of the records requested by Plaintiff pursuant to the Freedom of Information Act, 5 U.S.C. §552 ("FOIA" or the "Act"), have been provided, and that the remaining portion of the records, were properly withheld under the Act. In support of its Motion, the Defendants refer this Court to the accompanying Memorandum of Point and Authorities, Statement of Material Facts as to Which There is no Genuine Dispute, and the Declaration of Sharon Massey, Legal Instruments Examiner, Federal Bureau of Prisons.

A proposed Order is also attached.

Plaintiff should take notice that any factual assertions contained in the accompanying Declaration and other attachments in support of Federal Defendants' Motion may be accepted by the Court as true unless Plaintiff submits his own declaration or other documentary evidence

contradicting the assertions in Federal Defendants' attachments.  See Neal v. Kelly, 963 F.2d 453

(D.C. Cir. 1992), Local Rule 7.1, and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
ALEXANDER D. SHOAIBI, D.C. Bar # 423587
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7236
alexander.d.shoaibi@usdoj.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MONROE COLEMAN** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civ. No. 06-2255 (RMC)** |
| | ) | |
| **HARLEY LAPPINS,** | ) | |
| **Director, Federal Bureau of Prisons, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## FEDERAL DEFENDANTS' STATEMENT OF MATERIAL FACTS
## <u>NOT IN GENUINE DISPUTE</u>

1.      Plaintiff Monroe L. Coleman, Federal Register No. 01723-016, is an inmate incarcerated at the United States Penitentiary, ("USP") Terre Haute, Indiana. Plaintiff was previously housed in the United States Penitentiary ("USP") Big Sandy, in Inez, Kentucky, from February 5, 2004, until February 16, 2006. Plaintiff was sentenced in the Superior Court for the District of Columbia to a Life sentence for robbery while armed, first degree murder while armed (felony murder) and attempt to commit robbery while armed. Declaration of Sharon Massey ("Massey Decl.") at ¶3.

2.      On June 30, 2006, the Freedom of Information Division of the Federal Bureau of Prisons, Central Office, received and forwarded to the Consolidated Legal Center, Lexington, Kentucky, a Freedom of Information Act ("FOIA") request from Plaintiff.  Plaintiff requested "all records and/or data contained in the files regarding BOP former worker Kimberly Moore, including disciplinary report filed against Monroe LaVelle Coleman by Mrs. Kimberly Moore who was terminated. . ."  ". . . any and all investigations on the named party Mrs. Kimberly

Moore be released to requestor." Attachment B; Massey Decl. at ¶4.  This request was assigned

number 2006-07999.  Massey Decl. at ¶5.

    3.    In line with the normal procedures, Plaintiff's request was forwarded to the

Consolidated Legal Center in Lexington, Kentucky (hereafter CLC Lexington) for processing.

Massey Decl. at ¶6, & Attachment C.  Plaintiff was sent a letter dated July 13, 2006,

acknowledging the FOIA request by CLC Lexington. Massey Decl. at ¶7, & Attachment D.

    4.    On July 19, 2006, CLC Lexington responded to Plaintiff's FOIA request no.

2006-07999.  Inmate Coleman was notified that there were 2 pages responsive to his request.  It

was determined that the 2 pages were releasable. Massey Decl. at ¶8, & Attachment F.

    5.    The letter also informed Plaintiff that with regard to his request for all past

disciplinary actions for a staff member, CLC Lexington/BOP was refusing to confirm or deny the

existence of such records.  This was based upon the lack of the individual's consent, proof of

death, official acknowledgment of an investigation, or overriding public interest. Even to

acknowledge the existence of these records pertaining to an individual could reasonably be

expected to constitute an unwarranted invasion of personal privacy,  also known as a Glomar

response. Massey Decl. at ¶9 & Attachment E.

    6.    CLC Lexington released two pages of records to the Plaintiff. Massey Decl. at

¶10, & Attachment F.

7.    On December 29, 2006, Plaintiff filed the present complaint, alleging that the Defendant improperly withheld all the documents.  See generally Complaint.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
ALEXANDER D. SHOAIBI, D.C. Bar # 423587
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7236
alexander.d.shoaibi@usdoj.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MONROE COLEMAN** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civ. No. 06-2255 (RMC)** |
| | ) | |
| **HARLEY LAPPINS,** | ) | |
| **Director, Federal Bureau of Prisons, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE  MOTION FOR SUMMARY JUDGMENT

Defendants Harley Lappins, Director Bureau of Prisons, and John/Jane Doe, Director Freedom of Information Office, through their undersigned attorneys, submit this memorandum of points and authorities in support of their Motion to Dismiss or, in the Alternative, Motion for Summary Judgment.

## INTRODUCTION

Plaintiff initiated this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking information from the Bureau of Prisons ("BOP") about a BOP employee with whom he allegedly was involved while incarcerated.  In his Complaint, plaintiff also references separate requests to the "Freedom of Information Act Agency" and "John/Jane Doe, Director Office of the Freedom of Information" for information about attorneys and witnesses involved in a criminal prosecution of him in the Superior Court.[1]  Plaintiff seeks disclosure of documents

---

[1]    Federal Defendants note that plaintiff has moved to amend the complaint, substituting Department of Justice for "Freedom of Information Act Office" as a defendant, and that the Court has not yet ruled on plaintiff's motion. Because of Plaintiff's incorrect reference to

under the FOIA.

At issue in this FOIA action against BOP is whether BOP properly refused to admit or deny if any responsive documents existed concerning disciplinary action(s) taken or investigated by it against one Kimberly Moore. As discussed below and in the attached Vaughn Index,[2] two pages responsive to Plaintiff's request for disciplinary actions filed against him by Ms. Moore were provided. Massey Decl. at ¶8, & Attachment F. Additionally, the BOP, refused to confirm or deny the existence of records related to Plaintiff's request for all past disciplinary actions taken by the BOP against Ms. Moore. This was based upon the lack of the individual's consent, proof of death, official acknowledgment of an investigation, or overriding public interest. Even to acknowledge the existence of these records pertaining to an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy, also known as a "Glomar" response[3]. Massey Decl. at ¶9, & Attachment E. Defendants' Motion for Summary Judgment

"Freedom of Information Act Office," there was a delay in contacting the Department of Justice component with access to the relevant information, the Executive Office of United States Attorneys ("EOUSA"). EOUSA is in the process of preparing the necessary declarations to provide a dispositive motion similar to what is being filed on behalf of the Bureau of Prisons, and that motion will be filed if plaintiff's motion for substitution of parties is granted. Federal Defendants' Motion for Summary Judgment, therefore, addresses plaintiff's FOIA requests directed to BOP.

    [2] "Vaughn Index" is a term derived from Vaughn v. Rosen, 484 F2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974). The index usually consists of a detailed affidavit or declaration, the purpose of which is to permit the court system effectively and efficiently to evaluate the factual nature of disputed information. See John Doe Agency v. John Doe Corp., 493 U.S. 146 (1989). In the instant case, the declaration of Ms. Massey will serve as the BOP's Vaughn Index.

    [3] That is, the agency may refuse to confirm or deny the existence of records or information responsive to the FOIA request on the ground that even acknowledging the existence of responsive records constitutes an unwarranted invasion of the targeted individual's personal privacy. Phillippi v. Central Intelligence Agency, 546 F.2d 1009, 1014-15 (D.C.Cir.1976) (CIA

should therefore be granted, and judgment should be entered in favor of Defendant BOP.

## BACKGROUND

### A.    Plaintiff's FOIA Request to the Bureau of Prisons.

Plaintiff Monroe L. Coleman, Federal Register No. 01723-016, is an inmate incarcerated at the United States Penitentiary, ("USP") Terre Haute, Indiana. Plaintiff was previously housed in the United States Penitentiary ("USP") Big Sandy, in Inez, Kentucky, from February 5, 2004, until February 16, 2006. Plaintiff was sentenced in the Superior Court for the District of Columbia to a Life sentence for robbery while armed, first degree murder while armed (felony murder) and attempt to commit robbery while armed. Declaration of Sharon Massey ("Massey Decl.") at ¶3.

On June 30, 2006, the Freedom of Information Division of the Federal Bureau of Prisons, Central Office, received and forwarded to the Consolidated Legal Center, Lexington, Kentucky, a Freedom of Information ("FOIA") request.  Plaintiff requested "all records and/or data contained in the files regarding BOP former worker Kimberly Moore, including disciplinary report filed against Monroe LaVelle Coleman by Mrs. Kimberly Moore who was terminated..." and  ". . . any and all investigations on the named party Mrs. Kimberly Moore be released to requestor." Attachment B; Massey Decl. at ¶4.  This request was assigned number 2006-07999.  Massey Decl. at ¶5.

In line with the normal procedures, Plaintiff's request was forwarded to the Consolidated Legal Center in Lexington, Kentucky (hereafter CLC Lexington) for processing.  Massey Decl. at

refused to confirm or deny existence of secret vessel, the "Glomar Explorer").

3

¶6, & Attachment C.  Plaintiff was sent a letter dated July 13, 2006, acknowledging the FOIA request by CLC Lexington. Massey Decl. at ¶7, & Attachment D.  On July 19, 2006, CLC Lexington responded to Plaintiff's FOIA request no. 2006-07999.

Plaintiff  was notified that there were 2 pages responsive to his request.  It was determined that the 2 pages were releasable. Massey Decl. at ¶8, & Attachment F.

The letter also informed Plaintiff that with regard to his request for all past disciplinary actions for a staff member, CLC Lexington/BOP was refusing to confirm or deny the existence of such records.  This was based upon the lack of the individual's consent, proof of death, official acknowledgment of an investigation, or overriding public interest. Even to acknowledge the existence of these records pertaining to an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy,  also known as a "Glomar" response. Massey Decl. at ¶9 & Attachment E. CLC Lexington released two pages of records to the Plaintiff. Massey Decl. at ¶10, & Attachment F.

On December 29, 2006, Plaintiff filed the present complaint, alleging that the Bureau of Prisons improperly withheld all the documents.  See generally Complaint.

**B.    Plaintiff's Disciplinary Reports.**

The first section of Plaintiff's request concerned disciplinary actions filed by a BOP staff member against the Plaintiff.  Title 28 C.F.R.  §541.10 et seq, *Inmate Discipline and Special Housing Units*, outlines the BOP procedures to be followed in the issuance of a report for a violation of the inmate disciplinary code.  The BOP has produced forms which comply with the above regulation.  Plaintiff requested and received a copy of an incident report issued against him by the staff member Plaintiff identified.  Therefore, the BOP's request was responsive to the

4

Plaintiff.

### C.    <u>Plaintiff's Request for Disciplinary Actions Against A Staff Member.</u>

Plaintiff's second request is a broad and general request which can be summarized as all BOP investigations or employee discipline issued against a Ms. Kimberly Moore by the BOP. Plaintiff alleges Ms. Moore was terminated and seeks "any and all investigations" which "pertain to Mrs Kimberly Moore" and are in reference to ". . .her wrongful acts and those acts that led to her being terminated from working for the Bureau of Prisons."

The BOP refused to confirm or deny the existence of such records. This was based upon the lack of the individual's consent, proof of death, official acknowledgment of an investigation, or overriding public interest. Even to acknowledge the existence of these records pertaining to an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy, also known as a "Glomar" exception. Massey Decl. at ¶9 & Attachment E.

### <u>ARGUMENT</u>

Plaintiff's FOIA requests to BOP can be divided into two categories: (1) information regarding his disciplinary record, specifically disciplinary actions filed by a Mrs. Moore and (2) information regarding alleged disciplinary matters taken against Mrs. Moore by the BOP. Defendant BOP has provided Plaintiff with all requested and disclosable information regarding his disciplinary record, and therefore his complaint with respect to those matters is moot. With respect to the information concerning a staff member's disciplinary matters, that information, to the extent that any exists, is exempt from disclosure under FOIA exemption 7. Thus, Defendant BOP has properly responded to Plaintiff's FOIA request, and Defendant BOP's summary

judgment motion should be granted.

I.      **STANDARD FOR SUMMARY JUDGMENT.**

Summary judgment is an appropriate method for a court to dispose of a FOIA complaint. See Rugiero v. United States Department of Justice, 257 F.3d 534 (6th Cir. 2001); see also Jones v. FBI, 41 F.3d 238,242 (6th Cir. 1994).  Under Rule 56( c) of the Federal Rules of Civil Procedure, summary judgment is required when the pleadings and evidence demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56( c); Celotex Corp. v. Cattrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995).  Any factual assertions contained in affidavits and other evidence in support of the moving party's motion for summary judgment shall be accepted as true unless the facts are controverted by the nonmoving party through affidavits or other documentary evidence.  Fed. R. Civ. P. 56(e).

While all evidence and the inferences drawn therefrom must be considered in the light most favorable to the nonmoving party, see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), summary judgment should be granted if the moving party submits "affirmative evidence that negates an essential element of the nonmoving party's claim" or demonstrates "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim."  High Tech Gays v. Defense Industrial Security Clearance Office, 895 F.2d 563, 574, reh'g denied, 909 F.2d 375 (9th Cir. 1990) (citing Celotex, 477 U.S. at 331).

FOIA cases are typically decided on motions for summary judgment.  See Cappabianca v.

<u>Commissioner, U. S. Customs Serv.</u>, 847 F. Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment")(citing <u>Miscavige v. IRS</u>, 2 F.3d 366, 368 (11th Cir. 1993)).  To be entitled to summary judgment, the agency must prove that each document was produced, not withheld, is unidentifiable, or is exempt from disclosure.  <u>Weisberg v. U. S. Dept. of Justice</u>, 627 F.2d 365, 368 (D.C. Cir. 1980).

Under FOIA, federal courts may "enjoin the agency from withholding agency records and [may] order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).  Requesters may prevail in a FOIA action only if an agency has (1) improperly (2) withheld (3) agency records, and jurisdiction may only be invoked if  "the agency has contravened all three components of this obligation."  <u>Kissinger v. Reporters Committee for Freedom of the Press</u>, 445 U.S. 136, 150 (1980).  An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and the plaintiff with affidavits, declarations, or other evidence showing that it has discharged its obligations under the FOIA. <u>Hayden v. National Security Agency Cent. Sec. Serv.</u>, 608 F.2d 1381, 1384 (D.C. Cir. 1979), <u>cert. denied</u>, 446 U.S. 937 (1980); <u>Church of Scientology v. U.S. Dept. of Army</u>, 611 F.2d 738, 742 (9th Cir. 1980).  The declarations need not be overly detailed or otherwise provide "meticulous documentation", but rather only need "explain in reasonable detail the scope and method of the search conducted by the agency. . ." <u>Perry v. Block</u>, 684 F.2d 121, 127 (D.C. 1982).

Although an agency's denial of a FOIA request is reviewed by a District Court *de novo*, <u>see</u> 5 U.S.C. ¶552(a)(4)(B), courts may accord deference to an agency whose primary mission is

7

law enforcement when the agency is performing a law enforcement function.  See e.g., Pratt v.

Webster, 673 F.2d 408, 418 (D.C. Cir. 1982) ("we conclude that a court may apply a more

deferential attitude toward the claims of 'law enforcement purpose' made by a criminal law

enforcement agency....  [A] court can accept a less exacting proof from such an agency that the

purpose underlying disputed documents is law enforcement").  The BOP qualifies as a law

enforcement agency.  See Duffin v. Carlson, 636 F.2d 709,713 (D.D.C. 1980) (finding that the

BOP is a criminal law enforcement authority).[4]  Moreover, an agency "may justify its claims of

exemption through detailed affidavits, which are entitled to a presumption of good faith."

Rugiero, 257 F.3d at 544 (citing United States Dept. of State v. Ray, 502 U.S. 164, 179 (1991).

    Because the declaration of Sharon Massey and the attachments thereto demonstrate that

Defendant BOP has met its obligation under the FOIA, and that no genuine issue as to any

material fact exists, summary judgment should be granted to Defendant BOP as a matter of law.

See Perry v. Block, 684 F.2d 121, 126 (D.C. Cir. 1982).


## II.    THE PURPOSE OF THE FREEDOM OF INFORMATION ACT.

    The Freedom of Information Act generally provides that any person has a right,

enforceable in court, to obtain access to federal agency records, except to the extent that such

records are protected from public disclosure by any of the nine exemptions or three special law

enforcement record exclusions.  While the FOIA's statutory objective is to achieve "the fullest

responsible disclosure," see S. Rep. No; 89-813, at 3 (1965), the Supreme Court has emphasized

---

[4]    Courts, in other non-FOIA litigation, have broadly determined that Bureau of Prisons' employees are "law enforcement officers."  See Chapa v. United States Dep't of Justice et al., 339 F.3d 388 (5th Cir. 2003); Reed v. Reno, et al., 146 F3d 392 (6th Cir. 1998).

that only "[o]fficial information that sheds light on an agency's performance of its statutory duties falls squarely within that statutory purpose." United States Dept. of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749,773 (1989).

Thus, the identity of the FOIA requester does not matter. See e.g., EPA v. Mink, 410 U.S. 73, 86 (1973) (declaring that FOIA is "largely indifferent to the intensity of a particular requester's need"); Parsons v. Freedom of Info Act Officer, 1997 WL 461320, at *1 (6th Cir. Aug. 12,1997) (holding that plaintiff's argument of "legitimate need for the documents superior to that of the general public or the press" fails because identity of requester is irrelevant to the determination of whether an exemption applies); United Techs v. FAA, 102 F. 3d 688, 692 (2nd Cir. 1996) ("Congress created a scheme of categorical exclusion; it did not invite a judicial weighing of the benefits and evils of disclosure on a case-by-case basis").  Because FOIA "is fundamentally designed to inform the public about agency action and not to benefit private litigants," a requestor's rights under FOIA "are neither increased nor decreased by reason of the fact that it claims an interest in the [matter sought]" greater than that shared by the average member of the public.  N.L.R.B. v. Sears, Roebuck & Co., 421 U.S. 132, 143 n.10 (1975).


III.    **DEFENDANT BOP PROVIDED THE DOCUMENTS RESPONSIVE TO PLAINTIFF'S REQUEST FOR HIS DISCIPLINE.**

Courts can only grant relief when an agency has improperly withheld agency records.  See 5 U.S.C. §552(a)(4)(B).  Thus, where a plaintiff  has been provided the information sought in his FOIA request, the Court must dismiss the action as moot.  Lepelletier v. FDIC, 23 Fed. Appx. 4, 6, 2001 WL 1491398 (D.C. Cir. 2001).

9

A.     **Responsive Information Was Provided.**

Defendant BOP has fully responded to Plaintiff's request for the inmate disciplinary

records. In his FOIA request, Plaintiff sought information regarding disciplinary actions taken

against him by a BOP staff member, and these documents were provided in full.  See Attachment

F.

IV.    **DEFENDANT BOP PROPERLY RESPONDED TO THE REQUESTS FOR ANY
       ALLEGED DISCIPLINARY ACTIONS AGAINST THE STAFF MEMBER , AND
       FURTHER PROPERLY REFUSED TO ADMIT OR DENY THE EXISTENCE OF
       ANY INFORMATION CONCERNING A STAFF MEMBER'S DISCIPLINE
       RECORD.**

With respect to the Defendant BOP's refusal to admit or deny the existence of any

information concerning requested staff discipline[5], Defendant BOP's response was proper

pursuant to exemption (b)(7), which exempts records which could reasonably be expected to

constitute an unwarranted invasion of personal privacy.

The BOP made a "Glomar" response - refusing to confirm or to deny the existence of any

records, *See* Wolf v. CIA, 473 F.3d 370 (D.C. Cir.2007), and also asserted that the records, if

they exist, would be exempt from disclosure pursuant to exemption 7(c) of the Freedom of

Information Act. See 5 U.S.C. §552(b)(7)(c).   That exemption permits an agency to withhold

"information compiled for law enforcement purposes" when producing that information "could

reasonably be expected to constitute an unwarranted invasion of personal privacy."

The "neither confirm nor deny response" employed by Defendant BOP in this case is in

no way novel; it has been approved by this Court and others in instances where even to

_____

[5] The so-called "Glomar" response.

10

acknowledge the existence of responsive records poses a threat of harm.[6] See, e.g., Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 757 (1989). (Justice Department advised it held no record of any financial crime regarding subject of request "but continued to refuse to confirm or deny whether it had any information concerning nonfinancial crimes."); Beck v. Department of Justice, 997 F.2d at 1492; Dunkelberger v. Department of Justice, 906 F.2d 779, 780, 782 (D.C. Cir. 1990); Nation Magazine v. United States Customs Service, 71 F.3d at 896 ("[T]o the extent any information contained in investigatory files would reveal the identities of individuals who are subjects, witnesses, or informants in law enforcement investigations, those portions of responsive records are categorically exempt from disclosure under SafeCard"); see also Students Against Genocide v. Department of State, 257 F.3d 828, 834 (D.C. Cir. 2001) (recognizing continued acceptance of the "Glomar" response where an acknowledgment that records exist would provide the requester with the very information the exemption is designed to protect) (citing Nation Magazine v. United States Customs Service, 71 F.3d at 894 n. 8).

As the Seventh Circuit has noted with concern in its examination of this type of response, "[M]erely acknowledging that a certain record exists can provide valuable information to requesters." Antonelli v. FBI, 721 F.2d 615, 618 (7th Cir. 1983), cert. denied, 467 U.S. 1210 (1984).

---

[6]Such a response finds support in the case of Phillippi v. Central Intelligence Agency, 546 F.2d 1009, 1010-1012 (D.C. Cir. 1976), and is often referred to as a "Glomar" response, after the ship referred to in the Phillippi decision.  In Phillippi, the requester sought information regarding the "Hughes Glomar Explorer," a supposed merchant vessel, and the CIA refused to confirm or deny whether it had any relationship with the vessel on the grounds that to do so could compromise national security (Exemption 1) or could divulge information pertaining to intelligence sources and methods (Exemption 3).  Id. at 1010-1012.

Under the exemption[7], a "Glomar" response may be issued if speaking directly even to the existence of the records would associate the individual named in the request with criminal activity.[8]    Although in most cases a court must balance the public interest in disclosure against the personal privacy interests of the individual who is the subject of the FOIA request in an individualized fashion, "categorical decisions may be appropriate and individual circumstances disregarded when a case fits into a genus in which the balance characteristically tips in one direction." Reporters Committee, 489 U.S. at 776.

In Reporters Committee, the Supreme Court concluded that "as a categorical matter ... a third party's request for law enforcement records or information about a private citizen can reasonably be expected to invade that citizen's privacy." Id. at 780.[9]    This privacy interest does not disappear just because the public already may be aware that the individual has been the subject of a law enforcement investigation.  See Reporter Committee, 489 U.S. at 762-63.

A FOIA request is analogous to the one made in Reporters Committee where it is clear that the request will not contribute significantly to public understanding of the operations or activities of the government and seeks law enforcement information on private individuals.  In such circumstances, the court need not undertake a balancing test or order an *in camera* inspection before it decides that the documents are exempt from disclosure.  McNamera v. U.S. Dept. of Justice, 974 F.Supp. 946, 953 (W.D. Tex. 1997).

---

[7] 5 U.S.C. § 552(b)(7)(c).

[8] *See, e.g.*, Reporters Committee, 489 U.S. at 757, 109 S.Ct. 1468;  Nation Magazine, 71 F.3d at 893.

[9] *See also* Nation Magazine, 71 F.3d at 894;  Perrone v. FBI, 908 F.Supp. 24, 26 (D.D.C.1995).

12

Additionally, exemption 7(c) allows an agency to withhold "investigatory records compiled for law enforcement purposes, or information which if written would be contained in such records, but only to the extent that the production of such records or information would . . . constitute an unwarranted invasion of personal privacy."[10]  The courts have construed this provision as permitting exemption if the privacy interest at stake outweighs the public's interest in disclosure.[11]  Under the exemption, a "Glomar" response may be issued in place of a statement acknowledging the existence of responsive records but withholding them, if confirming or denying the existence of the records would associate the individual named in the request with criminal activity. *See, e.g.,* Reporters Committee, 489 U.S. at 757, (refusal to confirm or deny whether FBI had rap sheets on named individual); Beck v. United States Dep't of Justice, 997 F.2d 1489, 1491-92 (D.C.Cir.1993) (refusal to confirm or deny whether Department of Justice Office of Professional Responsibility had records of complaints against named agent); Dunkelberger v. United States Dep't of Justice, 906 F.2d 779, 780 (D.C.Cir.1990) (refusal to confirm or deny whether FBI has records on administrative disciplinary action against named agent).

Based on the above cases, the fact that a response admitting or denying the existence of records will provide information regarding whether a staff member was subject to any discipline, or disciplinary investigation, even if not relevant to the request, could stigmatize that staff member whether or not any discipline is well-founded.

---

[10] 5 U.S.C. § 552(b)(7)(c).

[11] Reporters Committee, 489 U.S. at 776;  Davis v. United States Dep't of Justice, 968 F.2d 1276, 1281 (D.C.Cir.1992).

Furthermore, the Plaintiff is not seeking this information for the purpose of contributing significantly to public understanding of the operations or activities of the government. Plaintiff is squarely seeking law enforcement information on private individuals for what appears to be some form of personal vendetta.

The seeking of personal information via the FOIA to further a personal vendetta, runs contrary to the intent of the Act. There can be no serious dispute that an agency may properly utilize the "Glomar" convention under circumstances such as those presented here.

## V.   PLAINTIFF'S FOIA COMPLAINT AGAINST DEFENDANTS HARLEY LAPPINS, JOHN/JANE DOE, AND FREEDOM OF INFORMATION ACT OFFICE MUST BE DISMISSED BECAUSE THEY ARE NOT AGENCIES

Furthermore, in this FOIA case, Plaintiff names individual defendants "Harley Lappins, Director Bureau of Prisons" and "John/Jane Doe, Director Office of Freedom of Information Act." Because FOIA claims may only be brought against an "agency," the FOIA claim against individual defendants should be dismissed. In addition, "Freedom of Information Act Office" should be dismissed, because although it is listed as a defendant in the case caption, it too is not an agency.

The FOIA grants district courts jurisdiction to enjoin an agency from improperly withholding agency records. 5 U.S.C. §§ 552(a)(4)(B). The term "agency," for purposes of the statute, is defined as

> any Executive department, military department, Government corporation,
> Government-controlled corporation, or other establishment in the executive
> branch of the Government ... or any independent regulatory agency.

14

5 U.S.C. § 552(f).  The term "Executive department" is further defined in Title 5 as a cabinet-

level agency.  5 U.S.C. § 105.  The Department of Justice ("DOJ") is included in the list of

cabinet-level agencies that fall within the definition of "Executive department."  Id.  Therefore,

DOJ is the proper defendant to a FOIA case seeking records held by any component of the DOJ.

Moreover, several decisions of this Court have held that the Court lacks subject matter

jurisdiction to enforce the FOIA against individuals.  See Santos v. Drug Enforcement Agency,

Office of Information and Privacy, 357 F.Supp.2d 33, 36 (D.D.C. 2004) ("A plaintiff may not

assert a FOIA claim against individual federal officials"); Stone v. Federal Bureau of

Investigation, 816 F. Supp. 782, 785 (D.D.C. 1993); Whittle v. Moschella, 756 F. Supp. 589, 596

(D.D.C. 1991); Sherwood Van Lines v. Dept. of Navy, 732 F. Supp. 240, 241 (D.D.C. 1990).

Consistent with these decisions, Plaintiff fails to state a FOIA claim against either of the Federal

Defendants within the jurisdiction of this Court.

## CONCLUSION

For the above reasons, the Defendants' Motion to Dismiss or, in the Alternative, for

Summary Judgment should be granted and judgment should be entered in favor of Defendants.

Respectfully submitted,

_____/s/_____

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

15

_____    /s/
                                   _____
                                   RUDOLPH CONTRERAS, D.C. Bar # 434122
                                   Assistant United States Attorney

_____


                                        /s/
                                   _____
                                   ALEXANDER D. SHOAIBI, D.C. Bar # 423587
                                   Assistant United States Attorney
                                   555 4th St., N.W.
                                   Washington, D.C. 20530
                                   (202) 514-7236
                                   alexander.d.shoaibi@usdoj.gov

16

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of April, 2007, a copy of the foregoing Motion to Dismiss or, in the Alternative, for Summary Judgment was mailed, postage prepaid, to Plaintiff, Monroe Coleman, 01723-016, United States Penitentiary, Terre Haute, P.O. Box 12015, Terre Haute, IN., 47801.

_____//_____

ALEXANDER D. SHOAIBI
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONROE L. COLEMAN,                )
                                  )
            PLAINTIFF,            )
v.                                )
                                  )    Civil Action No. 06-2255(RMC)
HARLEY LAPPIN,                    )
Director,                         )
Bureau of Prisons, el al.,)

DECLARATION OF SHARON MASSEY

1.  I, Sharon Massey, do hereby declare that I am a Legal Instruments Examiner ("LIE")assigned to the Consolidated Legal Center, ("CLC") Lexington, Kentucky of the Bureau of Prisons (BOP).  I have held this position since May 10, 1998.

2.  As a Legal Instruments Examiner I have access to official files and records maintained regarding inmates presently or previously confined in an institution within the CLC Lexington of the Bureau of Prisons, including the electronic database known as SENTRY.  In addition, I have access to the Freedom of Information request files maintained in the Mid-Atlantic Regional Office.

3.  Monroe L. Coleman, Federal Register No. 01723-016, is currently incarcerated at the United States Penitentiary, ("USP")Terre Haute, Indiana. Plaintiff was previoluy housed in the United States Penitentiary ("USP") Big Sandy, in Inez, Kentucky, from February 5, 2004, until February 16, 2006. Plaintiff was sentenced in the Superior Court for the District of

Page -1-

Columbia to a Life sentence for robbery while armed, first degree
murder while armed (felony murder) and attempt to commit robbery
while armed. **(See Attachment "A" for a true and accurate copy of
inmate Public Information Inmate SENTRY printout)**. I have
reviewed a copy of the complaint filed in this case.

<b>FOIA REQUEST #2006-07999.</b>

4.   On June 30, 2006, the Freedom of Information Division of
the Federal Bureau of Prisons, Central Office received and
forwarded to CLC Lexington, a Freedom of Information
("FOIA")letter from the Plaintiff dated June 21, 2006.
Plaintiff's letter requested "all records and/or data contained
in the files regarding BOP former worker Kimberly Moore,
including disciplianry report filed against Monroe LaVelle
Coleman by Mrs. Kimberly Moore who was terminated..." ". . . any
and all investigations on the named party Mrs. Kimberly Moore be
released to requestor." **(See Attachment "B" for a true and
accurate copy of Inmate Coleman's request)**.

5.   CLC Lexington assigned this request FOIA number 2006-
07999.

6.   On July 13, 2006, I e-mailed a memorandum under the
Supervisory Attorney for CLC Lexington, Joseph Tang, signature to
the institution ("USP Big Sandy") requesting that a complete copy
of any and all documents relating to "all SIS investigative
reports/documents regarding disciplinary report filed against

inmate Coleman by BOP employee Kimberly Moore." **(See Attachment "C" for a true and accurate copy of the request to the institution)**.

7.  On July 13, 2006, the Supervisory Attorney for CLC Lexington, forwarded an acknowledgment letter to Inmate Coleman. **(See Attachment "D" for a true and accurate copy of the Acknowledgment Letter)**.

8.  On July 19, 2006, CLC Lexington responded to Inmate Coleman's FOI request no. 2006-07999.  Inmate Coleman was notified that there were 2 pages responsive to his request.  It was determined that the 2 pages were releasable. **(See Attachment "E" for a true and accurate copy of the August 19, 2006, response)**.

9.  The letter also informed Mr. Coleman that with regard to his request for all past disciplinary actions for a staff member, CLC Lexington/BOP was refusing to confirm or deny the existence of such records.  This was based upon the lack of the individual's consent, proof of death, official acknowledgment of an investigation, or overriding public interest, even to acknowledge the existence of these records pertaining to an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. 552(b)(7)( c), also known as a <u>Glomar</u> exception. **(See Attachment "E"; for a true and accurate copy of the August 19, 2006, response)**.

10.  CLC Lexington released to two pages of records to the Plaintiff. **See Attachment F for a true and accurate copy of the released documents.**

11. CLC Lexington was not contacted by the Department of Justice's Office of Information and Privacy (OIP) concerning an appeal letter from Inmate Coleman for request no. 2006-07999.

12.  On December 29, 2006, Inmate Coleman filed this lawsuit challenging the disposition of his FOIA request.

13. All documents provided to Inmate Coleman are considered law enforcement documents due to their use in the security and orderly operation of a Bureau of Prisons' correctional facility, USP Big Sandy, Ky.

41. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this ___30ᵗʰ___ day of March 2007.

Sharon Massey, Legal Instruments Examiner
Consolidated Legal Center
Federal Bureau of Prisons
Lexington, Kentucky 40511

Page -4-

**ATTACHMENT "A"**

```
   LEXZ2            *         PUBLIC INFORMATION        *      03-16-2007
PAGE 001            *           INMATE DATA             *      10:07:55
                                AS OF 03-16-2007

REGNO..: 01723-016 NAME: COLEMAN, MONROE L

                    RESP OF: THP / DESIGNATED, AT ASSIGNED FACIL
                      PHONE..: 812-244-4400    FAX: 812-244-4789
                                              RACE/SEX...: BLACK / MALE
FBI NUMBER.: 937169V7                         DOB/AGE....: 02-29-1956 / 51
PROJ REL MT: LIFE                             PAR ELIG DT: 12-22-2020
PROJ REL DT: LIFE                             PAR HEAR DT: 06-2020
------------------------------ ADMIT/RELEASE HISTORY ------------------------------
FCL    ASSIGNMENT  DESCRIPTION                   START DATE/TIME  STOP  DATE/TIME
THP    A-DES       DESIGNATED, AT ASSIGNED FACIL 02-15-2007 1603  CURRENT
THP    LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN 02-15-2007 0909  02-15-2007 1603
THP    A-DES       DESIGNATED, AT ASSIGNED FACIL 09-17-2006 1446  02-15-2007 0909
THP    LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN 09-17-2006 1258  09-17-2006 1446
THP    A-DES       DESIGNATED, AT ASSIGNED FACIL 04-12-2006 1217  09-17-2006 1258
A02    RELEASE     RELEASED FROM IN-TRANSIT FACL 04-12-2006 1217  04-12-2006 1217
A02    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 04-12-2006 0830  04-12-2006 1217
OKL    HLD REMOVE  HOLDOVER REMOVED              04-12-2006 0730  04-12-2006 0730
OKL    A-BOP HLD   HOLDOVER FOR INST TO INST TRF 03-27-2006 1650  04-12-2006 0730
A01    RELEASE     RELEASED FROM IN-TRANSIT FACL 03-27-2006 1750  03-27-2006 1750
A01    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 03-27-2006 1350  03-27-2006 1750
ATL    HLD REMOVE  HOLDOVER REMOVED              03-27-2006 1350  03-27-2006 1350
ATL    A-BOP HLD   HOLDOVER FOR INST TO INST TRF 02-16-2006 1903  03-27-2006 1350
B02    RELEASE     RELEASED FROM IN-TRANSIT FACL 02-16-2006 1903  02-16-2006 1903
B02    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 02-16-2006 0941  02-16-2006 1903
BSY    TRANSFER    TRANSFER                      02-16-2006 0941  02-16-2006 0941
BSY    A-DES       DESIGNATED, AT ASSIGNED FACIL 02-05-2004 1719  02-16-2006 0941
S37    RELEASE     RELEASED FROM IN-TRANSIT FACL 02-05-2004 1719  02-05-2004 1719
S37    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 02-05-2004 0902  02-05-2004 1719
ATL    TRANSFER    TRANSFER                      02-05-2004 0902  02-05-2004 0902
ATL    A-DES       DESIGNATED, AT ASSIGNED FACIL 06-17-2002 1740  02-05-2004 0902
S38    RELEASE     RELEASED FROM IN-TRANSIT FACL 06-17-2002 1740  06-17-2002 1740
S38    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 06-17-2002 0755  06-17-2002 1740
CRL    TRANSFER    TRANSFER                      06-17-2002 0755  06-17-2002 0755
CRL    A-DES       DESIGNATED, AT ASSIGNED FACIL 07-19-2001 0001  06-17-2002 0755
2-D    RELEASE     RELEASED FROM IN-TRANSIT FACL 07-19-2001 0001  07-19-2001 0001
2-D    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 07-16-2001 1152  07-19-2001 0001
BOP    TRANSFER    TRANSFER                      07-16-2001 1152  07-19-2001 1152
BOP    A-DCOB      ADMIT TO D.C. OFFENDER BRANCH 09-15-2000 1456  07-16-2001 1152
P90    RELEASE 09  RELEASED FROM IN-TRANSIT, SEP 09-15-2000 1456  09-15-2000 1456
P90    A-ADMIT 09  ADMITTED TO IN-TRANSIT, SEP   09-30-1990 0323  09-15-2000 1456
I-T    RELEASE     RELEASED FROM IN-TRANSIT FACL 09-30-1990 0323  09-30-1990 0323
I-T    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 08-31-1990 0333  09-30-1990 0323
A01    RELEASE     RELEASED FROM IN-TRANSIT FACL 08-31-1990 0333  08-31-1990 0333
A01    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 08-30-1990 0710  08-31-1990 0333
ATL    HLD REMOVE  HOLDOVER REMOVED              08-30-1990 0710  08-30-1990 0710


G0002       MORE PAGES TO FOLLOW . . .
```

```
   LEXZ2          *         PUBLIC INFORMATION       *      03-16-2007
   PAGE 002       *            INMATE DATA           *      10:07:55
                            AS OF 03-16-2007

REGNO..: 01723-016 NAME: COLEMAN, MONROE L

                   RESP OF: THP / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 812-244-4400    FAX: 812-244-4789
ATL   A-PRE       PRE-SENTENCE ADMISSION          08-29-1990 1838 08-30-1990 0710
A01   RELEASE     RELEASED FROM IN-TRANSIT FACL   08-29-1990 1838 08-29-1990 1838
A01   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL  08-29-1990 0640 08-29-1990 1838
ERE   HLD REMOVE  HOLDOVER REMOVED                08-29-1990 0540 08-29-1990 0540
ERE   A-HLD       HOLDOVER, TEMPORARILY HOUSED    08-24-1990 1830 08-29-1990 0540
PIT   RELEASE     RELEASED FROM IN-TRANSIT FACL   08-24-1990 1930 08-24-1990 1930
PIT   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL  05-08-1989 0540 08-24-1990 1930
I-T   RELEASE     RELEASED FROM IN-TRANSIT FACL   05-08-1989 0540 05-08-1989 0540
I-T   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL  04-08-1989 1714 05-08-1989 0540
A02   RELEASE     RELEASED FROM IN-TRANSIT FACL   04-08-1989 1714 04-08-1989 1714
A02   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL  04-07-1989 1102 04-08-1989 1714
PHX   HLD REMOVE  HOLDOVER REMOVED                04-07-1989 0802 04-07-1989 0802
PHX   A-HLD       HOLDOVER, TEMPORARILY HOUSED    04-06-1989 1658 04-07-1989 0802
A02   RELEASE     RELEASED FROM IN-TRANSIT FACL   04-06-1989 1958 04-06-1989 1958
A02   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL  04-06-1989 0700 04-06-1989 1958
ERE   HLD REMOVE  HOLDOVER REMOVED                04-06-1989 0600 04-06-1989 0600
ERE   A-HLD       HOLDOVER, TEMPORARILY HOUSED    04-04-1989 1805 04-06-1989 0600
A02   RELEASE     RELEASED FROM IN-TRANSIT FACL   04-04-1989 1905 04-04-1989 1905
A02   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL  04-04-1989 0900 04-04-1989 1905
TDG   HLD REMOVE  HOLDOVER REMOVED                04-04-1989 0800 04-04-1989 0800
TDG   A-HLD       HOLDOVER, TEMPORARILY HOUSED    03-14-1989 1730 04-04-1989 0800
OXF   EXPIRATION  EXPIRATION OF SENTENCE          11-19-1982 0750 03-14-1989 1730
OXF   A-DES       DESIGNATED, AT ASSIGNED FACIL   08-10-1982 1625 11-19-1982 0750
THA   HLD REMOVE  HOLDOVER REMOVED                08-10-1982 0645 08-10-1982 1625
THA   A-HLD       HOLDOVER, TEMPORARILY HOUSED    07-30-1982 1430 08-10-1982 0645
MIL   TRANSFER    TRANSFER                        07-30-1982 0745 07-30-1982 1430
MIL   A-DES       DESIGNATED, AT ASSIGNED FACIL   11-04-1981 1625 07-30-1982 0745
THA   TRANSFER    TRANSFER                        11-04-1981 0900 11-04-1981 1625
THA   A-DES       DESIGNATED, AT ASSIGNED FACIL   04-28-1981 1900 11-04-1981 0900
LEW   HLD REMOVE  HOLDOVER REMOVED                04-28-1981 0730 04-28-1981 1900
LEW   A-HLD       HOLDOVER, TEMPORARILY HOUSED    03-06-1981 1700 04-28-1981 0730

G0002       MORE PAGES TO FOLLOW . . .
```

```
  LEXZ2              *         PUBLIC INFORMATION        *      03-16-2007
PAGE 003             *            INMATE DATA            *      10:07:55
                               AS OF 03-16-2007
```

REGNO..: 01723-016 NAME: COLEMAN, MONROE L

```
                  RESP OF: THP / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 812-244-4400    FAX: 812-244-4789
THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  LIFE
```

--------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

```
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F-1258-85C,L,M,N,H
JUDGE...........................: MENCHER
DATE SENTENCED/PROBATION IMPOSED: 01-27-1986
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 06-17-2002
HOW COMMITTED...................: DC SUPERIOR COURT COMT
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

--------------------CURRENT OBLIGATION NO: 010 --------------------------
```
OFFENSE CODE....:  621
OFF/CHG: DC CODE: CT.C ROBBERY WHILE ARMED; CT.H 1ST DEG MURDER W/ARMED
         (FELONY MURDER); CTS.L,M,N AWI TO COMMIT ROBBERY WHILE ARMED

  SENTENCE PROCEDURE.............: DC CODE ADULT
  SENTENCE IMPOSED/TIME TO SERVE.: LIFE
  MINIMUM TERM...................:    32 YEARS
  DC MANDATORY MINIMUM TERM......:    20 YEARS
  DATE OF OFFENSE................: 09-28-1983
```

--------------------CURRENT JUDGMENT/WARRANT NO: 020 -----------------------

```
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F-5572-83C
JUDGE...........................: HUHN
DATE SENTENCED/PROBATION IMPOSED: 02-25-1986
DATE WARRANT ISSUED.............: N/A
```

G0002       MORE PAGES TO FOLLOW . . .

```
   LEXZ2          *        PUBLIC INFORMATION        *     03-16-2007
PAGE 004          *           INMATE DATA            *     10:07:55
                              AS OF 03-16-2007
```

REGNO..: 01723-016 NAME: COLEMAN, MONROE L

```
                    RESP OF: THP / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 812-244-4400    FAX: 812-244-4789
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 06-17-2002
HOW COMMITTED...................: DC SUPERIOR COURT COMT
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  620
OFF/CHG: 33 DCC 541(A)(1)/UNLAW POSSESSION WITD A CONTROLLED SUBSTANCE
        (HEROIN)

```
 SENTENCE PROCEDURE.............: DC CODE ADULT
 SENTENCE IMPOSED/TIME TO SERVE.:   36 YEARS
 MINIMUM TERM...................:   12 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: C/S TO 010,010
 DATE OF OFFENSE................: 11-21-1984
```

------------------------CURRENT COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 02-13-2006 AT BSY AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 020 010

G0002      MORE PAGES TO FOLLOW . . .

```
    LEXZ2         *          PUBLIC INFORMATION        *    03-16-2007
PAGE 005 OF 005 *            INMATE DATA               *    10:07:55
                          AS OF 03-16-2007

REGNO..: 01723-016 NAME: COLEMAN, MONROE L

                    RESP OF: THP / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 812-244-4400    FAX: 812-244-4789
DATE COMPUTATION BEGAN..........: 01-27-1986
AGGREGATED SENTENCE PROCEDURE...: DC CODE ADULT AGGREGATE
TOTAL TERM IN EFFECT............: LIFE
TOTAL TERM IN EFFECT CONVERTED..: LIFE
AGGREGATED MINIMUM TERM.........:    44 YEARS
COMBINED MANDATORY MINIMUM......:    20 YEARS
EARLIEST DATE OF OFFENSE........: 09-28-1983

JAIL CREDIT.....................:    FROM DATE        THRU DATE
                                    09-28-1983       09-28-1983
                                    01-03-1985       01-11-1985
                                    02-19-1985       01-26-1986

TOTAL JAIL CREDIT TIME..........: 352
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 0
TOTAL SGT POSSIBLE..............: 0
PAROLE ELIGIBILITY..............: 12-22-2020
STATUTORY RELEASE DATE..........: N/A
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: LIFE

NEXT PAROLE HEARING DATE........: 06-00-2020
TYPE OF HEARING.................: INITIAL

PROJECTED SATISFACTION DATE.....: N/A
PROJECTED SATISFACTION METHOD...: LIFE




S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

**ATTACHMENT "B"**

06-02799

Ncno

RECEIVED

JUN 3 0 2006

FOIA/PA SECTION
FEDERAL BUREAU OF PRISON

Federal Bureau of Prisons
U.S. Justice Department
301 First Street, N.W.
Washington, D.C. 2005

RE:  Freedom of Information Act
     (U.S.C. 552), Privacy Act
     (5 U.S.C. 552(6)(C)(B)(7),
     General (U.S.C. 552 A(J)(2) or
     Specific (U.S.C. 552a(K)(2) Not
     Applicable to This Request

Identification Of Requestor:

01723-016

USP
THP

Name       :  Monroe LaVelle Coleman
D.O.B.     :  12-29-56
F.B.I.     :
Soc. Sec. #  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

This letter will serve as undersign request pursuant to the provi-
sions of the Freedom of Information Act (5 U.S.C. 552) and the
Privacy Act (5 U.S.C. 552a (d)(1), and the applicable state statutes
governing Freedom of Information Requests if state agency request,
for full disclosure and release of all records and/or data contained
in the files regarding BOP former worker Kimberly Moore, including
disciplinary report filed against Monroe LaVelle Coleman by Mrs.
Kimberly Moore who was terminated for indulging in wrongful acts
as a BOP worker during 2005 or 2006, which it requested that any
and all investigations on the named party Mrs Kimberly Moore be
released to requester.  This disciplinary report and the requested
investigation(s) took place at Big Sandy USP which is located in
Inez, Kentucky during the year of 2005 and/or 2006.

This undersign is in need of the investigation reports and any
and/or all information, data, or reports not otherwise exempt by
statute (5 U.S.C. (66)(c)(b)(7), (5 U.S.C. a(j)(2), (k)(2), or
law; Tarlton v. Saxbe, 507 F. 2d 1116, 165 U.S. App. D.C. 293(1974);
162 U.S. App. D.C. 284(1974); Sullivan v. Murphy, 478 F. 2d 938,

156 U.S. App. 28(1973).  Your agency is advised that the investiga-
tion reports in toto are no longer accorded exempt status unless
under the specific exemption noted, and only with reference to
specific citation of authority, Paton v. LaPrade, 524 F. 2d 862,
868-69(CA 3 2975).

It is further requested that your agency provides the undersign
with a copy of specific regulations of your Department as provided
by statute (5 U.S.C 552), so that compiance with such regulations
is adhered to except as otherwise provided by law (5 U.S.C. 701
et. seq.).

Pursuant to title 5 U.S.C. (6)(1), it is noted that your agency
has ten (10) working days following receipt of this request to
provide the information and material sought.  Should any delay
occur, it is requested that your agency inform the undersign of
this delay as provided by agency regulations, and the date as to
when your agency will be able to act upon this request.

Finally, please note also that the undersign will agree to pay
any reasonable costs, or file In Forma Pauperis if he is indigent,
provided by statute or regulation of your agency for search and
copy of material requested.

                              Respectfully submitted,

                              s/_____

Date: 6-21-06

**ATTACHMENT "C"**

**UNITED STATES GOVERNMENT**
# MEMORANDUM
*Federal Medical Center*
*Consolidated Legal Center*
*3301 Leestown Road*
*Lexington, Kentucky 40511-8799*

July 13, 2006

## MEMORANDUM FOR BEVERLY STARK, LEGAL LIAISON
## USP BIG SANDY, KY

**FROM:**        Joseph C. Tang, Supervisory Attorney
                 Consolidated Legal Center

**SUBJECT:**        Request for Records

The following records have been requested by letter to this office. Please duplicate the requested records and forward them to the Consolidated Legal Center at Lexington, Kentucky, ithin ten (10) working days. Please attach a copy of this letter to the requested records before mailing. **If the total amount of pages exceed 350, please notify us first before copying.** If you have any questions, please do not hesitate to contact me at 859-255-6812 X119.

COLEMAN, Monroe, Reg. No. 01723-016 FOIA #2006-07999

All SIS investigative reports/documents regarding disciplinary report filed against inmate Coleman by BOP employee Kimberly Moore.

\*\*\* Since inmate is at THP, I will request a copy of the incident report from them. Please ask SIS for any records they may have. Thank you.\*\*\*

[Inmate requesting]

ATTACHMENT "D"



**UNITED STATES GOVERNMENT**
**Federal Bureau of Prisons**
*Federal Medical Center*
*Consolidated Legal Center*
*3301 Leestown Road*
*Lexington, Kentucky 40511-8799*

July 13, 2006

Monroe Coleman
Reg. No. 01723-016
United States Penitentiary
Post Office Box 12015
Terre Haute, Indiana   47801

Re: FOIA/PA Request No. 2006-07999

Mr. Coleman:

This letter is to acknowledge your request for Federal Bureau of Prisons records has been received in this office.  In accordance with Title 28, Code of Federal Regulations, Section 16.3, your request has been forwarded to the Consolidated Legal Center, Lexington, Kentucky.

You requested a copy of an alleged disciplinary report regarding a former Bureau of Prisons staff member and a copy of a disciplinary report you received while at USP Big Sandy.  FOIA requests are processed on a "first-in first -out" basis.  You will be hearing from us in the near future regarding the processing of your request.

Under subpart © of 28 C.F.R. § 16.3 the filing of your request is deemed to constitute an agreement to pay all applicable fees charged under 28 C.F.R. § 16.11 up to $25.00.  Although fees are assessed at ten cents ($0.10) per page, Title 28 C.F.R. § 16.11(c)(2) provides that the first 100 pages are released at no charge to the requester.  The cost for staff time involved in searching and reviewing these documents will be assessed in accordance with Title 28, CFR § 16.11(c)(1) and (d)(2).  You will be notified of any charges associated with your request.

Please address any concerns regarding this request to Consolidated Legal Center, Federal Medical Center, 3301 Leestown Road, Lexington, Kentucky 40511-8799, and reference the above request number.

Sincerely,

Richard W. Schott
Regional Counsel

ATTACHMENT "E"



**UNITED STATES GOVERNMENT**
**Federal Bureau of Prisons**
*Federal Medical Center*
*Consolidated Legal Center*
*3301 Leestown Road*
*Lexington, Kentucky 40511-8799*

July 19, 2006

Monroe Coleman
Reg. No. 01723-016
United States Penitentiary
Post Office Box 12015
Terre Haute, Indiana   47801

Re: FOIA/PA Request No. 2006-07999

Mr. Coleman:

This is in response to your request for Federal Bureau of Prisons Records.  You request all documentation concerning an alleged disciplinary report concerning a former Bureau of Prisons employee who worked at the United States Penitentiary Big Sandy in Inez, Kentucky.  You also request a copy of a disciplinary report you received while at USP Big Sandy.

We are refusing to confirm or deny the existence of disciplinary records regarding a staff member.  Lacking an individual's consent, proof of death, official acknowledgment of an investigation, or an overriding public interest, even to acknowledge the existence of law enforcement records pertaining to an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy.  See 5 U.S.C. § 552(b)(7)©.

We are providing a copy of Incident Report #1351770 which consists of two pages.  These pages are being released to you in their entirety.

Pursuant to Title 28, Code of Federal Regulations, Section 16.8, this response may be appealed to the Attorney General by filing a written appeal within sixty days of the date of this letter.  The appeal should be addressed to the Office of Information and Privacy, United States Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, DC  20530-0001.  Both the envelope and the letter of appeal itself must be clearly marked: "Freedom of Information Act Appeal."

Sincerely,

Richard W. Schott
Regional Counsel

ATTACHMENT "F"

BP-S288.052 INCIDENT REPORT FRM
MAY 1994
U.S. DEPARTMENT OF JUSTICE

1351770 ew
1351770                    FEDERAL BUREAU OF PRISONS

1. Name Of Institution:

Part I - Incident Report

| 2. Name Of Inmate Monroe , C | an | 3. Register Number 01723-016 | 4. Date Of Incident 06/14/05 | 5. Time 03:15 P.M. |
|---|---|---|---|---|
| 6. Place Of Incident UNICOR FAC | | 7. Assignment UNICOR ORDLY | 8. Unit B-1 | |

9. Incident: Insolence toward staff member (312)

11. Description Of Incident (Date: 06/15/05 Time: 03:15 P.M. Staff become aware of incident)

On 06-14 05 at approximately 3:15 while conducting pat searches in UNICOR, I instructed Inmate Coleman, Registration # 01723-016, to turn around so that I could conduct a pat search.  He hesitated and walked towards Foreman Tacket to be pat searched.  I then gave Inmate Coleman a direct order to come over so that I could perform the pat search.  He stated that he didn't want me to put my hands on him.  At that point, I escorted Inmate Coleman to the office to counsel him on pat down procedures.  Inmate Coleman stated in a threatening tone that he did not want my adulteress hands to be placed on him.  He also stated that my han    were to dirty to touch him.  He proceeded to say that he knew that Mr. Burke and myse    were seeing each other.  As leaving the office he stated in front of several inmates  nd staff the commit about not wanting my adulteress hands on him.  Prior to thi  par    ular event, I had all ready counseled Inmate Coleman for refusing pat down proc edur

| 12. Signatur Of            rting Employee | Date And Time 06/15/05 06:45 a.m | 13. Name And Title (Printed) Kimberly Noore , FWS |
|---|---|---|
| 14. Incident Rep   elivered To Above Inmate By G. WAHER | 15. Date Incident Report Delivered 6-15-05 | 16. time Incident Report Delivered 1008 Am |

Part II - Committee Action

17. Comments Of Inmate To Committee Regarding Above Incident

Inmate admitted to making the statement to Ms. Moore.

| 18. A. It Is The Finding Of The Committee That You: _____ Committed The Following Prohibited Act. _____ Did Not Commit A Prohibited Act. | B. _____ The Committee Is Referring The Charge(s) To The DHO For Further Hearing. C. _____ The Committee Advised The Inmate Of Its Finding And Of The Right To File An Appeal Within 15 20 Calendar Days. |
|---|---|

19. Committe  Dec   on Is Based On The Following Information

Inmate's ou   Admission And the information provided IN the bod  f the Incident Report

20. Committe  act   and/or recommendation if referred to DHO (Contingent upon DHO finding inma e c   ted prohibited act)   Change of Jobs

30 days  oss of comm. 30 days Loss of Phone privileges
to  C   Start 6/18/2005 End 7/17/05

21. Date And Time Of Action _____ (The UDC Chairman's Signature Next To His Name Certifies Who Sat On The UDC And That The Completed Report Accurately Reflects The UDC Proceedings.)

*M. Roberts / M. Roht*                    *M.D. Ullian M.D.*
Chairman (Typed Name/signature)    Member (Typed Name)    Member (Typed Name)

Record Copy - Cent      File Record;   Copy - DHO;   Copy - Inmate After UDC Action;   Copy -
Inmate Withi  24 H   s Of Part I Preparation
(This Form M  Be    licated Via WP)                    Replaces BP-288(52) Of Jan 88

---

| Pa  I]   Investigation | 22. Date And Time Investigation Began 6-15-2005/1008am |

23. Inmate Advis   Right To Remain Silent: You Are Advised Of Your Right To Remain Silent At All Sta   Of The Disciplinary Process But Are Informed That Your Silence May Be Used To Draw An Adverse Inference Against You At Any Stage Of The Institutional Disciplinary Process.  You Are Also Informed That Your Silence Alone May Not Be Used To Support A Finding That You Have Committed A Prohibited Act.

The Inmate Was Advised Of The Above Right By Gary Waher, Jr. At (Date/time) 6-15-2005/1008

24. Inmate Statement And Attitude: Inmate had a good attitude. Inmate stated "Mrs. Moore's hands were filthy and he asked her if Mr. Tacker could shake me down. I didn't mean no disrespect, and I did not say nothing about her and Mr. Burke."

25. Other Facts Al   t The Incident, Statements Of Those Persons Present At Scene, Disposition Of Ev   nce, Etc.

26. Investig  tor    omments And Conclusions
     Based  m t    ritten report and inmates statement I am referring this incident report to UDC

27. Action Taken

Forward report to UDC for sanctions

Date And Time Investigation Completed ___6-15-2005/1020am___

Printed Name/signature Of Investigator Gary Waher, Jr.

_____                    Activities Lieutenant
Signatur                                        Title