```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA
```

MONROE COLEMAN
    Plaintiff,

v.                                              Civil No. 06-2255(RMC)

HARLEY LAPPINS, Director,
Federal Bureau of Prisons et al.,
    Defendants.

```
         PLAINTIFF'S OPPOSITION MOTION TO DEFENDANTS'
                  MOTION TO DISMISS * * *
```

COMES NOW Monroe Coleman, pro se, requesting that this Court hold him not to the standards of counsel. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)(per curiam).

    Plaintiff requested from federal bureau of prisons ("BOP" hereafter) defendants any and all information pertaining to the investigation of former bureau of prisons employee Mrs. Kimberly Moore who was later terminated by the BOP for acts unacceptable and violative of bureau of prisons policy 3420.09, etc.

    However, the BOP never released the smallest of information to plaintiff stating Mrs. Kimberly Moore was terminated --- and therefore the disciplinary report shall be dismissed or removed from plaintiff's prison jacket. Since the denial by BOP officials to plaintiff's request is a sure sign to cover-up or conspire against Coleman due to Coleman witnessing inappropriate acts of a causian woman along with calling her an <u>adulteress</u> which other BOP officials are still retaliating against plaintiff to this date below.

**RECEIVED**

APR 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The district court has determined that prisoners bringing such claims [or wrongful acts committed by prison officials] must allege more than a de minimis retaliatory act to establish a constitutional violation. A prison official may not retaliate against or harass an inmate for complaining through proper channels about a guard's misconduct. Woods v. Smith, 60 F3d 1161,1164 (5th Cir. 1995). "To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." McDonald v. Steward, 132 F3d 225,231 (5th Cir. 1998).

An inmate must show that he suffered a qualifying adverse retaliatory act. The retaliatory act must be more than inconsequential. A prisoner must allege more than de minimis retaliation to proceed with such a claim. See Crawford-El v. Britton, 523 U.S. 574,588 n.10, 118 S. Ct. 1584, 140 L. Ed. 2d 759 (1998) regarding retaliation act.

The defendants mentioned in their Opposition Motion "vendetta", which plaintiff did not ask or force the problem upon himself. It was Moore wrongful behavior that led to this entire matter. Plaintiff has not had nor received any other disciplinary report since his arrival to the bureau of prisons. Because he exercised his right to speak the BOP officials have refused to accept the fact that Moore along with other prison officials were wrong by placing a disciplinary report against plaintiff which was an act

-2-

of retaliation.

"The reason why such retaliation (for the exercise of First Amendment rights) offends the Constitution is that it threatens to inhibit exercise of the protected right." See Crawford-El, supra, 523 U.S. 574, 588 n.10, 118 S. Ct. 1584, 140 L. Ed. 2d 759 (1998); See also Hartman v. Moore, 126 S. Ct. 1695, 2006 WL1082843, at *4 (U.S. Apr. 26, 2006).

The First Amendment hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise...." Bart v. Telford, 677 F2d 622,625 (7th Cir. 1982). The Second Circuit has employed a similar de minimis standard, asking whether the retaliation alleged by an inmate rose to the level of that which would deter the exercise of a constitutional right. See Davidson v. Chestnut, 193 F3d 144, 149-50 (2d Cir. 1999). This is the main reason why plaintiff is filing this claim because Moore was wrong for filing an erroneous institutional charge against Coleman, and prison officials were wrong for allowing that disciplinary report to proceed without removing it from the plaintiff's jacket. This complaint is not of vindictiveness or a vendetta but a plead for justice.

Plaintiff freedom of information request regards information allowable under 5 U.S.C. §552 which it was well known by the defendants that plaintiff will unlikely receive information under 5 U.S.C. §552a.

Why did "the BOP refused to confirm or deny(*** page 5 of Defendants' Memorandum) the existence of such records? Because BOP officials never wanted to make known to plaintiff he was correct; he should not had received a disciplinary report by Kimberly Moore, instead, prison officials conspired with a continuous cover-up to keep that disciplinary report in plaintiff's jacket.

The defendants claim plaintiff's request was granted which the disciplinary is public information; however, without the investigative documents against Moore plaintiff is unable to show the truth of his allegations. Mrs. Kimberly Moore knew she was at fault as well as the BOP officials had previously investigated her before, during, and after the disciplinary report was written against plaintiff.

The investigations conducted by prison officials will show plaintiff did not lie or fabricated the misbehavied acts of Moore nor did Moore charge plaintiff with "lying", and if asked by prison investigative officials of Mrs. Kimberly Moore, did she deny or admit to such allegation is the answer plaintiff seeks for the removal of that disciplinary report.

Mrs. Kimberly Moore misbehavior and misconduct were considered a security violation. That is why she no longer a federal employee of the BOP and such information regarding her inappropriate acts shall be public information because her involvement on the job with a co-worker other than her husband places a threat on the prison and jeopardized the life of inmates along with public safety.

Kimberly Moore lied on plaintiff because she did not deny her relationship with a staff member outside her husband. Therefore, plaintiff remark was not a security threat but confirmed the investigative suspicion. Or Mrs. Kimberly Moore and others wanted her wrongdoing to remain concealed. Thus, public interest supports the releasing of Mrs. Moore breach of bureau of prisons contract, regulation, or policy.

Defendants states at page 10 "Defendant BOP Properly Responded To The Requests For Any Alleged <u>Disciplinary Actions Against The Staff Member</u>", * * *. <u>That is an incorrect sentence or statement, and the defendants cannot prove it provided plaintiff with the disciplinary actions against the staff member</u>.

For the sake of brevity plaintiff used no case law because the record and facts of his claim as truth needs no other support.

## CERTIFICATE OF SERVICE

I, Monroe Coleman, pro se, states a true copy of the foregoing motion has been mailed to the following:

Alexander D. Shoaibi, AUSA
555 4th Street, N.W.
Washington, D.C. 20530

Dated: April 21st, 2007

Respectfully submitted,
Monroe Coleman, Pro Se
#01723-016 U.S.Penitentiary
P.O. Box 12015
Terre Haute, IN 47801

(See attachments)

**U.S. Department of Justice**

Washington, D.C. 20530

OCT 1 1 2006

Monroe L. Coleman
Reg. No. 01723-016
U.S.P. - Terre Haute
P.O. Box 12015
Terre Haute, IN  47801

Dear Mr. Coleman:

Your Freedom of Information Act and/or Privacy Act (FOIA/PA) request was received by this office which serves as the receipt and referral unit for FOIA/PA requests addressed to the Department of Justice (DOJ). Federal agencies are required to respond to a FOIA request within 20 business days. This period does not begin until the request is actually received by the component within the DOJ that maintains the records sought.

We have referred your request to the DOJ component(s) you have designated or, based on descriptive information you have provided, to the component(s) most likely to have the records. The component(s) to which your request has been forwarded are indicated on the enclosed FOIA/PA Referral/Action Slip. All future inquiries concerning the status of your request should be addressed to the office(s) listed below:

> FOIA/PA
> Executive Office for U.S. Attorneys
> Department of Justice
> 600 E Street, NW, Room 7300
> Washington, DC  20530-0001
> (202) 616-6757

Your request also designated organizations outside of the Department of Justice as indicated below and will have to be resubmitted by you directly to them.*

Sincerely,

Ronald Deacon, Director
Facilities and Administrative
  Services Staff
Justice Management Division

Enclosure
FOIA/PA Referral/Action Slip

*Office of the Attorney General, Washington, DC  20004

Rec. 10/20/06

1.

October 6th, 2006

Executive Office for U.S. Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W.
Room 7300
Washington, D.C. 20530

    Re:  Request No. 04-2766, 04-2767, 04-3724

Dear Executive Office for U.S. Attorneys:

    I would like to know whether your office is going to provide me with the necessary public information on Walter Gray, Charles Pitts, Sandy McDuffie, Mark Gaddus, Tom Fulgram, and Keith Mack, regarding criminal charges status during 1984-1987?

    Each was a witness for the prosecution in Criminal Case No. F-1258-85, and I am trying to prove their criminal charges were used to persuade them to testify for the government against me. Furthermore, their charges as adults if not expunged are public information.

    I thank you for your time and for any and all assistance you may render unto this matter.

                                      Sincerely yours,

                                      Monroe L. Coleman-Bey
                                      #01723-016
                                      DCDC 188-568
                                      U.S. Penitentiary
                                      P.O. Box 12015
                                      Terre Haute, IN 47801

October 6th, 2006

Office of Information and Privacy
U.S. Department of Justice
Flag Bldg., Suite 570
Washington, D.C. 20530

    Re:  Appeal #2006-07999

Dear Dept. of Justice:

    Will you please compare the enclosed information with the pending appeal No. 2006-07999 to see whether such appeal exists on a claim concerning Walter Gray, Sandy McDuffie, and Charles Pitts. See Request No. 04-2767.

    I thank you for your time and assistance in this matter.

    Sincerely yours,

    Monroe L. Coleman-Bey
    Reg. #01723-016
    DCDC #188-568
    U.S. Penitentiary
    P.O. Box 12015
    Terre Haute, IN 47801

P.S.

    The appeal should include the claim of or against Mrs. Kimberly Moore, a former Bureau of Prisons employee. Terminated in 2005 or 2006. Thank you.

3.



U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478

Requester: Monroe Lavelle Coleman          Request Number: 06-2944

Subject: Kimberly Moore (BOP Records)

Dear Requester:

    The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act and/or Privacy Act request. The EOUSA is the official record keeper for all records located in this office and the various United States Attorney's offices.

    You requested information which is not information maintained by the EOUSA or by the individual United States Attorney's Offices, but is maintained by the Federal Bureau of Investigation. Please contact the (BOP) agency directly at the following address:

> FOIA/Privacy Act Requests
> Federal Bureau of Prisons
> Department of Justice
> Room 841, HOLC Building
> Washington, DC 20534

This is the final action that this office will take on your request.

    You may appeal my decision to withhold records in this matter by writing within sixty (60) days from the date of this letter, to:

> Office of Information and Privacy
> United States Department of Justice
> 1425 New York Ave., NW, Suite 11050
> Washington, D.C. 20530-0001

    Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

    After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

Sincerely,

*William G. Stewart* (signature)

William G. Stewart II
Acting Assistant Director

Form No. 042 - 1/06

4.

Agency Head [or Freedom of Information Officer]
Freedom of Information Agency
950 Pennsylvania Avenue, N.W.
Washington, D.C.

Re:  Freedom of Information Act Request

Dear Freedom of Information Act Supervisor:


   This is a request under the Freedom of Information Act, 5 U.S.C. Sec. 552.

   I request that a copy of the following documents containing the dates, time, and names of persons responsible for placing Walter Gray, Charles Pitts, Sandy McDuffie, and Mark Gaddus in the District of Columbia prison holding cellblocks in the D.C. Superior Court on, around, and during 1985, 1986, and 1987. Please provide me with those documents and/or information concerning those four individuals named above. In other words, who make out the list to transport prisoners from and to the courthouse of Superior Court; to the D.C. Detention Center located at 1901 D Street, S.E., Washington, D.C. Provide me with the dates and court appearances each of the above named party was to appear before a judge, magistrate, or/and any courtroom he was assigned to appear before any and all members of the D.C. Superior Court as well as employee of the D.C. Superior Court not excluding the United States Attorney's office or its Assistant United States Attorney's office. Also, provide me with the charges and subpoenas that were issued, given, or mailed to those parties mentioned above.

   Said information is public information and may be made known to any citizen or resident who resides in the United States. However, this information is for the undersign to use for legal purpose to determine whether undersign conviction and sentences are illegal which he has been incarcerated a few months short of twenty-two years.

   I am willing to pay for this information that is needed to prove to the courts that the government committed illegal acts by placing those parties named above in the same cellblocks and housing unit at the D.C. Detention Center at 1901....

   I thank you for your time and assistance in this matter.

Sincerely yours,

Monroe LaVelle Coleman
#01723-016   DCDC #188568
US Penitentiary
P.O. Box 12015
Terre Haute, IN 47801

Sept. 14th, 2006

5.

**U.S. Department of Justice**

Office of Information and Privacy

Telephone: (202) 514-3642                         Washington, D.C. 20530

AUG 14 2006

Mr. Monroe LaVelle Coleman
Register No. 01723-016
United States Penitentiary
P.O. Box 12015
Terre Haute, IN 47801

    Re: Request No. 2006-07999

Dear Mr. Coleman:

    This is to advise you that your administrative appeal from the action of the Federal Bureau of Prisons was received by this Office on August 9, 2006.

    The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **06-2764**. Please mention this number in any future correspondence to this Office regarding this matter.

    We will notify you of the decision on your appeal as soon as we can. We regret the necessity of this delay and appreciate your continued patience.

                           Sincerely,

                           Priscilla Jones
                           Chief, Administrative Staff



UNITED STATES GOVERNMENT
Federal Bureau of Prisons
*Federal Medical Center*
*Consolidated Legal Center*
*3301 Leestown Road*
*Lexington, Kentucky 40511-8799*

July 19, 2006

Monroe Coleman
Reg. No. 01723-016
United States Penitentiary
Post Office Box 12015
Terre Haute, Indiana   47801

Re: FOIA/PA Request No. 2006-07999

Mr. Coleman:

This is in response to your request for Federal Bureau of Prisons Records. You request all documentation concerning an alleged disciplinary report concerning a former Bureau of Prisons employee who worked at the United States Penitentiary Big Sandy in Inez, Kentucky. You also request a copy of a disciplinary report you received while at USP Big Sandy.

We are refusing to confirm or deny the existence of disciplinary records regarding a staff member. Lacking an individual's consent, proof of death, official acknowledgment of an investigation, or an overriding public interest, even to acknowledge the existence of law enforcement records pertaining to an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy. See 5 U.S.C. § 552(b)(7)©. *Public interest is public concern....*

We are providing a copy of Incident Report #1351770 which consists of two pages. These pages are being released to you in their entirety.

Pursuant to Title 28, Code of Federal Regulations, Section 16.8, this response may be appealed to the Attorney General by filing a written appeal within sixty days of the date of this letter. The appeal should be addressed to the Office of Information and Privacy, United States Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, DC  20530-0001. Both the envelope and the letter of appeal itself must be clearly marked: "Freedom of Information Act Appeal."

Sincerely,

Richard W. Schott
Regional Counsel

7.



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757   Fax 202-616-6478*

Request Number: 04-2767     Date of Receipt: July 13, 2004

Requester: Monroe L. Coleman

Subject of Request: third parties (Gray, McDuffie, Pitts)

Dear Requester:

The Executive Office for United States Attorneys has received your Freedom of Information Act request and assigned the above number to the request.

You have requested records concerning a third party (or third parties). Records pertaining to a third party generally cannot be released absent express authorization and consent of the third party, proof that the subject of your request is deceased, or a clear demonstration that the public interest in disclosure outweighs the personal privacy interest and that significant public benefit would result from the disclosure of the requested records. Since you have not furnished a release, death certificate, or public justification for release, the release of records concerning a third party would result in an unwarranted invasion of personal privacy and would be in violation of the Privacy Act, 5 U.S.C.§552a. These records are also generally exempt from disclosure pursuant to sections (b)(6) and (b)(7)(C) of the Freedom of Information Act, 5 U.S.C. §552.

✱   We have not performed a search for records and you must not assume that records concerning the third party exist. We will release, if requested, any public records maintained in our files, such as court records and news clippings, without the express of authorization of the third party, a death certificate, or public justification for release. If you desire to obtain public records, if public records exist in our files, please submit a new request for public documents.

Should you obtain the written authorization and consent of the third party for release of the records please submit a new request for the documents accompanied by the written authorization. A form is enclosed to assist you in providing us the authorization and consent of the subject of your request. The authorization must be notarized or signed under penalty of perjury pursuant to 18 U.S.C. §1001.

(Page 1 of 2)
Form 006 - 6/02

8.

This is a final determination and your request for information will be closed. You may appeal my decision in this matter by writing within 60 days, to:

>Office of Information and Privacy
>United States Department of Justice
>Flag Building, Suite 570
>Washington, D.C. 20530

Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

Sincerely,

*Gill G Stuart*

/ Marie A. O'Rourke
Assistant Director

Enclosure

(Page 2 of 2)
Form No. 006 - 6/02

9.

**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: __04-2767__   Date of Receipt: __July 13, 2004__

Requester: __Monroe L. Coleman__

Subject of Request: __third parties (Gray, McDuffie, Pitts)__

Dear Requester:

  The Executive Office for United States Attorneys has received your Freedom of Information Act request and assigned the above number to the request.

  You have requested records concerning a third party (or third parties). Records pertaining to a third party generally cannot be released absent express authorization and consent of the third party, proof that the subject of your request is deceased, or a clear demonstration that the public interest in disclosure outweighs the personal privacy interest and that significant public benefit would result from the disclosure of the requested records. Since you have not furnished a release, death certificate, or public justification for release, the release of records concerning a third party would result in an unwarranted invasion of personal privacy and would be in violation of the Privacy Act, 5 U.S.C. §552a. These records are also generally exempt from disclosure pursuant to sections (b)(6) and (b)(7)(C) of the Freedom of Information Act, 5 U.S.C. §552.

  We have not performed a search for records and you must not assume that records concerning the third party exist. We will release, if requested, any public records maintained in our files, such as court records and news clippings, without the express of authorization of the third party, a death certificate, or public justification for release. If you desire to obtain public records, if public records exist in our files, please submit a new request for public documents.

  Should you obtain the written authorization and consent of the third party for release of the records please submit a new request for the documents accompanied by the written authorization. A form is enclosed to assist you in providing us the authorization and consent of the subject of your request. The authorization must be notarized or signed under penalty of perjury pursuant to 18 U.S.C. §1001.

(Page 1 of 2)
Form 006 - 6/02

10.

This is a final determination and your request for information will be closed. You may appeal my decision in this matter by writing within 60 days, to:

    Office of Information and Privacy
    United States Department of Justice
    Flag Building, Suite 570
    Washington, D.C. 20530

Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

                      Sincerely,

                      Marie A. O'Rourke
                      Assistant Director

Enclosure

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONROE COLEMAN,
    Plaintiff,

v.                                              Civil No. 06-2255(RMC)

HARLEY LAPPINS, Director,
Federal Bureau of Prisons et al.,
    Defendants.

## AFFIDAVIT

I, Monroe Coleman, states he is the plaintiff in the above caption Case Number 06-225 as as using brevity for the sake of time and respect for this Court.

    This affiant received a disciplinary report dated 6.14/05 at or around 03:15pm (line #4) of the report. On 6/15/05 at or around 03:15pm Mrs. Kimberly Moore stated "staff become aware of incident." Her description of the incident dated 06.15/05 - Time 03:15pm claiming staff become aware of incident; meaning more than one incident occurred on 6.14/05 and not 6.15/05 (because become has no _s_ as a verb). When affiant tried to point out those flaws in the report he was threatened by Counselor Rogers stating, "all I need to hear what you said and had you not admitted what you said then the penalty would had been more severe." Counselor Rogers and Counselor Dillian knew Mrs. Kimberly Moore was previously and during the alleged incident under investigation. Both counselors

**RECEIVED**

APR 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

had the authority to dismiss the erroneous disciplinary report but due to Mrs. Moore being causian and an employee of the bureau of prisons, their interest was concerned with retaliating against affiant use of 'adulteress' against Moore.

While housed in segregation this affiant mentioned to the Captain that he (the Captain) knew Mrs. Moore was under an inhouse investigation for her inappropriate acts on the job with staff Mr. Burke. Furthermore, on line six of the disciplinary report Moore said "office" which she took Coleman first inside of the unit team room. No quotation marks at lines 7,8, or 9. Mrs. Moore never mentioned her and Coleman stood before Unicor Supervisor, Mr. Abbott (6/14/05) regarding this matter.

Also, there is no signature of affiant on the disciplinary report which affiant refuted most of the contents therein. However, Moore was authorized to charge affiant with lying in the disciplinary report which she did not do because affiant and others (inmates) had witnessed her committing such wrongful acts on the job.

Affiant states without those investigative documents he is unable to support and show the truth of the matter. Therefore, affiant requests this Court do a **De Novo** review to determine whether affiant's allegations or requested information sought can provide the necessary relief, especially when Mrs. Moore knew she was at fault as well as BOP officials who had previously investigated her before, during, and after the disciplinary report was written.

I, Monroe Coleman states "the investigations conducted by

BOP agency will show affiant did not lie or fabricated the erroneous acts of Moore which relief shall be granted by removal of the disciplinary report.

This affidavit purpose is only to support affiant's allegations in the above Case Number by proving Moore misbehavior and misconduct were considered a security violation.  Thus, the affiant shows why she is no longer a federal employee of the BOP, and such information regarding her inappropriate acts shall be of public interest if not offered to this Court for **De Novo** review because her actions were a threat to jeopardize public safety.  Basically, this affiant's remark was not a security threat.  He and others witnessed Moore's faults whereas she tried to use affiant as a cover-up for her wrongdoing notwithstanding wanting to keep concealed her relationship with Mr. Burke who is not the husband of Mrs. Moore.

Affiant asserts to this Court that it is not the entire manifestation of the disclosed information sought his goal.  The litigant purpose concerns whether Moore was under an investigation for unprofessional conduct as a bureau of prisons employee, and should the disciplinary report had not been filed against affiant, and should it be removed or dismissed when BOP officials acted with bias and retatiated against affiant for using the word "adulteress".

However, the full description of the investigation against Moore is irrelevant but the body of it will suffice which the respondents <u>did not release any portion of that request to affiant</u>. See Defendants' Motion * * * pages 4,5,9, and 10.

(3)

I, Monroe Coleman, swear under the penalty of perjury tht the above is true and correct to the best of my knowledge. Dated: April 21st, 2007.

My Commission expires: 6/29/07

*Tammy Bankston*
Notary Public

TAMMY BANKSTON
NOTARY PUBLIC STATE OF INDIANA
VIGO COUNTY
MY COMMISSION EXP. JUNE 29, 2007

Respectfully submitted,

Monroe Coleman, pro se
Affiant/Plaintiff #01723-016
U.S. Penitentiary
P.O. Box 12015
Terre Haute, IN 47801