UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MONROE L. COLEMAN,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-2255 (RMC) |
| **HARLEY LAPPIN,** *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

This matter is before the Court on the federal defendants' motion to dismiss or, in the alternative, for summary judgment.[1] For the reasons discussed below, the Court will grant the motion in part and deny it in part without prejudice.

---

[1] The Court will grant Plaintiff's "Motion for Substitution of Defendants or, in the Alternative, Amended Complaint," thereby dismissing defendants Herman, Lappin, and "Freedom of Information Act Office" and substituting, respectively, the Office of Bar Counsel, the Federal Bureau of Prisons, and the United States Department of Justice as party defendants.

In addition, the Court will grant Defendant Herman's motion to dismiss. Plaintiff purports to bring claims under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, against the Office of Bar Counsel. *See* Compl. at 2, 4-5 & Attach. (July 15, 2006 letters to E. Herman, Office of Bar Counsel). The Office of Bar Counsel is a creature of the District of Columbia Court of Appeals, and is not a federal agency to which the FOIA applies. *See* 5 U.S.C. §§ 551(1), 552(f)(1). Similarly, any claim brought under the District of Columbia's version of the FOIA, *see* D.C. Code § 2-531 *et seq.*, must fail. The District of Columbia courts and entities under their authority are not government agencies to which the statute applies. *See* D.C. Code § 2-502(3), (4), -539. Furthermore, assuming that Plaintiff properly submitted a request under the D.C. FOIA and exhausted his available administrative remedies, he must bring a civil action in the Superior Court of the District of Columbia. D.C. Code § 1-1527(a)(1); *see Anderson v. Thomas*, 683 A.2d 156, 157-58 (D.C. 1996) (per curiam).

1

## I. BACKGROUND

A complaint filed by a *pro se* litigant is held to a less stringent standard than that applied to a formal pleading drafted by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Mindful of the Supreme Court's instruction, the Court liberally construes Plaintiff's complaint as one brought under the FOIA against the United States Department of Justice ("Justice Department") and the Federal Bureau of Prisons ("BOP").

At all times relevant to the complaint, Plaintiff was serving a prison sentence imposed by the Superior Court of the District of Columbia at the United States Penitentiary in Inez, Kentucky ("USP Big Sandy"). *See* Complaint ("Compl.") at 3. In June 2006, Plaintiff submitted a request for information to the central office of the BOP pursuant to the FOIA. *Id.* at 1-2. Specifically, Plaintiff sought:

> [A] disciplinary report filed against [Plaintiff] by Mrs. Kimberly Moore who was terminated for indulging in wrongful acts as a BOP worker during 2005 or 2006, which it requested that any and all investigations on the named party Mrs[.] Kimberly Moore be released to requester. This disciplinary report and the requested investigation(s) took place at Big Sandy USP which is located in Inez, Kentucky during the year of 2005 and/or 2006.

Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss or, in the Alternative[,] Motion for Summary Judgment ("Defs.' Mot."), Declaration of Sharon Massey ("Massey Decl."), Attach. B (Plaintiff's FOIA Request) at 1. BOP forwarded the request, which was assigned Request No. 2006-07999, to its Consolidated Legal Center in Lexington, Kentucky ("CLC"). *Id.* ¶¶ 5-6 & Attach. C (July 13, 2006 memorandum to CLC Supervisory Attorney). CLC staff were to find "all SIS investigative reports/documents regarding disciplinary report[s] filed against inmate Coleman by BOP employee Kimberly Moore." *Id.* ¶ 6. BOP released in full

a copy of Incident Report No. 1351770. *Id.* ¶ 8 & Attach. E (July 19, 2006 letter from R.W. Schott, Regional Counsel, CLC). The letter accompanying this two-page report also informed Plaintiff that BOP neither confirmed nor denied the existence of records pertaining to Kimberly Moore. *Id.* Absent Ms. Moore's consent, proof of her death, an official acknowledgment of an investigation, or an overriding public interest, "even to acknowledge the existence of law enforcement records pertaining to [her] could reasonably be expected to constitute an unwarranted invasion of personal privacy." *Id.* ¶ 9. Plaintiff evidently appealed this decision to the Justice Department's Office of Information and Privacy ("OIP"). *See* Compl., Attach. (Aug. 14, 2006 letter from P. Jones, Chief, Administrative Staff, OIP, regarding Appeal No. 06-2764). The parties did not state the outcome of the appeal.

## II.  DISCUSSION

### *A.  Summary Judgment Standard*

The Court grants a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual assertions in the moving party's affidavits may be accepted as true unless the opposing party submits his own affidavits or documentary evidence to the contrary. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

In a FOIA case, the court may grant summary judgment based on the information provided in affidavits or declarations when the affidavits or declarations describe "the documents

and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Cent. Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

### B.  Release of the Incident Report

BOP demonstrates that it has released in full the two-page incident report Plaintiff requested. Massey Decl. ¶ 8 & Attach. E. Because Plaintiff fails to submit any evidence to the contrary, *see generally* Plaintiff's Opposition Motion to Defendants' Motion to Dismiss, the Court treats Defendant's showing as conceded. *See, e.g., Butler v. Dep't of the Air Force*, 888 F. Supp. 174, 179 (D.D.C. 1995), *aff'd*, 116 F.3d 941 (D.C. Cir. 1997) (per curiam). Thus, the BOP shows that it has met its obligations under the FOIA, and summary judgment on this issue will be granted in the BOP's favor.

### C.  Exemption 7 and the BOP's Glomar Response

Generally, the FOIA's Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes," but only to the extent that disclosure of such records would cause an enumerated harm. 5 U.S.C. § 552(b)(7); *see Fed. Bureau of Investigation v. Abramson*, 456 U.S. 615, 622 (1982). In order to withhold material properly under Exemption 7, an agency first must establish that the material at issue was compiled for law

4

enforcement purposes, and that the material satisfies the requirements of one of the subparts of Exemption 7.  *See Pratt v. Webster*, 673 F.2d 408, 413 (D.C. Cir. 1982).  In this case, the relevant subpart is Exemption 7(C), which protects from disclosure information in law enforcement records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552 (b)(7)(C).

If an individual is the target of a FOIA request, the agency to which the FOIA request is submitted may provide a "Glomar" response, that is, the agency may refuse to confirm or deny the existence of records or information responsive to the FOIA request on the ground that even acknowledging the existence of responsive records constitutes an unwarranted invasion of the targeted individual's personal privacy.  *Phillippi v. Cent. Intelligence Agency*, 546 F.2d 1009, 1014-15 (D.C. Cir. 1976) (CIA refused to confirm or deny existence of secret vessel, the "Glomar Explorer"); *see Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 893 (D.C. Cir. 1995) (Glomar response proper "if confirming or denying the existence of the records would associate the individual named in the request with criminal activity"); *Enzinna v. United States Dep't of Justice*, No. 97-5078, 1997 WL 404327, at *2 (D.C. Cir. June 30, 1997) (agency refusal to confirm or deny existence of responsive records appropriate because acknowledging existence of records would associate witnesses with criminal investigation).  Relying on Exemption 7(C), the BOP refused to confirm or deny the existence of disciplinary records pertaining to Ms. Moore.  Massey Decl. ¶ 9 & Attach. E.

The Court ultimately may determine that the BOP's decision to provide a Glomar response is proper.  However, based on the current record, the Court cannot reach this conclusion.  Although the BOP is considered a law enforcement agency, *see Duffin v. Carlson*,

636 F.2d 709, 713 (D.C. Cir. 1980) (concluding that BOP is a "criminal law enforcement authority"), nothing in the BOP's motion and supporting documents establishes that the disciplinary records pertaining to a former BOP employee are law enforcement records within the scope of Exemption 7.

The Court will grant Defendants' summary judgment motion in part as the release of the incident report satisfies the BOP's obligation under the FOIA. Defendants' motion will be denied in part without prejudice, and BOP will be directed to file a renewed summary judgment motion with respect to its Glomar response. A memorializing Order accompanies this Memorandum Opinion.

Date: July 3, 2007

/s/
ROSEMARY M. COLLYER
United States District Judge