IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONROE L. COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:06-cv-02255-RMC |
| HARLEY LAPPIN, Director, Federal Bureau of Prisons, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MOTION FOR CLARIFICATION

On July 3, 2007, the Court entered an order *inter alia* (1) granting Defendant Elizabeth Herman's motion to dismiss (Docket No. 10); and (2) granting Plaintiff's motion to substitute the Office of Bar Counsel for Defendant Elizabeth Herman (Docket No. 12). *See* Order (Docket No. 21). In order to eliminate any potential ambiguity, successor Defendant Office of Bar Counsel[1] respectfully requests an order clarifying that it has also been dismissed from the case. The grounds for this motion are fully set forth below.

1.   Plaintiff Monroe Coleman filed this action *pro se* under the federal Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, on December 29, 2006. (Docket No. 1). Mr. Coleman sued, among others, Defendant Elizabeth Herman in her official capacity as an employee of the Office of Bar Counsel, District of Columbia Bar. *Id.* at 5.

2.   Defendant Elizabeth Herman filed a motion to dismiss on February 16, 2007. (Docket No. 10). In partial response to that motion, Plaintiff filed a motion for

---

[1] This party is denominated on the docket as "District of Columbia Bar Counsel's Office."

substitution of parties, seeking, *inter alia*, to substitute the Office of Bar Counsel for Defendant Elizabeth Herman. (Docket No. 12).

3. On July 3, 2007, the Court issued a Memorandum Opinion in which the Court indicated that it would grant the above-referenced motion to substitute and the motion to dismiss, and providing the substantive grounds for granting the motion to dismiss. Memorandum Opinion at 1 n.1 (Docket No. 20). The Memorandum Opinion was accompanied by an Order implementing the decision. (Docket No. 21).

4. Because it is not clear whether Plaintiff's motion for substitution was brought or decided under Fed. R. Civ. P. 15(a) (*i.e.,* as an amendment to the pleadings) or 25 (*i.e.,* as a transfer of interest), it may be possible for Plaintiff to allege that the Court's Order merely dismisses Defendant Elizabeth Herman but does not dismiss successor Defendant Office of Bar Counsel.

5. The Court's memorandum opinion and order should be construed as dismissing successor Defendant Office of Bar Counsel for three reasons. First, the Memorandum Opinion provides that the effect of granting the motion for substitution alone is dismissal of Defendant Elizabeth Herman. Memorandum Opinion at 1 n.1. ("The Court will grant Plaintiff's 'Motion for Substitution of Defendants or, in the Alternative, Amended Complaint,' *thereby dismissing defendant[] Herman*, …." (emphasis added)). The Court would have had no reason to also grant Defendant Elizabeth Herman's motion to dismiss if there was not some additional purpose for doing so, *i.e.*, dismissal of successor Defendant Office of Bar Counsel. Second, the reasoning provided in the Memorandum Opinion for granting Defendant Elizabeth Herman's motion to dismiss is reasoning that is equally applicable to successor Defendant Office of Bar Counsel. *Id.* Third, the language of the remainder of the Memorandum

Opinion focuses exclusively on the Plaintiff's claims against the federal defendants, implicitly suggesting that the Office of Bar Counsel must no longer be a defendant.

6.     Nevertheless, neither the Memorandum Opinion nor the Order expressly state that successor Defendant Office of Bar Counsel has been dismissed.

## CONCLUSION

For all the foregoing reasons, successor Defendant Office of Bar Counsel respectfully requests that Court enter an order clarifying that the Court's Memorandum Opinion of July 3, 2007 (Docket No. 20) and Order of July 3, 2007 (Docket No. 21) should be construed to mean that successor Defendant Office of Bar Counsel is dismissed from the case.


Dated: July 13, 2007

                                                    Respectfully submitted,

                                                    /s/ *Timothy K. Webster*
                                                    Timothy K. Webster (D.C. Bar No. 441297)
                                                    SIDLEY AUSTIN LLP
                                                    1501 K Street, N.W.
                                                    Washington, D.C. 20005
                                                    (202) 736-8000

                                                    Counsel for Defendant Elizabeth Herman,
                                                    Office of Bar Counsel, and successor
                                                    Defendant Office of Bar Counsel

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the following individual to be served via first class mail, postage prepaid, on July 13, 2007:

Monroe L. Coleman
Reg. No. 01723-016
Terre Haute United States Penitentiary
P.O. Box 12015
Terre Haute, IN 47801

And the following individual to be served through the Court's electronic case filing system:

Alexander D. Shoaibi
Assistant United States Attorney
555 4th St., N.W. Room E4218
Washington, DC 20530

/s/ *Timothy K. Webster*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONROE L. COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:06-cv-02255-RMC |
| HARLEY LAPPIN, Director, Federal Bureau of Prisons, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER GRANTING MOTION FOR CLARIFICATION**

For good cause shown, successor Defendant Office of Bar Counsel's Motion For Clarification is hereby GRANTED. It is therefore ORDERED that the Court's Memorandum Opinion of July 3, 2007 (Docket No. 20) and Order of July 3, 2007 (Docket No. 21) should be construed to mean that successor Defendant Office of Bar Counsel is dismissed from the case for the reasons stated on page 1, footnote 1, of the Memorandum Opinion.

This ____ day of _____, 2007.

_____
United States District Judge

2

**NAMES OF PERSONS TO BE SERVED WITH PROPOSED ORDER UPON ENTRY**

Pursuant to LCvR 7(k), listed below are the names and addresses of all attorneys and parties entitled to be notified of the proposed order's entry.

Monroe L. Coleman
*Pro se*
R01723-016
Terre Haute United States Penitentiary
P.O. Box 12015
Terre Haute, IN 47801

Alexander D. Shoaibi
Assistant United States Attorney
555 4th St., N.W. Room E4218
Washington, DC 20530