**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| | ) | |
| **MONROE L. COLEMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 06-2255 (RMC)** |
| | ) | |
| **HARLEY LAPPIN,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

_____

**ORDER**

Defendants have filed a renewed motion for summary judgment.  Because a ruling

on defendants' motion potentially could dispose of this case, the Court hereby advises the *pro se*

plaintiff of his obligations under the Federal Rules of Civil Procedure and the rules of this Court.

In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held

that a district court must take pains to advise a *pro se* party of the consequences of failing to

respond to a dispositive motion.  "That notice . . . should include an explanation that the failure

to respond . . . may result in the district court granting the motion and dismissing the case."  *Id*. at

509.  In *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district

court must inform *pro se* litigants that, on a motion for summary judgment, "any factual assertion

in the movant's affidavits will be accepted . . . as being true unless [the opposing party] submits

his own affidavits or other documentary evidence contradicting the assertion."  *Id*. at 456

(quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

The court specified that the "text of Rule 56(e) should be part of the notice" issued

to the *pro se* litigant.  *Id*.  Under Rule 56(e) of the Federal Rules of Civil Procedure:

> Supporting and opposing affidavits shall be made on personal
> knowledge, shall set forth such facts as would be admissible in
> evidence, and shall show affirmatively that the affiant is competent
> to testify to the matters stated therein.  Sworn or certified copies of all
> papers or parts thereof referred to in an affidavit shall be attached
> thereto or served therewith.  The court may permit affidavits to be
> supplemented or opposed by depositions, answers to interrogatories,
> or further affidavits.  When a motion for summary judgment is made
> and supported as provided in this rule, an adverse party may not rest
> upon the mere allegations or denials of the adverse party's pleading,
> but the adverse party's response, by affidavits or as otherwise
> provided in this rule, must set forth specific facts showing that there
> is a genuine issue for trial.  If the adverse party does not so respond,
> summary judgment, if appropriate, shall be entered against the
> adverse party.

Fed. R. Civ. P. 56(e).  Thus, a party such as Plaintiff, who opposes a motion for summary

judgment, must rebut the moving party's affidavits with other affidavits or sworn statements;

simple allegations that the moving party's affidavits are inaccurate or incorrect are not sufficient.

Accordingly, it is hereby

**ORDERED** that Plaintiff shall file an opposition or other response to Defendants'

renewed summary judgment motion by **October 1, 2007**.  If Plaintiff  fails to respond by this

date, the Court may treat the motion as conceded.

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

Date: September 4, 2007