UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONROE COLEMAN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HARLEY LAPPINS, )<br>DIRECTOR, FEDERAL BUREAU OF PRISONS, ET AL.)<br>)<br>Defendants. )<br>_____) | C.A. No. 06-2255 (RMC) |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANTS' SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT**

Defendants Bureau of Prisons and Department of Justice (Federal Defendants), by counsel, hereby reply to plaintiff's opposition to defendants' supplemental motion for summary judgment. Defendants respectfully renew their motions for summary judgment on the grounds that the disclosable portions of the records requested by Plaintiff pursuant to the Freedom of Information Act, 5 U.S.C. §552 ("FOIA" or the "Act"), have been provided, and that the remaining portion of the records were properly withheld under the Act. *[Docket #10, #17 & #26]*.

Plaintiff's Opposition *[Docket #28]*, simply brings his action full circle to his initial challenge of an inmate discipline proceeding. This type of challenge requires Plaintiff to file a habeas corpus petition pursuant to 28 U.S.C. §2241 as opposed to a FOIA action. Plaintiff's request was, and continues to be, a challenge to an incident report and the evidence used to sustain the charge.

The BOP has very specific regulations concerning inmate discipline. 28 C.F.R. §541.10, et seq, *Inmate Discipline and Special Housing Units*. These regulations outline the due process requirements related to inmate discipline articulated in Wolff v. McDonald, 418 U.S. 539 (1974), and Superintendent v. Hill, 472 U.S. 445 (1985), and their progeny.

Plaintiff's allegations are challenges to his incident report, the prison disciplinary proceedings and due process. Such proceeding must be challenged in a §2241 action and venue is only appropriate in the judicial district in which the prisoner is incarcerated[1]. Therefore, these claims must be dismissed for lack of jurisdiction. Plaintiff has acknowledged his error by attaching what appears to be a 28 U.S.C. §2241 petition to his motion attacking his incident report. *[Doc. #28]*.

Additionally, Plaintiff is seeking information, if it exists, about an alleged personal relationship between two BOP staff members. The Plaintiff's interest in a former BOP employee is a clear example of need for the protections afforded in Exemption 7( C)[2] of the Freedom of Information Act. If the BOP had conducted an investigation into allegations of misconduct, the release of such documents, if they existed, would clearly be an unwarranted invasion of the employee's personal privacy.

Plaintiff's focus on a former BOP employee justifies the Defendants' use of a Glomar exception to his request. Even acknowledging the existence of potential documents related to this

---

[1]Plaintiff is housed at the United States Penitentiary, Terre Haute, Indiana, located in the jurisdiction of the United States District Court for the Southern District of Indiana.

[2]That exemption permits an agency to withhold "information compiled for law enforcement purposes" when producing that information "could reasonably be expected to constitute an unwarranted invasion of personal privacy."

employee would violate her privacy rights in the context of the Plaintiff's request and subsequent litigation. Additionally, for reasons already stated in Defendants' previous motions *[Docket #10, #17 and #26]*, Plaintiff's request and his motions filed in this case demonstrate the inherent danger in releasing any private information concerning a BOP employee to an inmate.

The Plaintiff does not seek any records, if they exist, for legitimate purposes outlined in the Freedom of Information Act. The purpose of FOIA is not to provide documents containing an individual's private information so that the requester can launch a personal crusade against that individual. The very nature of Plaintiff's justifications, outlined in his motions, supports the argument that any acknowledgment or release of potential documents would constitute an unwarranted invasion of this employee's personal privacy.

As previously argued by Defendants, the records sought, staff disciplinary records/investigations, if they exist, are law enforcement records as defined by BOP policy. An unwarranted invasion of personal privacy related to these investigatory files would take place if these files were released. Merely acknowledging the existence of these records, in a prison setting, provides the necessary information an inmate would need to discredit and dishonor a federal law enforcement official. Clearly, the privacy interest at stake outweighs the public's interest in disclosure.

Importantly, neither Plaintiff's Complaint or his subsequent pleadings couch Plaintiff's request for a search of law enforcement records/investigations as based upon any need to protect the public or gain greater insight into government operations. Instead, plaintiff's request is for law enforcement records intended and destined to be used to discredit an individual employee of the BOP. The FOIA has created privacy protections in the FOIA exemptions to protect an

individual's personal privacy. In this case, the Glomar exception best protects the individual by neither confirming or denying the existence of law enforcement records that could be used to harm the individual.

## CONCLUSION

For the above reasons, the Defendants' Renewed Motion for Summary Judgment should be granted and judgment should be entered in favor of Defendants.

Respectfully submitted,

___/s_/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


__/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


__/s/_____
ALEXANDER D. SHOAIBI, D.C. BAR #423587
Assistant United States Attorney
501 Third Street, N.W., Rm E-4218
Washington, D.C.  20530
(202) 514-7236

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September, 2007, a copy of the foregoing Reply in Support of Renewed Motion for Summary Judgment was mailed, postage prepaid, to Plaintiff,

    Monroe Coleman, 01723-016
    United States Penitentiary, Terre Haute
    P.O. Box 12015
    Terre Haute, IN  47801.

                                                                                                  /_____
                                                        ALEXANDER D. SHOAIBI
                                                        Assistant United States Attorney

Case 1:06-cv-02255-RMC    Document 29    Filed 09/13/2007    Page 6 of 6