UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MONROE L. COLEMAN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-2255 (RMC) |
| HARLEY LAPPIN, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

For the reasons stated below, the Court will deny without prejudice Defendants' renewed motion for summary judgment.[1]

I. BACKGROUND

In June 2006, Plaintiff submitted a request for information under the Freedom of Information Act, *see* 5 U.S.C. § 552, to the Federal Bureau of Prisons ("BOP") for the following:

> [A]ll records and/or data contained in the files regarding BOP former worker Kimberly Moore, including disciplinary report filed against [plaintiff] by Mrs. Kimberly Moore who was terminated for indulging in wrongful acts as a BOP worker during 2005 or 2006, which it requested that any and all investigations on the named party Mrs[.] Kimberly Moore be

---

[1] The Court also will deny Plaintiff's "motion for order." Contrary to Plaintiff's assertion, Defendants' renewed summary judgment motion is timely because the Court granted their request for an extension of time, to August 31, 2007, to file the motion.

1

>released to requester. This disciplinary report and the requested investigation(s) took place at Big Sandy USP which is located in Inez, Kentucky during the year of 2005 and/or 2006.

Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss or, in the Alternative[,] Motion for Summary Judgment ("Defs.' Mot."), Declaration of Sharon Massey ("Massey Decl."), Attach. B (Plaintiff's FOIA Request) at 1. The BOP released in full the two-page Incident Report, Massey Decl. ¶ 8 & Attach. F (Incident Report No. 1351770), and the Court granted the agency's prior summary judgment motion on this issue. *Coleman v. Lappin*, No. 06-2255, 2007 WL 1983835, at *2 (D.D.C. July 3, 2007).

The BOP refused to confirm or deny "the existence of disciplinary records regarding a staff member." Massey Decl., Attach. E (July 19, 2006 letter from R.W. Schott, Regional Counsel, Consolidated Legal Center, BOP, regarding Request No. 2006-07999). Relying on FOIA Exemption 7(C), agency staff explained the decision as follows:

>Lacking [Mrs. Moore's] consent, proof of death, official acknowledgment of an investigation or an overriding public interest, even to acknowledge the existence of law enforcement records pertaining to [her] could reasonably be expected to constitute an unwarranted invasion of personal privacy.

*Id.* Because the agency's supporting declaration did not establish that disciplinary records pertaining to Mrs. Moore are or would be law enforcement records within the scope of Exemption 7, the Court denied the agency's prior summary judgment motion in part without prejudice. *Coleman*, 2007 WL 1983835, at *3.

## II. DISCUSSION

An agency may refuse to confirm or deny the existence of records, a so-called Glomar response, when "to confirm or deny the existence of records . . . would cause harm cognizable under an FOIA exception." *Gardels v. Central Intelligence Agency*, 689 F.2d 1100, 1103 (D.C. Cir. 1982).[2] Relevant to this discussion is Exemption 7(C), which protects from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Exemption 7(C) recognizes that the stigma of being associated with any law enforcement investigation affords broad privacy rights to those who are connected in any way with such an investigation unless a significant public interest justifies disclosure. *See United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773-75 (1989); *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1205-06 (D.C. Cir. 1991).

According to the BOP, records responsive to Plaintiff's FOIA request for "any disciplinary files or investigations" or for "disciplinary records" pertaining to Mrs. Moore, if any such records exist, are law enforcement records for purposes of Exemption 7. Memorandum of Points and Authorities in Support of Renewed Motion for Summary Judgment, Declaration of Kevin J. Walasinski ("Walasinski Decl.") ¶¶ 19,

---

[2] "[T]this 'neither confirm nor deny' response is popularly referred to as a 'Glomar response' after *Phillippi v. Central Intelligence Agency*, 546 F.2d 1009 (D.C. Cir. 1976), which concerned a FOIA request for records of the 'Glomar Explorer.'" *Benavides v. Drug Enforcement Admin.*, 976 F.2d 751, 752 (D.C. Cir. 1992) (per curiam).

23. The agency further asserts that a Glomar response is appropriate in this case because any other response "'could reasonably be expected to constitute an unwarranted invasion of [Mrs. Moore's] personal privacy.'" *Id.* ¶ 24 (quoting 5 U.S.C. § 552 (b)(7)(C)).

The BOP's declarant states that BOP employees "are deemed federal law enforcement officials" with "responsibilities related to the security and orderly operation of the federal prison system." *Id.* ¶¶ 7, 8.[3] Such employees are subject to BOP Program Statement 3420.09, <u>Standards of Employee Conduct</u>, which "addresses BOP staff conduct and investigations into allegations of staff misconduct, including criminal misconduct and discipline." *Id.* ¶ 9; *see id.*, Attach. A (Program Statement 3420.09).

The allegations set forth in Plaintiff's complaint and other filings, according to the declarant, either "would potentially warrant an official investigation pursuant to this Program Statement to determine if criminal or civil statutes, or administrative regulation(s) were violated," Walasinski Decl. ¶ 13, or "would require an official investigation pursuant to the above Program Statement." *Id.* ¶ 17. "[C]riminal charges, civil fines/remedies and/or administrative charges" may follow, depending on the outcome of "an official/law enforcement investigation[]." *Id.* ¶ 18. If such records exist, they "would be maintained as investigatory files and outline the

---

[3] "Public Health Service, independent contractors, and non-law enforcement vested employees" are not considered federal law enforcement officials. Walasinski Decl. ¶ 7.

facts, witnesses, law, and regulations[] relied upon to either sustain or deny charges of criminal, civil or administrative misconduct." *Id.* ¶ 21.

The declarant suggests that Mrs. Moore's status as a federal law enforcement officer or as a former employee of an agency with a law enforcement function is a proper basis from which to conclude that any agency records pertaining to her were or would have been compiled for law enforcement purposes. Mrs. Moore's employment status alone does not establish "a rational nexus between the investigation at issue and the agency's law enforcement duties." *Jefferson v. Dep't of Justice*, 284 F.2d 172, 177 (D.C. Cir. 2002) (quoting *Pratt v. Webster*, 673 F.2d 408, 421 (D.C. Cir. 1982)).

In assessing whether agency records are compiled for law enforcement purposes, the "focus is on how and under what circumstances the requested files were compiled, and whether the files sought relate to anything that can fairly be characterized as an enforcement proceeding." *Jefferson*, 284 F.2d at 176-77 (citations and internal quotations marks omitted). The declarant's vague and general references to Program Statement 3420.09 do not demonstrate the circumstances under which the requested records may have been compiled, and do not explain what enforcement or administrative proceedings may have occurred or may have been authorized.

III. CONCLUSION

A Glomar response is not appropriate in the absence of an evidentiary record to support a finding that BOP records pertaining to Mrs. Moore are law enforcement records. *See Jefferson*, 284 F.3d at 179. On the current record, the Court

cannot determine whether the BOP's Glomar response to Plaintiff's FOIA request was proper. Accordingly, the Court will deny without prejudice Defendants' renewed motion for summary judgment and order Defendants to file a renewed summary judgment motion within 45 days of entry of the accompanying Order.

/s/ Rosemary M. Collyer
ROSEMARY M. COLLYER
United States District Judge

DATE: 28 Feb 2008