## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MONROE L. COLEMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 06-2255 (RMC)** |
| ) | |
| **HARLEY LAPPIN,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on Defendant's renewed motion for summary judgment.[1]  After having considered the motion, Plaintiff's opposition, and the record of this case, the Court will grant summary judgment for Defendant.

### I.  BACKGROUND

In June 2006, Plaintiff submitted a request for information under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, to the Federal Bureau of Prisons ("BOP") for the following:

> [A]ll records and/or data contained in the files regarding BOP former
> worker Kimberly Moore, including disciplinary report filed against
> [plaintiff] by Mrs. Kimberly Moore who was terminated for indulging
> in wrongful acts as a BOP worker during 2005 or 2006, which it
> requested that any and all investigations on the named party Mrs[.]

---

[1]  Also before the Court is Plaintiff's Motion for Clarification [Dkt. #44], in which he requests correction of the Court's March 18, 2009 Memorandum Opinion on the ground that its "place[ment] on public record can will be life's threatened to Coleman[] . . ., especially since he is incarcerated." Pl.'s Mot. for Clarification at 2.  Because Plaintiff neither articulates any alleged errors in the Memorandum, nor demonstrates that its publication as drafted poses a risk to his safety, the motion will be denied.

> Kimberly Moore be released to requester.  This disciplinary report
> and the requested investigation(s) took place at Big Sandy USP which
> is located in Inez, Kentucky during the year of 2005 and/or 2006.

Defs.' Mem. in Supp. of Mot. to Dismiss or, in the Alternative[,] Mot. for Summ. J. [Dkt. #17], Decl. of Sharon Massey ("Massey Decl."), Attach. B (Plaintiff's FOIA Request) at 1.  The Court already has determined that the BOP properly withheld information under FOIA Exemptions 2, 5, and 6 (where the BOP relied on Exemption 6 alone), *Coleman v. Lappin*, 607 F. Supp. 2d 15, 21-22 (D.D.C. 2009), and that the records responsive to Plaintiff's FOIA request were compiled for law enforcement purposes within the scope of FOIA Exemption 7.  *Id.* at 23-24.  Because the BOP had not explained adequately its decision to redact certain information under  FOIA Exemption 6 in conjunction with Exemption 7 and Exemptions 7(C), 7(E), and 7(F), the Court denied Defendant's previous summary judgment motion without prejudice.  *See id.* at 25.

At issue are 164 pages of records responsive to Plaintiff's FOIA request.  Mem. in Supp. of Def.'s Renewed Mot. for Summ. J. ("Def.'s Mem.") [Dkt. #46], Decl. of Denise M. Gottleib ("Gottleib II Decl.") [Dkt. #47] ¶ 7.  The BOP represents that, since the Court issued its March 18, 2009 Memorandum Opinion and Order, "the Attorney General has provided new guidelines for Justice Department agencies to follow when addressing [FOIA] requests."  *Id.* ¶ 3. Application of the new guidelines results in the disclosure of additional information: the BOP has released 83 pages of records "in their entirety pursuant to the new FOIA directives by the President of the United States," *id.* ¶ 11, and it no longer withholds any information under FOIA Exemptions 7(E) or 7(F).  *Id.*  ¶ 10.  However, the BOP continues to withhold portions of 15 pages of records, *id.* ¶¶ 12-14, 16, and another 24 pages of records in their entirety, *id.* ¶¶ 18-19, under Exemptions 6 and 7(C).

## II.  DISCUSSION

### A.  Summary Judgment in a FOIA Case

The Court may grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).   Factual assertions in the moving party's affidavits may be accepted as true unless the opposing party submits his own affidavits, declarations or documentary evidence to the contrary.  *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Defenders of Wildlife v. United States Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009) (citations omitted).  In a FOIA case, the Court may grant summary judgment based on the information provided in an agency's supporting affidavits or declarations when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).  Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Cent. Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

### B. *Exemptions 6 and 7(C)*

1. Exemption 6

Exemption 6 protects from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). "The term 'similar files' is broadly interpreted, such that Exemption 6 protects from disclosure all information that 'applies to a particular individual' in the absence of a public interest in disclosure." *Lardner v. Dep't of Justice*, 638 F. Supp. 2d 14, 23 (D.D.C. 2009) (quoting *United States Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982)). The threshold is "fairly minimal," and "[a]ll information which applies to a particular individual is covered by Exemption 6, regardless of the type of file in which it is contained." *Washington Post Co. v. United States Dep't of Health & Human Servs.*, 690 F.2d 252, 260 (D.C. Cir. 1982) (quoting *Washington Post*, 456 U.S. at 602) (internal quotation marks omitted). In this way, the "FOIA's protection of personal privacy is not affected by the happenstance of the type of agency record in which personal information is stored." *Id.*; *see New York Times Co. v. NASA*, 920 F.2d 1002, 1004-05 (D.C. Cir. 1990) (en banc) (concluding that Exemption 6 protected a tape of voice communications aboard the Challenger space shuttle because "it applies to particular individuals").

Exemption 6 requires "a balancing of the individual's right of privacy against the preservation of the basic purpose of the Freedom of Information Act to open agency action to the light of public scrutiny." *Dep't of the Air Force v. Rose*, 425 U.S. 352, 372 (1976) (internal quotation marks and citation omitted); *see United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 756 (1989). The privacy interest at stake belongs to the individual, not the agency. *See Reporters Comm. for Freedom of the Press*, 489 U.S. at 763-65;

*Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 875 (D.C. Cir. 1989) (noting an individual's significant privacy interest "in avoiding the unlimited disclosure of his or her name and address"), *cert. denied*, 494 U.S. 1078 (1990). It is the requester's obligation to articulate a public interest sufficient to outweigh an individual's privacy interest, and the public interest must be significant. *See Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 172 (2004).

2. Exemption 7(C)

Exemption 7(C) protects from disclosure information in law enforcement records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552 (b)(7)(C). "To determine whether Exemption 7(C) applies, [courts] 'balance the privacy interests that would be compromised by disclosure against the public interest in release of the requested information.'" *Sussman v. United States Marshals Serv.*, 494 F.3d 1106, 1115 (D.C. Cir. 2007) (quoting *Davis v. United States Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992)); *see Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993). With respect to the Court's inquiry into the privacy interests and public interests at stake, the analysis under Exemptions 6 and 7(C) is substantially similar. *See, e.g., Reed v. Nat'l Labor Relations Bd.*, 927 F.2d 1249, 1251 (D.C. Cir. 1991) (applying the *Reporters Committee* analysis in concluding that lists containing the names and addresses of employees eligible to vote was protected from disclosure under Exemption 6), *cert. denied*, 502 U.S. 1047 (1992); *Stern v. Fed. Bureau of Investigation*, 737 F.2d 84, 91 (D.C. Cir. 1984) (finding that court decisions regarding Exemption 6 are directly relevant to identifying privacy interests at stake in the analysis under Exemption 7(C)).

Generally, the privacy interests of third parties mentioned in law enforcement files are "substantial," while "[t]he public interest in disclosure [of their identities] is not just less

substantial, it is insubstantial." *SafeCard Servs.*, 926 F. 2d at 1205. "[U]nless access to the names and addresses of private individuals appearing in files within the ambit of Exemption 7(C) is necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity, such information is exempt from disclosure." *Id.* at 1206; *see Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 896 (D.C. Cir. 1995).

"[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis v. United States Dep't of Justice*, 968 F.2d at 1282 (quoting *Reporters Comm. for Freedom of the Press*, 489 U.S. at 773). If the public interest is government wrongdoing, then the requester must "produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Boyd v. Criminal Div. of the United States Dep't of Justice*, 475 F.3d 381, 387 (D.C. Cir. 2007) (citing *Favish*, 541 U.S. at 174).

### C.  *Records Released In Part*[2]

Under Exemption 6 alone, the BOP withholds the Social Security numbers and dates of birth of BOP staff members. Gottleib II Decl. ¶¶ 13, 16; *see id.*, Attach. E. Its declarant asserts that "a substantial privacy interest exists in information about individuals," and disclosure of this information serves no public interest because its "dissemination . . . would not . . . explain the activities and operations of the BOP." *Id.* ¶ 17. Plaintiff concedes that the BOP properly may redact the names of BOP staff members who may have investigated any allegations with respect to Ms.

---

[2]      The BOP has submitted for *in camera* review unredacted copies of all the documents released in part and released in full. *See* Gottleib II Decl., Attach. E-F.

Moore, *see generally* Pl.'s Fourth Opp'n to Def.'s Summ. J. [Dkt. #50] ("Pl.'s Opp'n") at 2-3, and

he "is not interested in witnesses['] names, dates of birth[], etc." *Id.* at 17.

The Court previously has held that "such items as individuals' names, titles, Social

Security numbers, dates of birth, pay grades, union affiliations, and dates of duty" are protected

under Exemption 6, *Coleman*, 607 F. Supp. 2d at 22, and reaches the same conclusion with respect

to the information described in the BOP's supporting declaration.  The names and Social Security

numbers of BOP staff members clearly apply to particular individuals, and the parties identify no

public interest in disclosure to outweigh the individuals' privacy interests.  *See generally* Pl.'s

Opp'n; Gottleib II Decl. ¶¶ 13, 17.  Accordingly, the BOP's decision to redact these names and

Social Security numbers under Exemption 6 alone is appropriate.  *See, e.g., Bangoura v. United

States Dep't of the Army*, 607 F. Supp. 2d 134, 149 (D.D.C. 2009) (concluding that the Army

"properly withheld [under Exemption 6] the names and/or identities of the redacted law enforcement

personnel or third parties interviewed during the investigation" by military police of requester's

arrest and detention); *Concepción v. Fed. Bureau of Investigation*, 606 F. Supp. 2d 14, 36 (D.D.C.

2009) (concluding that "third parties' initials, names, or Social Security numbers apply to particular

individuals, and, thus, . . . meet[] the threshold requirement for Exemption 6 protection," and, absent

public interest in disclosure, properly are withheld under Exemption 6); *Amuso v. United States

Dep't of Justice*, 600 F. Supp. 2d 78, 93-94 (D.D.C. 2009) (concluding that the FBI properly

withheld under Exemption 6 the names and identifying information about individuals interviewed

by FBI agents).

Under Exemption 7(C), the BOP has redacted from 3 pages of records the name of

an inmate (not the Plaintiff) who "was involved in a separate investigation of retaliation, sexual

harassment, and cruel and unusual wrongful acts against him."  Gottleib II Decl. ¶ 15; *see id.* ¶ 14.

This inmate "has not consented to the release of his identity or personal information."  *Id.* ¶ 15.

Similarly, from a fourth page, the BOP has redacted the name and register number of that inmate,

absent his consent to the release of his identity and personal information. *Id.* ¶ 16.  According to the

BOP's declarant, "[r]elease of the inmate's name and information related to the incident he reported

may put him in jeopardy of his safety" because inmates who cooperate in such investigations "are

not viewed favorably" by their fellow inmates.  *Id.* ¶ 15; *see id.* ¶ 16.

Further, the declarant states that release of this information "would not help explain the activities and

operations of the BOP," and, thus, the inmate's privacy interests prevail.  *Id.* ¶ 17.

Plaintiff maintains that release in full of these redacted records is a matter of public

interest insofar as the records pertain to "[Ms.] Moore's 'adulteress' behavior on the [B]ureau of

[P]risons job[.]"  Pl.'s Opp'n at 3; *see id.* at 5.  According to Plaintiff, "[Ms. Moore's] actions were

a threat to jeopardize 'public safety,'" *id*. at 7, yet he offers no explanation or support for these

assertions.  Moreover, it appears that his interest in these records is merely "to show the truth of his

allegations that he was wrongfully disciplined by prison officials" for having reported Ms. Moore's

misconduct.  *Id.* at 6.  Plaintiff's personal interest in the records is not a cognizable public interest

for purposes of the FOIA Exemption 7(C) analysis, and it does not overcome the individual's privacy

interests.  *See Oguaju v. United States*, 288 F.3d 448, 450 (D.C. Cir. 2002) (finding that the

requester's "personal stake in using the requested records to attack his convictions does not count

in the calculation of the public interest"), *vacated and remanded*, 541 U.S. 970 (2004), *on remand*,

378 F.3d 115 (D.C. Cir.) (reaffirming prior decision), *reh'g denied*, 386 F.3d 273 (D.C. Cir.), *cert.*

*denied*, 544 U.S. 983 (2005); *see also Reporters Comm. for Freedom of the Press*, 489 U.S. at 771

(stating that the requester's identity has "no bearing on the merits of his . . . FOIA request").

Based on the Court's review of both the redacted and unredacted documents, only the

name of the other inmate has been redacted, and the BOP properly did so under FOIA Exemption

7(C).

### D.   Records Withheld In Full

The BOP admits the existence of records responsive to Plaintiff's FOIA request, and

thereby acknowledges that the records withheld in full pertain to Ms. Moore.  Mem. of P. & A. in

Supp. of Def.'s Renewed Mot. for Summ. J. [Dkt. #39] at 4.   Withheld in its entirety is "an Internal

Affairs investigation (24 pages)," Gottleib II Decl. ¶ 18, "which was conducted based upon the

complaint of misconduct by another inmate[.]" *Id.* ¶ 20; *see id.* ¶ 26.  Neither this investigation nor

these records pertain to Plaintiff.  *Id.* ¶ 21.  Rather, the other inmate's  report triggered an official

investigation into the alleged misconduct of a BOP staff member, Kimberly Moore.  *See id.* ¶¶ 20-22.

The records withheld include: a one-page detailed memorandum to the Special Investigative Agent

reporting an incident of misconduct;  documents pertaining to separate incidents not related to

Plaintiff; threatening letters by another inmate to a BOP staff member; a report of investigation and

supporting memorandum pertaining to another inmate; an inmate profile of another inmate; and an

Office of Internal Affairs case summary on a separate incident unrelated to Plaintiff.  Gottleib II

Decl. ¶¶ 36-40, 42-43.

The BOP withholds two pages under Exemption 6, and describes these pages as a

Request for Personnel Action resulting from "an Internal Affairs investigation not related to the

Plaintiff."  Gottleib II Decl. ¶ 41.  The document "is a personnel record and it contains the name,

address, social security number[] and background information of a staff member," *id.*, and the Court already has held that such information properly is withheld under Exemption 6. *See Coleman*, 607 F. Supp. 2d at 22. The BOP relies on Exemption 7(C) alone to justify its decision to withhold the remaining documents.

The declarant explains that inmates "who present misconduct issues or assist BOP investigative staff . . . are not viewed favorably in the general inmate population and [by] targeted staff members." Gottleib II Decl. ¶ 29. Disclosure of these documents, the declarant states, "places the reporting inmate's safety in jeopardy," *id.* ¶ 28, and can subject him "to harassment and potential physical assault or violence" at the hands of other inmates. *Id.* ¶ 30. Further, the declarant states that "[r]elease of this information would reveal intensely private information about the target [of the investigation,]" and "could render the target vulnerable to blackmail, humiliation, and/or physical violence." *Id.* ¶ 32. Moreover, the declarant states that release through the FOIA is a means by which prison gangs, among others, may access information about BOP investigations, which in turn "can . . . be used by the inmate population . . . to verify cooperation, information, gang activity, illegal conduct and types of plans or operations used by inmates to circumvent institutional security." *Id.* ¶ 34. In addition, she explains that inmates may use such information "to issue 'hits' on cooperating inmates, assist inmates in developing schemes to . . . introduce contraband, conduct illegal activities in the prison and effectuate escape." *Id.* ¶ 35.

Plaintiff argues that release of these records is a matter of public interest because the investigation pertained to a threat to security caused by a BOP staff member's misconduct. *See* Pl.'s Opp'n at 7. In addition, he argues that Ms. Moore's status as a former federal employee diminishes her privacy interest, tiping the balance in favor of disclosure. *See id.* at 8-9.

Ms. Moore's  privacy interest is diminished somewhat because she was a federal government employee. *See Stern*, 737 F.2d at 92.  However, even a federal government employee maintains some privacy interest in records regarding her employment. *Beck v. Dep't of Justice*, 997 F.2d 1489, 1494 (D.C. Cir. 1993); *accord Kimberlin v. Dep't of Justice*, 139 F.3d 944, 949 (D.C. Cir.) (stating that government officials have a diminished privacy interest, but they do not surrender all privacy rights by accepting government employment), *cert. denied*, 525 U.S. 891 (1998); *see Stern*, 737 F.2d at 91 (finding that an employee has at least a minimal privacy interest in his employment history and performance evaluations).  In particular, a government employee "has a privacy interest in any file that 'reports on an investigation that could lead to the employee's discipline or censure.'" *Mueller v. United States Dep't of the Air Force*, 63 F. Supp. 2d 738, 742 (E.D. Va. 1999) (citing *Hunt v. Fed. Bureau of Investigation*, 972 F.2d 286, 287 (9th Cir. 1992)). That interest "extends to 'not having it known whether those records contain or do not contain' information on wrongdoing, whether that information is favorable or not.'" *Beck*, 997 F.2d at 1494 (quoting *Dunkelberger v. Dep't of Justice*, 906 F.2d 779, 782 (D.C. Cir. 1990)).

The Court ordinarily "consider[s], when balancing the public interest in disclosure against the private interest in exemption, the rank of the public official involved and the seriousness of the misconduct alleged." *Kimberlin*, 139 F.3d at 949; *see Stern*, 737 F.2d at 94 ("There is a decided difference between knowing participation by a high-level officer in such deception and the negligent performance of particular duties by the two other lower-level employees.").  In addition, the Court "look[s] to the nature of the requested document and to the FOIA purpose to be served by its disclosure." *Dunkelberger*, 906 F.2d at 781.  The public interest "must be defined with sufficient specificity to enable a court to determine the nature of the public interest that it is required to balance

against the privacy interests Exemption 7(C) was intended to protect." *Id.* A FOIA requester does not prevail in his efforts to obtain information about which an agency claims Exemption 7(C) protection merely by identifying a public interest. Rather, the public interest in disclosure must be so compelling that, on balance, it outweighs the individuals' legitimate privacy interests. *See Senate of Puerto Rico v. Dep't of Justice*, 823 F.2d 574, 588 (D.C. Cir. 1987).

In this case, the BOP investigated inmates' allegations of a staff member's serious misconduct, and the records withheld in full contain details of an internal agency investigation of these allegations, the result of which was administrative discipline. *See* Gottleib II Decl. ¶¶ 25, 36-43. There exists a public interest in disclosure of information about Ms. Moore's investigation, but that interest is minimal. *See Beck*, 997 F.2d at 1493 (identity of one or two relatively low-level government wrongdoers does not provide information about the agency's conduct, and there is no public interest in disclosure). Under these circumstances, disclosure of the records is reasonably expected to constitute an unwarranted invasion of both the complaining inmates' and the staff member's personal privacy.

The Court has reviewed unredacted copies of these 24 pages of records *in camera*, and concludes that the BOP's decision to withhold them in full is justified.

### E.  Segregability

If a record contains information that is exempt from disclosure, any reasonably segregable information must be released after deleting the exempt portions, unless the non-exempt portions are inextricably intertwined with exempt portions. 5 U.S.C. § 552(b); *see Trans-Pacific Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022 (D.C. Cir. 1999). The court errs if it "simply approve[s] the withholding of an entire document without entering a finding on

segregability, or the lack thereof." *Powell v. United States Bureau of Prisons*, 927 F.2d 1239, 1242 n.4 (D.C. Cir. 1991) (quoting *Church of Scientology of Cal. v. United States Dep't of the Army*, 611 F.2d 738, 744 (9th Cir. 1979)).

The Court has reviewed the BOP's declarations with attachments, and finds that these submissions adequately specify "which portions of the document[s] are disclosable and which are allegedly exempt." *Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). Further, with respect to the 24 pages of records withheld in full, the Court concurs that any non-exempt portions are so intertwined with exempt portions that no portion can be disclosed.

## III. CONCLUSION

The BOP adequately explains its reasons for withholding records in part or in full under FOIA Exemptions 6 and 7(C), and establishes that all segregable information has been released. It demonstrates that there is no genuine issue of material fact in dispute as to the its compliance with the FOIA, as well as its entitlement to judgment as a matter of law. Accordingly, the Court will grant Defendant's renewed motion for summary judgment. A memorializing Order accompanies this Memorandum Opinion.


DATE: January 27, 2010                          _____/s/_____
                                                ROSEMARY M. COLLYER
                                                United States District Judge